UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

PROGRESSIVE NORTHERN INSURANCE
COMPANY,

                Plaintiff,

vs.

DANIEL BELTEMPO, FRANCINE BELTEMPO,
PAMJAM, INC., JILCO EQUIPMENT LEASING
COMPANY, INC., DANA'S PRO TRUCKING
INC., TRAILMOBILE CORP., TRAILMOBILE
PARTS AND SERVICE CORP., THERMO KING
CORP., INGERSOLL-RAND CO., LTD., and
THERMO KING CORP., A UNIT OF
INGERSOLL-RAND COMPANY LTD.,

                Defendants.

---

Civil Action No. 07-CV-4033 (CS)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

                                  SCHINDEL FARMAN, LIPSIUS,
                                     GARDNER & RABINOVICH, L.L.P
                                14 Penn Plaza, Suite 500
                                New York, New York 10122
                                (212) 563-1710
                                Attorneys for Plaintiff

PHILIP A. BRAMSON, ESQ.
    Of Counsel and on the Brief

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

STATEMENT OF UNDISPUTED FACTS ........................................................................ 1

    The Loss and the Underlying Action .......................................................................... 1

    The Progressive Policy ................................................................................................ 3

ARGUMENT

POINT I

    PAMJAM IS NOT ENTITLED TO COVERAGE BECAUSE IT FAILED TO GIVE TIMELY NOTICE OF THE LOSS TO PROGRESSIVE ................................................ 4

POINT II

    COVERAGE IS BARRED UNDER THE EMPLOYEE EXCLUSION .......................... 5

CONCLUSION ..................................................................................................................... 6

# TABLE OF AUTHORITIES

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986) ............................................................. 4

*Bassuk Bros., Inc. v. Utica First Insurance Co.*
1 A.D.3d 470, 768 N.Y.S.2d 479 (2 Dept.2003) ..................................................................... 5

*Deso v. London & Lancashire Indemnity Co.*
3 N.Y.2d 127, 143 N.E.2d 889, 164 N.Y.S.2d 689 (1957) ....................................................... 5

*Franklin v. Stillwater Hydro Partners, L.P.*
255 A.D.2d 998, 679 N.Y.S.2d 494 (4th Dept.1998) ............................................................... 5

*Haas Tobacco Co. v. American Fidelity Co.*
226 N.Y. 343, 123 N.E. 755 (1919) ......................................................................................... 5

*Lake Carmel Fire Department, Inc. v. Utica First Insurance Co.*
784 N.Y.S.2d 921 (N.Y. Sup. Ct. 2004) .................................................................................. 5

*Matsushita Electrical Industrial. Co. v. Zenith Radio Corp.*
475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986) ........................................................... 4

*Moleon v. Kreisler Borg Florman General Construction Co.*
304 A.D.2d 337, 758 N.Y.S.2d 621 (1st Dept.2003) ............................................................... 5

*Rushing v. Commercial Casualty Insurance Co.*
251 N.Y. 302, 167 N.E. 450 (1928) ......................................................................................... 5

*Security Mutual Insurance Co. of New York v. Acker-Fitzsimons Corp.*
31 N.Y.2d 436, 293 N.E.2d 76, 340 N.Y.S.2d 902 (1972) ....................................................... 4

*State Insurance Fund v. Utica First Insurance Co.*
25 A.D.3d 388, 807 N.Y.S.2d 351 (1st Dept. 2006) ................................................................ 5

*Unigard Security v North River Insurance Co.*
79 N.Y.2d 576, 584 N.Y.S.2d 290, 594 N.E.2d 571 (1992) ..................................................... 4

*White Plains School District Board of Education v. Merchants Mutual Insurance Co.*
225 A.D.2d 541, 639 N.Y.S.2d 431 (2d Dept.1996) ................................................................ 6

**Fed. R. Civ. P.** 56(c) ............................................................................................................... 4

Plaintiff Progressive Northern Insurance Company ("Progressive") brings the present motion for summary judgment, seeking this Court's declaration that a motor vehicle liability policy issued to defendant PamJam Inc. ("PamJam") provides no liability coverage for the third-party claims asserted against PamJam by defendant Dana's Pro Trucking Inc. ("Dana's") in an action which is pending in the Supreme Court of the State of New York, Orange County. As set out in greater detail below, PamJam is not entitled to coverage because PamJam failed to give Progressive prompt notice of the loss, and because the Progressive policy expressly excludes coverage for bodily injury to an employee of PamJam.

