**Exhibit B**

050 266
JK/gar

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------X
DANIEL BELTEMPO and FRANCINE BELTEMPO,

                Plaintiffs,

    -against-                          Index =: 7209'05

DANA'S PRO TRUCKING, INC., TRAILMOBILE
CORPORATION, TRAILMOBILE PARTS & SERVICE
CORPORATION, THERMO KING CORPORATION,
INGERSOLL-RAND COMPANY LIMITED, THERMO
KING CORPORATION, a unit of INGERSOL-RAND
COMPANY LIMITED,

                Defendants.
----------------------------------------X    THIRD-PARTY
DANA'S PRO TRUCKING, INC.,                    COMPLAINT

              Third-Party Plaintiff,

    -against-                          Index =: TP-1 7209-5

PAMJAM, INC. and JILCO EQUIPMENT LEASING
CO., INC.,

              Third-Party Defendants.
----------------------------------------X

    The defendant/third-party plaintiff, DANA'S PRO TRUCKING, INC., by its attorneys, LAW OFFICE OF PATRICK COLLIGAN, as and for a third-party complaint against the above-named third-party defendants, PAMJAM, INC. and JILCO EQUIPMENT LEASING CO., INC., alleges upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

    FIRST: That at all times hereinafter mentioned, the third-party plaintiff, DANA'S PRO TRUCKING, INC., was and still is a domestic corporation duly organized and

existing under and by virtue of the laws of the State of New York.

SECOND: That at all times hereinafter mentioned, the third-party defendant, PAMJAM, INC., (hereinafter referred to as "PAMJAM"), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

THIRD: That at all times hereinafter mentioned, the third-party defendant, "PAMJAM", was and still is a foreign corporation authorized to do business in the State of New York and actually doing business within the State of New York.

FOURTH: That at all times hereinafter mentioned, the third-party defendant, "PAMJAM", was and still is a partnership existing under and by virtue of the laws of the State of New York and having its business offices therein.

FIFTH: That at all times hereinafter mentioned, the third-party defendant, "PAMJAM", was and still is a sole proprietorship duly authorized to do business in the State of New York.

SIXTH: That at all times hereinafter mentioned, the third-party defendant, "PAMJAM", was and still is licensed to do business within the State of New York.

SEVENTH: That at all times hereinafter mentioned, the third-party defendant, JILCO EQUIPMENT LEASING CO., INC., (hereinafter referred to as "JILCO"), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

EIGHTH: That at all times hereinafter mentioned, the third-party defendant, "JILCO", was and still is a foreign corporation authorized to do business in the State of New York and actually doing business within the State of New York.

000383

NINTH: That at all times hereinafter mentioned the third-party defendant, "JILCO", was and still is a Delaware corporation authorized to do business in the State of New York.

TENTH: That at all times hereinafter mentioned the third-party defendant, "JILCO", was and still is a New Jersey corporation authorized to do business in the State of New York.

ELEVENTH: That at all times hereinafter mentioned the third-party defendant, "JILCO", was and still is licensed to do business within the State of New York.

TWELFTH: That it is alleged in the plaintiffs' verified complaint, a copy of which is annexed hereto and a part of hereof, that on the 21st day of January, 2005, the plaintiff, DANIEL BELTEMPO, was allegedly injured while on the steps of a trailer in order to repair the refrigeration unit and was caused to fall.

THIRTEENTH: Annexed hereto and made a part hereof is the answer of the third-party plaintiff as defendant to the complaint of the plaintiffs.

FOURTEENTH: That at all times hereinafter mentioned and at all times mentioned in the plaintiffs' complaint, the plaintiff, DANIEL BELTEMPO, was an employee of third-party defendant, "PAMJAM".

FIFTEENTH: That at all times hereinafter mentioned and at all times referred to in the plaintiffs' complaint, the plaintiff, DANIEL BELTEMPO, was acting within the scope of his employment for the third-party defendant, "PAMJAM".

SIXTEENTH: That the injuries plaintiff alleges to have sustained are defined as "grave" pursuant to the Workers' Compensation Reform Act of 1996.

SEVENTEENTH: That in the event the injuries sustained by the plaintiff are

found to be "grave" as defined by the Workers' Compensation Reform Act of 1996, the ~~third-party plaintiff is entitled to~~ common law contribution and/or indemnification from ~~the third-party defendant, "PAMJAM".~~

EIGHTEENTH: That at all times hereinafter mentioned and at all times and places referred to in the plaintiffs' complaint, the third-party defendant, "PAMJAM", was under a duty and obligation both at common law and by statute to provide the plaintiff with a safe place in which to work and was under a further duty to provide proper equipment and to adequately supervise, caution and warn the plaintiff.

NINETEENTH: That if the plaintiff was caused to sustain any injuries and/or damages at the time and place set forth in the plaintiffs' complaint due to any negligence or carelessness other than the plaintiff's own negligence or carelessness any such damages were occasioned by reason of the carelessness, recklessness and negligent acts both of omission and/or commission and by breach of duty both at common law and by statute by the third-party defendant, "PAMJAM", and if there is any verdict or judgment recovered by the plaintiffs against the defendant/third-party plaintiff, it will be damaged thereby and the third-party defendant will be liable to the third-party plaintiff and will be bound to indemnify the third-party plaintiff for the full amount of any judgment or recovery obtained by plaintiffs against the third-party plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION

TWENTIETH: That the third-party plaintiff, repeats and reiterates each and every allegation designated "FIRST" through "NINETEENTH" herein with the same force and effect as though the same were herein fully set forth at length.