## STATEMENT OF UNDISPUTED FACTS

### The Loss and the Underlying Action

1. This matter arises out of injuries allegedly incurred by defendant Daniel Beltempo ("Beltempo") in an accident on January 21, 2005 (the "accident"). *See* complaint in *Beltempo v. Dana's Pro Trucking, Inc., et al*, pending in the Supreme Court of the State of New York, Orange County, Index Number 7209-2005 (the "Underlying Action").[1]

2. Beltempo brought an action for damages arising out of the accident on October 4, 2005, against Dana's, as well as other defendants. *Id.*

3. Paragraph 37 of the complaint in the Underlying Action asserts that Beltempo was injured in course and scope of employment by PamJam. *Id.*

4. The complaint alleges further that Beltempo was injured when he fell from a Thermo King unit SB-III SR+ 9116 Type Refrigeration Unit trailer owned by Dana's. *Id.*

5. PamJam was not named as a defendant in the Underlying Action. *Id.*

---

[1] A copy of the complaint in the Underlying Action is attached to the Certification of Philip A. Bramson, dated August 15, 2008 (hereinafter, "Bramson Cert."), as Exhibit "A."

1

6. Progressive's first notice of the accident came from a February 28, 2006, letter, in which Northland Insurance Company ("Northland") tendered the defense of its named insured, Dana's, in the Underlying Action to Progressive. *See* Certification of Steven L. Momon, dated August 14, 2008 (hereinafter "Momon Cert."), at ¶ 3.

7. On March 9, 2006, Progressive wrote to PamJam, advising that the matter was being investigated under a reservation of rights. *See* Momon Cert. at ¶ 4.

8. On March 19, 2006, Progressive sent letters to PamJam and to Northland, denying coverage for the loss. *See* Momon Cert. at ¶ 4.

9. On April 14, 2006, Dana's filed a third-party complaint filed in the Underlying Action against PamJam. *See* Third-Party Complaint, dated April 14, 2006.[2]

10. Paragraphs 14 and 15 of the third-party complaint asserted that Beltempo was injured in course and scope of employment by PamJam. *Id.*

11. The third-party complaint asserted that, if Dana's is found liable to Beltempo for damages in the Underlying Action, PamJam must indemnify Dana's against such liability. PamJam did not forward a copy of the third-party complaint to Progressive. *Id.*

12. Progressive first received notice of the third-party action against PamJam on or about August 28, 2006. *See* Momon Cert. at ¶ 7.

13. On October 26, 2006, Progressive wrote to PamJam, with copies to counsel for Beltempo and counsel for Dana's, disclaiming coverage for any liability arising out of the third-party action. *See* Momon Cert. at ¶ 8.

14. On April 16, 2007, Progressive commenced the present declaratory judgment action in the Supreme Court of the State of New York, Orange County.

---

[2] A copy of the Third-Party Complaint is attached to Bramson Cert. as Exhibit "B."

15.  On May 23, 2007, Dana's removed the declaratory judgment action to this Court.

**<u>The Progressive Policy</u>**

16.  Progressive issued motor vehicle liability insurance policy number 02121657-1 to PamJam (the "Progressive policy"), which was in effect from May 4, 2004 through May 5, 2005.[3]

17.  The Progressive policy provides the following express conditions for coverage:

YOUR DUTIES IN CASE OF AN ACCIDENT OR LOSS

Notice of Accident or Loss

In the event of an accident or loss, report it to us as soon as practicable by calling our toll-free claims reporting number 1-800-274-4499. The report should give the time, place and circumstances of the accident or loss, including the names and addresses of any injured persons and witnesses, and the license plates of the vehicles involved.
...
All accidents or losses should be reported even if an insured person is not at fault.

Other Duties

Any person claiming coverage under this Policy must:
...
4. promptly send us any and all legal papers received relating to any claim or lawsuit;
...

18.  The Progressive policy also contains the following express exclusion:

EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, AN INSURED WILL NOT HAVE COVERAGE FOR AN ACCIDENT OR LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS PART I - LIABILITY TO OTHERS.

Coverage under this PART I and our duty to defend does not apply to:
...
6. Bodily injury to an employee of an insured, or a spouse, child, parent, brother or sister of that employee, arising out of or within the course of employment, except with respect to a domestic employee if benefits are neither paid nor required to be provided under any Workers' Compensation, disability benefits or other similar law. This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

---

[3] A copy of the Progressive policy is attached to Bramson Cert. as Exhibit "C."