TWENTY-FIRST: That if the plaintiffs were caused to sustain damages as alleged in the plaintiffs' complaint through any negligence or carelessness other than the plaintiffs' own negligence or carelessness, such damages were sustained in whole or in part by reason of the carelessness, recklessness and negligent acts both of omission

and/or commission and by breach of duty both at common law and by statute by the third-party defendant, "PAMJAM", and if there is any verdict or judgment recovered by the plaintiffs against the third-party plaintiff it will be damaged thereby and the third-party defendant, "PAMJAM", will be liable to the third-party plaintiff in whole or in part and will be bound to indemnify the third-party plaintiff in whole or in part including contribution.

## AS AND FOR A THIRD CAUSE OF ACTION

TWENTY-SECOND: That the third-party plaintiff, repeats and reiterates each and every allegation designated "FIRST" through "TWENTY-FIRST" herein with the same force and effect as though the same were herein fully set forth at length.

TWENTY-THIRD: That at all times mentioned herein, the third-party defendant, "JILCO", was engaged, among other things, in the business of the sale, rental, leasing, servicing and repair of refrigerated trailers.

TWENTY-FOURTH: That at all times mentioned herein, "JILCO", leased, serviced and repaired the refrigerated trailer complained of and as such, violated the legal duty to exercise care to prevent harm to the plaintiff.

TWENTY-FIFTH: That at all times hereinafter mentioned and at all times and places referred to in the plaintiffs' complaint, the third-party defendant, "JILCO", was under a duty and obligation both at common law and by statute to provide the plaintiff with a safe refrigerated trailer.

TWENTY-SIXTH: That if the plaintiff was caused to sustain any injuries and/or damages at the time and place set forth in the plaintiffs' complaint due to any negligence or carelessness other than the plaintiffs' own negligence or carelessness any such damages were occasioned by reason of the carelessness, recklessness and negligent acts both of omission and/or commission and by breach of duty both at common law and by

statute by the third-party defendant, "JILCO", and if there is any verdict or judgment recovered by the plaintiffs against the defendant/third-party plaintiff, it will be damaged thereby and the third-party defendant will be liable to the third-party plaintiff and will be bound to indemnify the third-party plaintiff for the full amount of any judgment or recovery obtained by plaintiffs against the third-party plaintiff.

## AS AND FOR A FOURTH CAUSE OF ACTION

TWENTY-SEVENTH: That the third-party plaintiff, repeats and reiterates each and every allegation designated "FIRST" through "TWENTY-SIXTH" herein with the same force and effect as though the same were herein fully set forth at length.

TWENTY-EIGHTH: That if the plaintiffs were caused to sustain injuries and/or damages as alleged in the plaintiffs' complaint through any negligence or carelessness other than the plaintiffs' own negligence or carelessness, such damages were sustained in whole or in part by reason of the carelessness, recklessness and negligent acts both of omission and/or commission and by breach of duty both at common law and by statute by the third-party defendant, "JILCO", and if there is any verdict or judgment recovered by the plaintiffs against the third-party plaintiff it will be damaged thereby and the third-party defendant, "JILCO", will be liable to the third-party plaintiff in whole or in part and will be bound to indemnify the third-party plaintiff in whole or in part including contribution.

TWENTY-NINTH: That by reason of the foregoing, the third-party defendant, "JILCO", will be liable to the third-party plaintiff in the event and in the full amount of a recovery herein by the plaintiffs, or for that proportion thereof caused by the relative responsibility of the third-party defendant, and the third-party defendant is bound to pay any and all attorneys' fees and costs of investigations and disbursements.

WHEREFORE, the defendant/third-party plaintiff, , demands judgment dismissing the plaintiff's complaint together with the costs and disbursements of this action, and in

the event that any judgment is rendered against the defendant/third-party plaintiff, that it will have judgment over and against the third-party defendants in the same amount or in such proportionate amounts as the third-party defendant's acts and or omissions contributed thereto, in accordance with provisions of Civil Practice Law and Rules, together with the costs and disbursements of this action.

Dated:   White Plains, New York
         April 14, 2006

BY: JON KOLBRENER
LAW OFFICE OF PATRICK COLLIGAN
Attorneys for Defendant/Third-Party Plaintiff
DANA'S PRO TRUCKING, INC.
701 Westchester Avenue, Suite 101W
White Plains, New York 10604
(914) 285-8500

TO:   PAMJAM, INC.
      Third-Party Defendant
      57 Plains Road
      Walden, New York 12586

      JILCO EQUIPMENT LEASING CO., INC.
      Third-Party Defendant
      377 Half Acre Road
      Cranberry, New Jersey 08512

      BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C.
      Attorneys for Plaintiffs
      14 Penn Plaza, Suite 2208
      New York, New York 10122
      (212) 564-3555

      LAW OFFICE OF LORI D. FISHMAN
      Attorneys for Defendants
      TRAILMOBILE CORPORATION and
      TRAILMOBILE PARTS & SERVICE CORPORATION
      303 South Broadway, Suite 435
      Tarrytown, New York 10591
      (914) 524-5600

000388

PORZIO, BROMBERG & NEWMAN, P.C.
Attorneys for Defendants
THERMO KING CORPORATION and
INGERSOLL-RAND COMPANY LIMITED
156 West 56th Street, Suite 803
New York, New York 10019-3800
(212) 265-6888