## ARGUMENT

### POINT I

### PAMJAM IS NOT ENTITLED TO COVERAGE BECAUSE IT FAILED TO GIVE TIMELY NOTICE OF THE LOSS TO PROGRESSIVE.

Summary judgment will be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." **Fed. R. Civ. P.** 56(c); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Accordingly, the court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The undisputed facts in this case demonstrate that Progressive is entitled to judgment as a matter of law. The Progressive policy provides that, as a condition of liability coverage, an insured must give Progressive notice of a loss as soon as practicable. An insured must also promptly send Progressive any and all legal papers received relating to any claim or lawsuit.

The loss at issue occurred on January 21, 2005. PamJam, Progressive's insured, did not give Progressive notice of the loss at any time. Progressive did not learn of the loss until on or about February 28, 2006, over a year later, when it received a letter from Northland. PamJam also never forwarded to Progressive a copy of the third-party complaint filed by Dana's.

New York recognizes the insurer's right to deny coverage for the insured's breach of the notice provision, even in the absence of prejudice to the insurer. *Unigard Security v North River Ins. Co.*, 79 N.Y.2d 576, 582, 584 N.Y.S.2d 290, 292, 594 N.E.2d 571, 573 (1992) (under the no prejudice rule, "the notice provision operates as a condition precedent and . . . the insurer need not show prejudice to rely on the defense of late notice."); *Security Mut. Ins. Co. of N.Y. v. Acker-Fitzsimons Corp.*, 31 N.Y.2d 436, 293 N.E.2d 76, 340 N.Y.S.2d 902 (1972) ("Absent a valid excuse,

a failure to satisfy the notice requirement vitiates the policy . . . , and the insurer need not show prejudice before it can assert the defense of noncompliance."). Relatively short periods of unexcused delay may be unreasonable as a matter of law. *See, e.g., Deso v. London & Lancashire Indem. Co.*, 3 N.Y.2d 127, 143 N.E.2d 889, 164 N.Y.S.2d 689 (1957) (51 days); *Rushing v. Commercial Casualty Ins. Co.*, 251 N.Y. 302, 167 N.E. 450 (1928) (22 days); *Haas Tobacco Co. v. American Fidelity Co.*, 226 N.Y. 343, 123 N.E. 755 (1919) (10 days).

Since PamJam failed to meet the policy's express condition of timely notice of the loss, PamJam is not entitled to coverage for any liability arising out of the accident or the Underlying Action.

## POINT II

### COVERAGE IS BARRED UNDER THE EMPLOYEE EXCLUSION.

The Progressive policy provides, unambiguously and on its face, that it provides no coverage for liability arising out of "[b]odily injury to an employee of an insured ... arising out of or within the course of employment." The Beltempo complaint in the Underlying Action states expressly that Beltempo was injured while in the course and scope of his employment by PamJam. The Dana's third-party complaint in the Underlying Action states expressly that Beltempo was injured while in the course and scope of his employment with PamJam. Any liability faced by PamJam as a result of the Underlying Action, therefore, falls squarely within the exclusionary language.

It is settled law that the employee exclusion is enforceable in New York. *State Ins. Fund v. Utica First Ins. Co.*, 25 A.D.3d 388, 807 N.Y.S.2d 351 (1st Dept. 2006); *Bassuk Bros., Inc. v. Utica First Ins. Co.*, 1 A.D.3d 470, 768 N.Y.S.2d 479 (2 Dept.2003); *Moleon v. Kreisler Borg Florman General Const. Co.*, 304 A.D.2d 337, 758 N.Y.S.2d 621 (1st Dept.2003); *Lake Carmel Fire Dept., Inc. v. Utica First Ins. Co.*, 784 N.Y.S.2d 921 (N.Y.Sup.Ct. 2004); *Franklin v. Stillwater Hydro*

*Partners, L.P.*, 255 A.D.2d 998, 679 N.Y.S.2d 494 (4th Dept.1998); *White Plains Sch. Dist. Bd. of Educ. v. Merchants Mut. Ins. Co.*, 225 A.D.2d 541, 639 N.Y.S.2d 431 (2d Dept.1996). Since the claims against PamJam arise from bodily injury to a PamJam employee, the Progressive policy provides no liability coverage to PamJam against those claims.

## CONCLUSION

For all of the above reasons, Progressive submits respectfully that it is entitled to summary judgment, declaring that Progressive has no duty to defend or indemnify PamJam against any claim for damages arising out of the accident or the Underlying Action.

Dated: August 15, 2008
      New York, New York

                                    Respectfully submitted

                                    SCHINDEL FARMAN, LIPSIUS,
                                     GARDNER & RABINOVICH, L.L.P

                                    By: _/s/ Philip A. Bramson_____
                                        Philip A. Bramson (PB0054)
                                  14 Penn Plaza, Suite 500
                                  New York, New York 10122
                                  (212) 563-1710
                                  Attorneys for Plaintiff