**Exhibit C**

*PROGRESSIVE®*

JOY INSURANCE AGENCY
639 E MAIN ST
MIDDLETOWN, NY 10940

Named Insured:

PAMJAM INC
57 PLAINS RD
WALDEN, NY 12586

**Policy number: 02121657-1**
Progressive Northern Insurance Company
May 5, 2005
Policy Period: May 4, 2004 - May 4, 2005
Page 1 of 4

**personal.progressive.com**
Make payments, check billing activity or check
status of a claim.

**845-342-4888**
**JOY INSURANCE AGENCY**
Contact your agent during business hours.

**800-444-4487**
For policy service and claims service,
24 hours a day, 7 days a week.

# Commercial Auto
# Insurance Coverage Summary
## This is your Declarations Page
## Your coverage has changed

Your coverage began on May 4, 2004 at 12:01 a.m. This policy expires on May 4, 2005 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for an auto may not be combined with the limits for the same coverage on another auto, unless the policy contract allows the stacking of limits. The policy contract is form 1050 (11-94). The contract is modified by forms 6222 (05/96), 6077 (01/00), 1197 (10/95), 6204 (01/96), 1716 (01/00), 1792C (01/96), 4761 (12/02), 9810 (09/96), 3628 (01/97), 1349 (10/95), 1630 (10/95), 9698 (03/98), 8470 (04/98), 1602 (08/83), 1198 (08/93) and 1857 (03/96).

The named insured organization type is a corporation.

## SEE ENCLOSURE FOR SUPPLEMENTAL SPOUSAL LIABILITY INSURANCE NOTICE

### Supplementary Uninsured/Underinsured Motorist: (SUM)

The maximum amount payable under SUM coverage shall be the policy's SUM limits reduced and thus offset by motor vehicle bodily injury liability insurance policy or bond payments received from, or on behalf of, any negligent party involved in the accident, as specified in the SUM endorsement.

### Policy changes effective April 14, 2005

| | |
|---|---|
| Premium change: | -$89.00 |
| Changes: | The auto coverage schedule for this policy has changed. |

The changes shown above will not be effective prior to the time the changes were requested.

Form 6489 NY (05/02)


Continued

Policy number: 02121657-1
PAMJAM INC
Page 2  of 4

## Outline of coverage

| Description | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others-Incl Supplemental Spousal | | | $20,396 |
|   Bodily Injury And Property Damage Liability | $1,000,000 combined single limit | | |
| Supplementary Uninsured/Underinsured Motorist | $50,000 each person/$100,000 each accident | | 200 |
| Mandatory Personal Injury Protection | | | 695 |
|   Without Full Workers Compensation Set Off | $50,000 each person | $0 | |
|   Death Benefit | $2,000 | | |
|   Maximum Monthly Work Loss | $2,000 | | |
|   Other Reasonable and Necessary Expenses | $25 each day | | |
| Aggregate No-Fault Benefits Available | $50,000 | | |
| Additional PIP - Out of State Guest | Rejected | | -- |
| Additional PIP - Full | Rejected | | -- |
| Optional Basic Economic Loss | Rejected | | -- |
| Fire And Theft With Combined Additional Coverage | | | 541 |
|   See Schedule Of Covered Autos | Limit of liability less deductible | | |
| Collision | | | 2,066 |
|   See Schedule Of Covered Autos | Limit of liability less deductible | | |
| **Subtotal policy premium** | | | **$23,898** |
| Motor Vehicle Law Enforcement Fee | | | 10 |
| Fees | | | 75 |
| **Total 12 month policy premium** | | | **$23,983** |

## Rated drivers

1. JAMES SLAUGHTER ...............................................
2. JOSEPH DIMARTINO ...............................................

## Auto coverage schedule

1.  **1998 Frht Fld**
    VIN:  1FUYDSEB3WL916555

    Stated Amount:  $22,500
    Garaging Zip Code:  12586      Radius:  200

| Liability Premium | Liability | Supp UM/UIM | PIP | | |
|---|---|---|---|---|---|
| | $7,478 | $100 | $320 | | |

| Physical Damage Premium | Ft/Cac Deductible | Ft/Cac Premium | Collision Deductible | Collision Premium | Auto Total |
|---|---|---|---|---|---|
| | $1,000 | $205 | $1,000 | $789 | **$8,892** |

2.  **1996 Wabash Trailer**
    VIN:  1JJE532S1TL377275

    Stated Amount:  $17,000
    Garaging Zip Code:  12586      Radius:  200

| Liability Premium | Liability | PIP | | |
|---|---|---|---|---|
| | $2,490 | $32 | | |

| Physical Damage Premium | Ft/Cac Deductible | Ft/Cac Premium | Collision Deductible | Collision Premium | Auto Total |
|---|---|---|---|---|---|
| | $1,000 | $154 | $1,000 | $596 | **$3,272** |



Continued

000884

Policy number: 02121657-1
PAMJAM INC
Page 3 of 4

**3.  1995 Kenworth W90**
VIN:  2XKWDR9XXSM649527

Stated Amount:  $20,000
Garaging Zip Code:  12586   Radius:  200

| Liability Premium | Liability | Supp UM/UIM | PIP | | | Auto Total |
|---|---|---|---|---|---|---|
| | $7,252 | $100 | $311 | | | |

| Physical Damage Premium | Fr/Cac Deductible | Fr/Cac Premium | Collision Deductible | Collision Premium | | Auto Total |
|---|---|---|---|---|---|---|
| | $1,000 | $182 | $1,000 | $681 | | $8,526 |

**4.  NON Owned Attached Trlr \***
VIN:  NONE

Garaging Zip Code:  12586   Radius:  200

| Liability Premium | Liability | PIP | Auto Total |
|---|---|---|---|
| | $3,176 | $32 | $3,208 |

\* Non-Owned trailer but only while attached to a listed power unit specifically described on the declarations page

## Premium discounts

| Policy | |
|---|---|
| 02121657-1 | Renewal |

| Vehicle | |
|---|---|
| 1995 Kenworth W90 | Amber Lights |

## Lienholder information

We will send certain notices such as coverage summaries and cancellation notices to the following:

| 1 . | Lienholder | Auto 2 | WELLS FARGO FNCL
PO BOX 4943 SYRACUSE, NY 13221
1996 Wabash Trailer (1JJE532S1TL377275) |
|---|---|---|---|

## Additional Interest information

We will send certain notices such as coverage summaries and cancellation notices to the following:

| 1 . | Additional Interest | WELLS FARGO FINANCI
PO BOX 4943 SYRACUSE, NY 13221 |
|---|---|---|
| 2 . | Additional Interest | DAVID PLOTKIN
401 S WATER ST NEWBURGH, NY 12550 |


Continued

000885

Policy number: 02121657-1
PAMJAM INC
Page 4 of 4

## SUPPLEMENTAL SPOUSAL LIABILITY COVERAGE ("SSL")

New York State law requires that upon written request of an insured, and upon payment of the premium, an insurer issuing or delivering a policy that satisfies the requirements of Article 6 of the New York Vehicle and Traffic Law shall provide Supplemental Spousal Liability Insurance coverage. At this time, Supplemental Spousal Liability Insurance coverage will be included within your bodily injury liability coverage at no additional premium charge.

Supplemental Spousal Liability Insurance provides bodily injury liability coverage under a motor vehicle insurance policy to cover the liability of an insured spouse because of the death of or injury to his or her spouse, even where the injured spouse must prove the culpable conduct of the insured spouse.

This coverage is included within the policy's bodily injury liability limits and does not increase the amount of those limits. For example:

Insured's bodily injury policy coverage limit: $100,000/$300,000

Insured's bodily injury damage claim paid to spouse: $75,000

Insured's bodily injury policy coverage limit available to all other claimants subject to a maximum of $100,000 per person: $225,000

This example assumes the spouse and other claimants involved in the accident have a right to sue the insured for economic loss or for non-economic loss (i.e., pain and suffering) sustained as a result of a "serious injury" as defined in Section 5102 (d), as amended, of the Insurance Law. It must also have been shown that there was negligence on the part of the insured.

## New York Motor Vehicle Law Enforcement Fee

The New York Motor Vehicle Law Enforcement Fee is required by law and is used to fund activities relating to the detection, prosecution, or reduction of auto thefts.

Form 6489 NY (05/02)

*1050 1194*





# COMMERCIAL
# AUTO POLICY

Form No. 1050 (11-94)

© 1995 The Progressive Corporation. All Rights Reserved.

## WE'RE HERE FOR YOU!

Our Immediate Response®

claims service

and 24 Hour Policy Service

are available 24 hours a day,

7 days a week.

To report a claim, call:

**1-800-274-4499**

For policy service, call:

**1-800-444-4487**

000888

# INDEX OF POLICY PROVISIONS

**PAGE**

YOUR DUTIES IN CASE OF
ACCIDENT OR LOSS . . . . . . . . . . . . . . . . . . . . . .1
    Notice of Accident or Loss . . . . . . . . . . . . . . .1
    Other Duties . . . . . . . . . . . . . . . . . . . . . . . . . .1

GENERAL DEFINITIONS . . . . . . . . . . . . . . . . . .3

ADDITIONAL PREMIUM AGREEMENT . . . . . . . . .8

PART I - LIABILITY TO OTHERS . . . . . . . . . . . .9
    Coverage A - Bodily Injury . . . . . . . . . . . . . . .9
    Coverage B - Property Damage . . . . . . . . . . .9
    Additional Definitions . . . . . . . . . . . . . . . . . .10
    Additional Payments . . . . . . . . . . . . . . . . . .10
    Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . .11
    Limit of Liability . . . . . . . . . . . . . . . . . . . . . .16
    Coverage Required by Filings . . . . . . . . . . . .16
    Other Insurance . . . . . . . . . . . . . . . . . . . . . .18

PART II - EXPENSES FOR MEDICAL
SERVICES TO INSUREDS . . . . . . . . . . . . . . . .19
    Coverage C - Medical Payments . . . . . . . . . .19
    Additional Definitions . . . . . . . . . . . . . . . . . .19
    Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . .20
    Limit of Liability . . . . . . . . . . . . . . . . . . . . . .21
    Other Insurance . . . . . . . . . . . . . . . . . . . . . .22

PART III - DAMAGE TO YOUR AUTO . . . . . . . . .22
    Coverage D - Comprehensive . . . . . . . . . . . .22
    Coverage E - Collision . . . . . . . . . . . . . . . . .23
    Coverage F - Fire and Theft with
       Combined Additional Coverage (CAC) . . . .23
    Additional Definitions . . . . . . . . . . . . . . . . . .24
    Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . .24
    Limit of Liability . . . . . . . . . . . . . . . . . . . . . .26
    No Benefit to Bailee . . . . . . . . . . . . . . . . . . .27
    Appraisal . . . . . . . . . . . . . . . . . . . . . . . . . . .27
    Payment of Loss . . . . . . . . . . . . . . . . . . . . .28
    Other Insurance . . . . . . . . . . . . . . . . . . . . . .29

## INDEX OF POLICY PROVISIONS (CONT'D)

**PAGE**

**PART IV - GENERAL PROVISIONS** . . . . . . . . . .29
    Policy Period . . . . . . . . . . . . . . . . . . . . . . . .29
    Changes . . . . . . . . . . . . . . . . . . . . . . . . .29
    Two or More Autos Insured . . . . . . . . . . . . .29
    Suit Against Us . . . . . . . . . . . . . . . . . . . . .29
    Our Recovery Rights . . . . . . . . . . . . . . . . . .30
    Assignment . . . . . . . . . . . . . . . . . . . . . . . .30
    Waiver . . . . . . . . . . . . . . . . . . . . . . . . . . .31
    Bankruptcy . . . . . . . . . . . . . . . . . . . . . . . .31
    Inspection and Audit . . . . . . . . . . . . . . . . . .31
    Fraud and Misrepresentation . . . . . . . . . . . .31
    Terms of Policy Conformed to Statutes . . . . .32

**CANCELLATION OF THIS POLICY** . . . . . . . . . .32

**NONRENEWAL OF THIS POLICY** . . . . . . . . . . .33

000890

## POLICY AGREEMENT

If **you** pay **your** premium when due, **we** agree to insure **you**, based upon the warranties and representations made by **you** in **your** application, subject to all of the terms of this Policy including all applicable endorsements attached to this Policy and shown in the Declarations. The Declarations and **your** application are a part of this Policy.

---

## YOUR DUTIES IN CASE OF AN ACCIDENT OR LOSS

### Notice of Accident or Loss

In the event of an **accident** or **loss**, report it to **us** as soon as practicable by calling **our** toll-free claims reporting number 1-800-274-4499. The report should give the time, place and circumstances of the **accident** or **loss**, including the names and addresses of any injured persons and witnesses, and the license plates of the vehicles involved.

**You** should also notify the police within twenty-four (24) hours or as soon as practicable if:
a.  a hit-and-run **auto** is involved; or
b.  theft or vandalism has occurred.

All **accidents** or **losses** should be reported even if an insured person is not at fault.

### Other Duties

Any person claiming coverage under this Policy must:

1.  cooperate with and assist **us** in any matter concerning a claim or lawsuit;

2.  provide any sworn or written proof of **loss** that **we** require before payment of a **loss**;

3.  provide **us** with signed or recorded statements under oath as often as **we** may reasonably require;

1

4. promptly send **us** any and all legal papers received relating to any claim or lawsuit;

5. attend hearings and trials as **we** require;

6. submit to medical examination at **our** expense by doctors **we** select as often as **we** may reasonably require;

7. authorize **us** to obtain medical and other records which **we** deem appropriate;

8. authorize **us** access to **your** business or personal records as often as **we** deem necessary;

9. provide **us** with written notice of any legal action which such person has undertaken in regard to the **accident** for which coverage is sought;

10. assume no obligation, make no payment or incur no expense without **our** consent, except at **your** own cost;

11. convey title to and possession of the damaged, destroyed, or stolen property to **us** if **our** payment is based on a total loss or constructive total loss of the property; a constructive total loss occurs when the cost of repairs exceeds the lesser of the **actual cash value** of the damaged property immediately before the **loss**, or the limit of liability of the damaged property as indicated in the Policy.

In addition to the above, a person claiming coverage under PART III - DAMAGE TO YOUR AUTO must:

1. take reasonable steps after a **loss** to protect the **insured auto** and its equipment from further **loss**, provided that **we** shall pay reasonable expenses incurred in providing that protection, provided further that if **you** fail to do so, any further damages will not be covered under this Policy.

2

2. keep a record of **your** expenses for consideration in the settlement of a claim.

3. report the theft or vandalism of the **insured auto** to the police within twenty-four (24) hours of the **accident**;

4. allow **us** to inspect and appraise the **insured auto** before repair or disposal.

### GENERAL DEFINITIONS

The following words and phrases have special meaning when used in bold throughout this Policy and in the endorsements unless specifically modified.

1. "**We**", "**us**" and "**our**" mean the Company providing this insurance as shown in the Declarations.

2. "**You**" and "**your**" mean:

   a. if the policy is issued in the name of an individual, the person shown in the Declarations as the named insured; or

   b. the organization shown in the Declarations as the named insured.

3. "**Bodily injury**" means physical injury to or sickness, disease or death of any person. **Bodily injury** does not include harm, sickness, disease or death arising out of a medically defined communicable disease contracted by any person, nor the exposure of such a disease by any person to any other person.

4. "**Property damage**" means damage to or destruction of tangible property, including loss of its use.

5. "**Auto**" means a land motor vehicle or **trailer** designed for travel on public roads. It does not include **mobile equipment**.

3

6. "Trailer" includes a semi-trailer and any piece of equipment used to convert a semi-trailer to a full trailer while it is attached to the semi-trailer.

7. "Mobile equipment" means any of the following types of equipment, including but not limited to any attached machinery:

   a. Equipment such as: Bulldozers, power shovels, cranes, rollers, booms, winches, graders, diggers, mixers, compressors, generators, drills, welders, pumps, farm implements and machinery, forklifts, shredders or other similar specialized equipment.

   b. Vehicles you use solely on premises you own or rent and on accesses to public roads from these premises, unless listed in the declarations of this policy and not defined as mobile equipment under other parts of this definition.

   c. Any vehicle designed for customary use off public roads or those which do not require licensing in the state in which you live or your business is licensed.

   d. Vehicles, whether self-propelled or not, used primarily to provide mobility to permanently attached equipment including, but not limited to: Air compressors, pumps, generators, spraying, welding, cleaning, lighting, geophysical exploration and well servicing equipment, cherry pickers or other devices used to raise or lower workers, snow removal equipment, or road maintenance equipment.

   e. Vehicles used primarily for purposes other than transportation of persons

4

or cargo. However, self-propelled vehicles with permanently attached equipment listed below are not mobile equipment but will be considered autos:

   1) Snow removal, road maintenance and street cleaning equipment.

8. "Accident" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes bodily injury or property damage and arises out of the ownership, maintenance or use of your insured auto.

9. "Your insured auto" or "insured auto" means:

   a. Any auto described in the Declarations or any replacement auto. The same coverages and limits will apply to the replacement auto as applied to the auto being replaced, until you notify us. You must, however, notify us within 30 days of replacement for coverage to continue to apply. Once ownership in the original auto is transferred or it becomes permanently inoperable, this policy no longer applies to it.

   b. Any additional auto of which you acquire ownership during the policy period provided that: 1) if the auto is used in your business, we must insure all other autos you own and that have been used in your business, and 2) if the auto is not used in your business, we must insure all other autos you own. The same coverages and limits will apply to the additionally acquired auto as apply to your other autos on the policy, except that:

5

000893

1) For coverage to apply to the additional **auto** under PART I - LIABILITY TO OTHERS and PART II - EXPENSES FOR MEDICAL SERVICES TO IN-SUREDS, **you** must notify **us** within 30 days of its acquisition. If **you** have not notified **us** of an additional **auto** and an **accident** occurs within 30 days of **your** acquisition, only those coverages and limits for Parts I and II shown in **your** most current declarations will apply.

2) For coverage to apply to the additional **auto** under PART III - DAMAGE TO YOUR AUTO, **you** must have notified **us** of the **auto** prior to any **accident** or **loss**.

c. Any **non-owned auto** while **you** or an employee of **yours** is temporarily driving it as a substitute for any other **auto** described in this definition because of its withdrawal from normal use for a period of not greater than 30 days without notification to **us** due to breakdown, repair, servicing, **loss**, or destruction. Coverage for PART III - DAMAGE TO YOUR AUTO does not apply to these temporary substitute **autos**.

d. **Trailers** designed primarily for travel on public roads, even if such **trailers** are not shown in the Declarations, but only while upon a public road and connected to **your insured auto**. However, no coverage shall be provided for a **trailer** under PART III - DAMAGE TO YOUR AUTO, unless the appropriate premium has been paid for that coverage for such **trailer**.

e. **Mobile equipment**, even if not shown in the Declarations, but only if it is permanently attached to **your insured auto** and **your insured auto** is in transit on a public roadway.

10. "**Replacement auto**" means any **auto** which **you** have acquired ownership of during the current policy term that has taken the place of an **auto** described in the Declarations due to:

a. termination of **your** ownership of the **auto** described in the Declarations; or

b. mechanical breakdown, deterioration or loss of the **auto** described in the Declarations, rendering it permanently inoperable.

11. "**Non-owned auto**" means any **auto** which is:

a. not owned by or registered to **you**, **your** nonresident spouse or a resident of the household in which **you** reside;

b. not hired, owned by or borrowed from **your** employees or members of their households; or

c. Not hired by **you** or an employee of **yours**, and if **you** are a person, not hired by a resident of the household in which **you** reside unless it is specifically listed on the policy Declarations.

12. "**Occupying**" means in, on, getting into, getting off, or getting out of.

13. "**State**" means the District of Columbia and any state, territory or possession of the United States and any province of Canada.

14. "**Relative**" means, if **you** are a person, any other person living in the household

6

7

in which **you** reside who is related to **you** by blood, marriage or adoption, including a ward or foster child.

15. "**Loss**" means sudden, direct and accidental destruction of, theft or damage to **your insured auto**.

16. "**Actual cash value**" means the amount it would cost to replace the stolen or damaged property with property of like kind and quality. In the event replacement property of like kind and quality is unavailable, allowances can be made for the difference in value between the replacement and damaged property.

17. "**Pollutants**" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

## ADDITIONAL PREMIUM AGREEMENT

**You** acknowledge that the premium for each term of **your** Policy is determined by information in **our** possession at the inception date of the Policy period. Any change in this information during the period which would affect the rating of **your** Policy gives **us** the right to make an additional charge on a pro-rata basis. In addition, **you** have a duty to inform **us** of any such change.

1. If a premium adjustment is necessary because of an error made by **us** or **our** agent, **we** shall:

   a. Notify **you** of the nature of the error and the amount of additional premium required; and

   b. Offer to cancel the policy pro rata based on the original (incorrect) premium for the period for which coverage was provided, or

8

c. Offer to continue the policy for its full term with the correct premium applying for the entire term.

2. If the premium revision results from erroneous or incomplete information supplied by **you** or on **your** behalf, **we** shall:

   a. Correct the premium or rate retroactive to the inception date of the policy; and

   b. Notify **you** of the reason for the amount of the change. If **you** are not willing to pay the additional premium billed, within ten (10) days of **our** demand for such premium, **you** may cancel the policy by not paying the additional premium. **We** will notify **you** of the date such cancellation becomes effective and compute any return premium based on the correct premium.

3. In the event **we** discover that additional premium is due when **we** adjust a claim under PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS or PART III - DAMAGE TO YOUR INSURED AUTO, **you** agree that such premium may be deducted from the amount of payment otherwise due under such Parts if such payment is to benefit **you** either directly or indirectly.

Nothing contained in this section will limit **our** right to void this policy for breach of warranty or misrepresentation of any information by **you**.

## PART I - LIABILITY TO OTHERS

Coverage A - Bodily Injury
Coverage B - Property Damage

**We** will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for which an **insured** is legally liable because of an **accident**.

9

We will defend any lawsuit for damages which are payable under this Policy or settle any claim for those damages as we think appropriate. We have no duty to settle or defend any lawsuit or make any additional payments after we have paid or offered to pay the Limit of Liability for this coverage.

**Additional Definitions Used in this Part Only:**

When used in PART I - LIABILITY TO OTHERS, "Insured" means:

1. **You;**

2. Any additional-driver listed on your policy but only while driving **your insured auto;**

3. Any other person driving **your insured auto** with **your** permission and within the scope of that permission;

4. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this PART I - LIABILITY TO OTHERS while driving **your insured auto.**

However, the owner or anyone else from whom **you** hire or borrow **your insured auto** is an **insured** with respect to that **auto** only if it is a **trailer** connected to an **insured auto.**

**Additional Payments**

For an **insured**, we will pay, in addition to **our** Limit of Liability:

1. interest, on damages not exceeding **our** Limit of Liability, accruing after entry of judgment in any lawsuit **we** defend before **we** have paid or tendered payment of that portion of the judgment which does not exceed **our** Limit of Liability;

2. premiums on appeal bonds and attachment bonds required in any lawsuit **we** defend, provided that **we** will not pay the premium for attachment bonds that are more than **our** Limit of Liability, and **we** have no duty to apply for or furnish these bonds;

3. up to $250 for a bail bond required because of an **accident** or traffic law violation arising out of the use of **your insured auto**, but **we** have no duty to apply for or furnish such a bond;

4. reasonable expenses, except loss of earnings, incurred at **our** request;

5. reasonable expenses, up to $1,000, incurred by an **insured** for immediate medical or surgical relief to others necessary at the time of an **accident** resulting in **bodily injury** covered by this PART I - LIABILITY TO OTHERS provided that such expenses are not due to war;

6. all costs **we** incur in any settlement of any claim.

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, AN INSURED WILL NOT HAVE COVERAGE FOR AN ACCIDENT OR LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS PART I - LIABILITY TO OTHERS.**

Coverage under this **PART I** and **our** duty to defend does not apply to:

1. **Bodily injury** and **property damage** either expected or caused intentionally by or at the direction of an **insured.**

2. Any liability assumed by an **insured** under any contract or agreement, including liability imposed upon an **insured** by statute arising from the **insured's** sponsorship of a minor for an operator's license.

10

11

3. Any obligation assumed or expense incurred by any person claiming coverage under this Policy other than for emergency medical and surgical care imperative at the time of the **accident**.

4. Any obligation for which an **insured** or the insurer of that **insured**, even if one does not exist, may be held liable under Workers' Compensation, unemployment compensation, or disability benefits law or any similar law.

5. An **accident** for which any person is insured under nuclear energy liability insurance. This exclusion applies even if the limits of that insurance are exhausted.

6. **Bodily injury** to an employee of an **insured**, or a spouse, child, parent, brother or sister of that employee, arising out of or within the course of employment, except with respect to a domestic employee if benefits are neither paid nor required to be provided under any Workers' Compensation, disability benefits or other similar law. This exclusion applies whether the **insured** may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

7. **Bodily injury** to a fellow employee of an **insured** injured while within the course of their employment, except for injuries for which the **insured** is legally liable.

8. **Bodily injury** or **property damage** involving an **auto** while being operated, used or maintained by any person when employed or engaged in the business of selling, repairing, parking, storing, servicing, or while delivering, testing, road testing, parking or storing **autos**, unless the business is **your** business, and it was warranted in **your** application.

12

9. **Property damage** to any property owned by, rented to, being transported by, used by, or in the charge of an **insured**, including any motor vehicle operated or being towed.

10. **Bodily injury** or **property damage** resulting from or caused by the loading or unloading of property with any device other than a hand truck.

11. **Bodily injury** or **property damage** resulting from or caused by the loading or unloading of property with a hand truck before the property is placed in or upon the **insured auto** or after it has been removed from the **insured auto**.

12. **Bodily injury** or **property damage** resulting from anyone who is not **your** employee loading or unloading an **auto**.

13. **Bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of any **pollutants**:

   a. That are, or that are contained in any property that is:

      1) Being transported or towed by, or handled for movement into, onto or from, the **insured auto**;

      2) Otherwise being transported by or on behalf of the **insured**; or

      3) Being stored, disposed of, treated or processed in or upon the **insured auto**;

   b. Before the **pollutants** or any property in which the **pollutants** are contained are moved from the place where they are accepted by the **insured** for movement into or onto the **insured auto**; or

13

000897

c.  After the **pollutants** or any property in which the **pollutants** are contained are moved from the **insured auto** to the place where they are finally delivered, disposed of or abandoned by the **insured**.

Paragraph a. does not apply to fuels, lubricants, fluids, exhaust gasses or other similar **pollutants** that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the **insured auto** or its parts, if:

(1)  The **pollutants** escape or are discharged, dispersed or released directly from an **insured auto** part designed by its manufacturer to hold, store, receive or dispose of such **pollutants** and is a part that would be required for the customary operation of the **insured auto**; and

(2)  The **bodily injury** or **property damage** does not arise out of the operation of any **mobile equipment**.

Paragraphs b. and c. of this exclusion do not apply to **accidents** that occur away from premises owned by or rented to an **insured** with respect to **pollutants** not in or upon an **insured auto** if:

a.  The **pollutants** or any property in which the **pollutants** are contained are upset, overturned or damaged as a result of the maintenance or use of an **insured auto**; and

b.  The discharge, dispersal, release or escape of the **pollutants** is caused directly by such upset, overturn or damage.

14.  Any loss, cost or expense arising out of any governmental direction or request that **you** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **pollutants**.

14

15.  **Bodily injury** to **you** or an **insured**.

16.  **Bodily injury** or **property damage** arising out of **you** or an **insured** participating in or preparing for an organized race, speed contest or performance contest.

17.  **Bodily injury** or **property damage** due to war (declared or undeclared), civil war, insurrection, rebellion, revolution, or to any act or condition incident to these.

18.  Any obligation for which the United States Government is liable under Federal Tort Claim Act.

19.  **Bodily injury** or **property damage** resulting from the delivery of any liquid into the wrong receptacle or the wrong address, or from the delivery of one liquid in place of another.

20.  **Bodily injury** or **property damage** resulting from the explosion or discharge of Class A and B explosives, poisonous gas, liquid gas, compressed gas, or radioactive material and all other materials and/or commodities as listed in the Motor Carrier Act of 1980 (49 CFR 173, 172.101, 173.389, 171.389, 171.8), manufactured, sold, transported, handled or distributed by an **insured**.

21.  **Bodily injury** or **property damage** occurring outside any territory or possession of the United States and any province of Canada, or while an **auto** is being transported between their ports.

22.  **Bodily injury** or **property damage** if **your insured auto** or a **non-owned auto** is attached to a **trailer** with load capacity in excess of two thousand (2,000) pounds if it is not listed in the Declarations and it:

a.  is owned by **you** or **your** employee; or

15

000898

b. has been hired or borrowed by **you** or **your** employee for more than 60 consecutive calendar days.

23. **Bodily injury** or **property damage** caused by or through the ownership, use or operation of any **mobile equipment** or other apparatus attached to or pulled by **your insured auto** except while **your insured auto** is in transit on a public roadway.

24. **Bodily injury** or **property damage** arising out of the operation of **your insured auto** by any driver not meeting legal age requirements to operate a vehicle in the **state** shown in the declarations.

**Limit of Liability**

Regardless of the number of **insured autos**, separate premiums paid, **insureds**, claims made, vehicles involved or lawsuits brought, **we** will pay no more than the Limit of Liability shown for this coverage in the Declarations, subject to the following:

1. **COVERAGE REQUIRED BY FILINGS:**

   If **we** are required by any applicable filing which **we** have made on **your** behalf to provide coverage not otherwise provided by this policy under this PART I - LIABILITY TO OTHERS, to any person or organization, the coverage provided hereunder for such person shall be the minimum coverage required by law. If **we** are required to make any payment under this policy that would not have been made except for the certification, **you** must reimburse **us**.

2. **COMBINED BODILY INJURY AND PROPERTY DAMAGE LIMITS:**

   Subject to Section 1 above, if **your** Declarations indicates that combined **bodily injury** and **property damage** lim-

its apply, the most **we** will pay for the aggregate of all damages resulting from any one **accident** is the combined liability insurance limit shown in the Declarations.

3. **SEPARATE BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY LIMITS:**

   Subject to Section 1 above, if **your** Declarations indicates that Separate **Bodily Injury** Liability and **Property Damage** Liability Limits apply:

   a. The **bodily injury** liability limit for "each person" listed on the Declarations page is the maximum **we** will pay for **bodily injury** sustained by any one person in any one **accident**, and only the limit for "each person" will apply to the aggregate of claims made for such **bodily injury** and any and all claims derived from such **bodily injury** including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium and wrongful death.

   b. Subject to the **bodily injury** liability limit for "each person", the **bodily injury** limit for "each accident" listed on the Declarations Page is the maximum **we** will pay for **bodily injury** sustained by two or more persons in any one **accident**, including all derivative claims which include, but are not limited to, loss of society, loss of companionship, loss of services, loss of consortium and wrongful death.

   c. The **property damage** liability limit for "each accident" listed on the Declarations page is the maximum **we** will pay for all **property damage** sustained in any one **accident**.

For the purpose of determining **our** Limit of Liability under sections 1, 2, or 3 above, all **bod-**

16

17

ily injury and property damage resulting from continuous or repeated exposure to substantially the same conditions shall be considered as resulting from one accident.

An insured auto and a trailer or trailers attached thereto shall be deemed to be one auto as respects our Limit of Liability.

Any amount payable under PART I - LIABILITY TO OTHERS to or for an injured person will be reduced by any payment made to that person under any UNINSURED MOTORIST COVERAGE, UNDERINSURED MOTORIST COVERAGE, PERSONAL INJURY PROTECTION OR EXPENSES FOR MEDICAL SERVICES TO INSUREDS coverages of this policy.

## Other Insurance

Subject to the above, if there is other applicable liability insurance for an accident covered by this PART I - LIABILITY TO OTHERS for a replacement auto, an additional auto or a non-owned auto used as a temporary substitute auto, coverage under this Policy will be excess to all other applicable insurance.

This coverage is primary when your insured auto which is a trailer is attached to an insured auto you own and is excess while attached to a motor vehicle you do not own.

If there is other applicable liability insurance for an accident covered by this PART I - LIABILITY TO OTHERS, we will pay the proportionate share our Limit of Liability bears to the total of all applicable liability limits.

If coverage under more than one policy applies as excess:

1. the total limits of liability under such excess coverages shall not exceed the difference between the limit of liability of the primary coverage and the highest limit of liability of any one of the excess coverages; and

2. the difference between the limit of liability of the primary coverage and the highest limit of liability of any one of the excess coverages shall be referred to as the excess amount; and

3. we shall be liable only for that percent of the excess amount that the Limit of Liability under this PART I - LIABILITY TO OTHERS bears to the total of all limits of liability for coverages applicable as excess.

If any applicable insurance other than this policy is issued by us and is applicable to a covered accident, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

---

## PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS

### Coverage C - Medical Payments

If you purchase this coverage and it is shown on the Declarations page, we will pay medical expenses incurred by an insured caused by an accident.

### Additional Definitions as used in this Part only:

"Insured" means any person occupying your insured auto while it is being driven by you or anyone with your permission and within the scope of that permission.

"Medical expenses" means reasonable, necessary and curative medical, surgical, dental, x-ray, ambulance, hospital and funeral services, including the cost of pharmaceuticals, orthopedic and prosthetic devices, incurred within one (1) year of the date of accident.

"Accident" means a sudden, unexpected and unintended event that causes bodily injury.

18

19

**EXCLUSIONS - PLEASE READ THE EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, AN INSURED WILL NOT HAVE COVERAGE FOR AN ACCIDENT THAT OTHERWISE WOULD BE COVERED UNDER THIS POLICY.**

This coverage does not apply for **bodily injury** to any person:

1. Occurring during the course of employment if Workers' Compensation coverage should apply.

2. Caused by war (declared or undeclared), civil war, insurrection, rebellion, revolution, nuclear reaction, radiation or radioactive contamination, or any consequence of any of these.

3. Caused while the **insured** is committing or attempting to commit a felony, or while the **insured** is involved in an illegal occupation. This exclusion does not apply when the felony is solely a violation of a Motor Vehicle Law.

4. Caused by the operation of **your insured auto** by any driver not meeting legal age requirements to operate a vehicle in the **state** shown in the declarations.

5. Sustained while **your insured auto** is driven in or preparing for any pre-arranged or organized race, speed contest or performance contest.

6. Sustained by any person while **occupying your insured auto** while it is being used or maintained by a person when employed or engaged in the business of selling, repairing, parking, storing, servicing, delivering or while testing, road testing, parking or storing **autos.**

7. To any person entitled to receive similar services from the United States Government or its military services.

8. Sustained in any **accident** which occurs outside any **state.**

9. Sustained while using or **occupying** a **non-owned auto** or a temporary substitute **auto.**

## Limit of Liability

**Our** Limit of Liability for payments provided under this PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS for covered **medical expenses** incurred by one or more persons in any one **accident** shall not exceed the amount stated in the Declarations for each **accident.** Regardless of the number of **insured autos**, premiums paid, **insureds** injured, claims made, policies applicable, or vehicles involved in any one **accident, we** shall pay no more than the Limit of Liability shown for this coverage on the Declarations page for any one **accident.**

The limit for funeral expenses shall not exceed $1,500 per person, subject to the maximum per accident limit of liability listed on the Declarations page for this coverage.

**We** will not be liable under this Policy for any **medical expense** paid or payable under the provisions of any:

1. Workers' Compensation or disability benefits law or any similar law; or

2. State No-Fault Law requiring personal injury protection coverage; or

3. premises insurance providing coverage for medical expenses; or

4. individual, blanket, or group accident, disability or hospitalization; or

5. medical, surgical, hospital or funeral services, benefit or reimbursement plan.

Any amount paid or payable under PART I - LIABILITY TO OTHERS or the UNINSURED

000901

MOTORIST COVERAGE OR UNDERINSURED MOTORIST COVERAGE of this policy shall be deducted from the amounts payable under this PART II if the **insured** has been fully compensated for his/her injuries.

### Other Insurance

If there is other applicable medical payment insurance for **medical expenses** covered by this PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS, **we** shall pay the proportionate share **our** Limit of Liability bears to the total of all applicable medical payments limits. HOWEVER, COVERAGE AFFORDED UNDER PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS OTHER THAN **YOU** OR A **RELATIVE** IS EXCESS OVER SUCH OTHER APPLICABLE MEDICAL PAYMENT INSURANCE, AND IS THEN AFFORDED ONLY IN THE AMOUNT BY WHICH THE LIMIT OF LIABILITY UNDER THIS PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS EXCEEDS THE LIMIT OF LIABILITY OF OTHER MEDICAL PAYMENTS INSURANCE AVAILABLE TO SUCH PERSON.

If any applicable insurance other than this policy is issued by **us**, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

---

### PART III - DAMAGE TO YOUR AUTO

### Coverage D - Comprehensive

If **you** pay a specific premium for Comprehensive coverage, as shown in the Declarations, **we** will pay for **loss** to **your insured auto**, less any applicable deductible, caused by means other than are covered under **Coverage E - Collision**. Any deductible amount shall apply separately to each **loss**.

Any **loss** caused by missiles, falling objects, fire, theft, collision with an animal or accidental glass breakage shall be deemed a **Comprehensive loss**.

22

### Coverage E - Collision

If **you** pay a specific premium for **Collision** coverage, as shown in the Declarations, **we** will pay for **loss** to **your insured auto**, less any applicable deductible, when it collides with another object or overturns. Any deductible amount shall apply separately to each **loss**.

### Coverage F - Fire and Theft with Combined Additional Coverage (CAC)

If **you** pay a specific premium for **Fire and Theft with Combined Additional Coverage (CAC)**, as shown in the Declarations, **we** will pay for **loss**, less any applicable deductibles, caused by:

1.  **fire;**

2.  **theft;**

3.  windstorms;

4.  hail;

5.  earthquakes;

6.  explosions;

7.  the forced landing or falling of any aircraft or its parts or equipment;

8.  flood or rising waters;

9.  malicious mischief or vandalism;

10. external discharge or leakage of water except **loss** resulting from rain, snow, or sleet whether or not wind driven; or

11. Collision with a bird or animal.

No **losses** other than those specifically described above will be covered under the terms of this Policy. Any deductible will apply separately to each **loss**.

23

000902

**Additional definitions used in this Part only:**

1. "Fire" means:

   a. fire or lightning, or

   b. smoke or smudge due to a sudden, unusual, and faulty operation of any fixed heating equipment serving the premises on which the **insured auto** is located, or

   c. the stranding, sinking, burning, collision, or derailment of any conveyance in or upon which the **insured auto** is being transported.

2. "Theft" means theft, larceny, robbery, or pilferage.

3. "**Your insured auto**" means any **auto** described on the Declarations page, including any permanently attached equipment included in the Limit of Liability shown on the Declarations or by endorsement attached to this Policy, or any **replacement auto**, if the **auto** being replaced previously had DAMAGE TO YOUR AUTO COVERAGE and **we** are notified within 30 days of acquisition of the **replacement auto**.

**EXCLUSIONS - PLEASE READ THE EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, YOU WILL NOT HAVE COVERAGE FOR A LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS POLICY.**

This coverage does not apply to **loss**:

1. Caused by war (declared or undeclared), any warlike action, any action taken to defend against an actual or expected attack, civil war or commotion, insurrection, rebellion, revolution, or nuclear contamination, regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**.

2. To any sound equipment, video equipment or transmitting equipment not permanently installed in **your insured auto**, or to tapes, records, or similar items used with sound equipment.

3. To radar detectors.

4. To camper units, pickup covers, caps or shells which are not permanently installed in **your insured auto.**

5. To tarpaulins, binders, chains, or any other cargo securing devices.

6. Resulting from manufacturer's defects, wear and tear, freezing, mechanical or electrical breakdown or failure. But, coverage does apply if the damage is the result of other **loss** covered by the Policy.

7. To **your insured auto** when it is in the care, custody or control of any person for the purpose of selling it.

8. To wearing apparel, tools, or personal effects.

9. While **your insured auto** is used in any illicit trade or transportation.

10. Due to use of **your insured auto** for transportation of any explosive substance, flammable liquid, or similarly hazardous material other than substances transported for common household usage.

11. Caused by **you** or an **insured** participating in or preparing for an organized race, speed contest or performance contest.

12. While **your insured auto** is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described on the Declarations.

000903

13. Due to **theft** or conversion of **your insured auto**:

    a. by **you**, a **relative** or a resident of **your** household or an employee;

    b. prior to its delivery to **you**; or

    c. while it is in the care, custody or control of anyone for the purpose of selling **your insured auto.**

14. To **your insured auto** while in anyone else's possession under a written trailer exchange agreement, provided that this exclusion shall not apply to a loss payee. If **we** pay the loss payee, **you** must reimburse **us** for payment.

15. To any **non-owned auto** or temporary substitute **auto.**

16. To any **trailer**, unless a premium has been paid for **DAMAGE TO YOUR AUTO COVERAGE** for the **trailer** involved in the **loss.**

### Limit of Liability

The most **we** will pay for **loss** to **your insured auto** is the least of:

1. the **actual cash value** of the stolen or damaged property at the time of **loss** reduced by the applicable deductible;

2. the amount necessary to repair or replace the property with other of like kind and quality reduced by the applicable deductible and subject to any other endorsement or policy provisions;

3. the applicable Limit of Liability shown in the Declarations or in the endorsements to this policy,

4. the amount necessary to repair or replace with new property, less any applicable depreciation and deductible.

26

When **we** determine **our** payment for **loss** to **your insured auto**, any salvage value of **your insured auto** as a result of **loss** may at **our** option be deducted from 1, 2, 3 or 4 above. If **we** pay the **actual cash value** of **your insured auto** or the limit of liability as stated within the policy, less the deductible, **we** are entitled to all salvage.

A separate deductible applies to each **insured auto** involved in the **loss.**

If **we** repair the property, **we** shall not be responsible for any diminution in value of the property caused by the **loss.** If repair or replacement of damaged property increases the overall value of **your insured auto**, **we** may deduct this amount from the repair cost.

If the Limit of Liability shown on the Declarations for the **insured auto** involved in the **loss** is less than 90% of the **actual cash value** at the time of **loss**, **you** will share with **us** in the cost of repair or replacement as follows:

1. **We** will pay the same proportion of the **loss** which the Limit of Liability shown in the Declarations or in the endorsements to this policy for **your insured auto** involved in the **loss** bears to the **actual cash value** of **your insured auto** at the time of **loss.**

2. **We** will reduce the amount of **loss** by the appropriate deductible shown in the Declarations prior to calculating the proportionate amount **we** will pay.

### No Benefit to Bailee

These coverages shall not directly or indirectly benefit any carrier or other bailee for hire liable for **loss** to **your insured auto.**

### Appraisal

If **we** cannot agree with **you** on the amount of **your loss**, then **you** or **we** may demand an appraisal of the **loss.** Each party shall appoint a competent and disinterested appraiser. If the

27

appraisers agree on the amount of the **loss**, they shall submit a written report to **us** and this shall be deemed to be the amount of the **loss**.

If the appraisers cannot agree within a reasonable time, they shall then choose a competent, impartial umpire, provided that if they cannot agree on an umpire within fifteen (15) days, either **you** or **we** may petition a judge of a court having jurisdiction to choose an umpire. The disagreement of the appraisers shall then be submitted to the umpire. Subject to the provisions of the Policy, a written agreement signed by two of these three will then be the amount of the **loss**.

**You** must pay **your** fees and expenses and those of **your** appraiser. **We** will pay **our** fees and expenses and those of **our** appraiser. **We** shall share evenly with **you**;

1.  payment of the umpire; and

2.  all other expenses of the appraisal.

By agreeing to appraisal, **we** do not waive any of **our** rights under any other part of this Policy, including **our** right to deny the claim.

### Payment of Loss

**We** may pay the **loss** in money or repair or replace the damaged or stolen property. **We** may, at any time before the **loss** is paid or the property is replaced, return, at **our** expense, any stolen property either to **you** or to the address shown on the declarations page, with payment for the resulting damage less any applicable deductibles. **We** may keep all or part of the property at the agreed or appraised value, but there shall be no abandonment to **us**.

**We** may make payment for a **loss** to **you** or the owner of the property. Payment for a **loss** is required only if **you** have fully complied with the terms of this Policy.

### Other Insurance

If there is other applicable insurance on a **loss** covered by this PART III - DAMAGE TO YOUR AUTO, **we** will pay the proportionate share **our** Limit of Liability bears to the total limits of all applicable similar insurance.

---

### PART IV - GENERAL PROVISIONS

1.  **Policy Period**

    Subject to other provisions in the policy, this Policy applies only to **accidents**, **losses** and occurrences during the Policy period shown in the Declarations.

2.  **Changes**

    This Policy with the Declarations includes all the agreements between **you** and **us** relating to this insurance. No change or waiver may be effected except by endorsement issued by **us**. It is **your** responsibility to notify **us** immediately of any changes to drivers or vehicles.

3.  **Two or More Autos Insured**

    With respect to any **accident** or occurrence to which this and any other Policy issued to **you** by **us** applies, the total limit of **our** liability under all the Policies shall not exceed the highest applicable Limit of Liability under any one Policy.

4.  **Suit Against Us**

    **We** may not be sued unless there is full compliance by **you** or an **insured** with all the terms of this Policy. **We** may not be sued under the PART I - LIABILITY TO OTHERS coverage until the obligation of an **insured** to pay is finally determined by judgment against the **insured** after actual trial or by written agreement of the **insured**, the claimant, and **us**.

28

29

5. **Our Recovery Rights**

In the event of any payment under this Policy, **we** are entitled to all the rights of recovery of the person or organization to whom payment was made. That person or organization must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights, and do nothing after **loss** or **accident** to harm **our** rights.

When a person has been paid damages by **us** under this Policy and also recovers from another, the amount recovered from the other shall be held in trust for **us** and reimbursed to **us** to the extent of **our** payment, provided that the person to or on behalf of whom such payment is made is fully compensated for their **loss**.

In the event recovery has already been made from the responsible party, any rights to recovery by the person(s) claiming coverage under this policy no longer exist.

6. **Assignment**

Interest in this Policy may not be assigned without **our** written consent. If the Policyholder named in the Declarations is a person and that person dies, the Policy will cover:

a. the survivor;

b. the legal representative of the deceased person while acting within the scope of duty of a legal representative; and

c. any person having proper custody of **your insured auto** until a legal representative is appointed, but in no event for more than thirty (30) days after the date of death.

30

7. **Waiver**

Notice to any agent or knowledge possessed by any agent or other person shall not change or effect a waiver on any portion of this Policy nor stop **us** from exerting any of **our** rights under this Policy.

8. **Bankruptcy**

**We** are not relieved of any obligation under this Policy because of the bankruptcy or insolvency of an **insured**.

9. **Inspection and Audit**

**We** shall have the right to inspect **your** property and operations at anytime. This includes, but is not limited to, the right to inspect and audit the maintenance of any **autos** covered hereunder, who **your** drivers are and what their driving records are, and **your** radius of operations. In doing so, **we** do not warrant that the property or operations are safe and healthful, or are in compliance with any law, rule or regulation.

**We** shall also have the right to examine and audit **your** books and records at any time during the Policy period and any extensions of that period and within three (3) years after termination of the Policy, as far as they relate to the subject matter of this insurance.

10. **Fraud and Misrepresentation**

This Policy shall be void if **you** or an **insured** has concealed or misrepresented any material fact, or in case of any fraud or attempted fraud touching any matter regarding this Policy, whether before or after a **loss** or **accident**.

31

11. **Terms of Policy Conformed to Statutes**

Terms of this Policy which are in conflict with the statutes of the **state** in which this Policy is issued are hereby amended to conform to the statutes.

---

## CANCELLATION OF THIS POLICY

1. **You** may cancel this policy by mailing or delivering to **us** advance written notice of cancellation or by not paying a premium installment when it comes due. The cancellation date can be no earlier than 12:01 a.m. on the day after **your** written request is postmarked.

2. If **you** cancel this policy by not paying a premium installment when it is due, **we** will provide **you** written notice of cancellation, at **your** last mailing address known to **us**, at least 10 days before the effective date of cancellation.

3. **We** may cancel this policy by mailing or delivering to **you** and **your** representative in charge of the subject of the insurance, if applicable, written notice of cancellation, including the actual reason for the cancellation, to the last mailing address known to **us**, at least 45 days before the effective date of cancellation, except as provided below.

4. **We** will also mail to any lienholder, pledgee or other person shown in this policy with a financial interest in **your insured auto**, at their last mailing address known to **us**, the same written notice of cancellation that **we** provide to **you**.

5. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

6. If this policy is canceled, **we** will send **you** any premium refund due. If **we** cancel, the refund will be pro rata. If **you** cancel, **we** will return 90% of the calculated pro-rata refund.

7. If notice is mailed, proof of mailing will be sufficient proof of notice.

---

### NONRENEWAL OF THIS POLICY

1. **We** may elect not to renew or continue this policy by mailing or delivering to **you** written notice before the end of the policy period including the actual reason for nonrenewal. If **we** fail to provide notice within 30 days of the end of the policy period, the policy will continue in effect until 30 days from the date of the notice. **You** will be responsible for any premiums due while the policy is in effect. If **we** offer to renew or continue and **you** do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that **you** have not accepted **our** offer.

2. If **we** fail to mail or deliver proper notice of nonrenewal and **you** obtain other insurance, this policy will end on the effective date of that insurance.


Secretary            President

32

33

000907



000908



## NEW YORK CHANGES

This endorsement amends **your** policy and the attachments that are a part of it. Please read them carefully.

**General Definitions** - item 7 is amended as follows:

7. **Mobile Equipment**

   **Mobile Equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

   a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

   b. Vehicles maintained for use solely on or next to premises **you** own or rent;

   c. Vehicles that travel on crawler treads;

   d. Vehicles, whether self-contained or not, maintained primarily to provide mobility to permanently mounted power cranes, shovels, loaders, diggers or drills or road construction or resurfacing equipment such as graders, scrapers or rollers.

   e. Vehicles not described in paragraphs a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

      1. air compressors, pumps and generators, including spraying, welding, building, cleaning, geophysical exploration, lighting and well servicing equipment; or

      2. cherry pickers and similar devices used to raise or lower workers.

   f. Vehicles not described in paragraphs a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **autos**:

      (1) Equipment designed primarily for:

         a) Snow removal;

         b) Road maintenance, but not construction or resurfacing; or

         c) Street cleaning.

      (2) Cherry pickers and similar devices mounted on automobile or chassis and used to raise or lower workers; and

      (3) Air compressors, pumps and generators, including cleaning, geophysical exploration, lighting or well servicing equipment.

   However, the operation of equipment described in paragraphs f.(2) and f.(3) above is considered operation of **mobile equipment** and not operation of an **auto.**

**Part I - Liability To Others** - paragraph (3), page (7) is amended to read:

"**We** will defend any lawsuit for damages which are payable under this policy and settle any claim for those damages **we** think appropriate.

**Our** duty to defend or settle ends when the Liability To Others coverage Limit of Insurance has been exhausted by payment of judgments or settlements."

**Part I - Liability To Others** - page (8), exclusion (6) is amended to read as follows:

"**Bodily Injury** to an employee of the **insured** arising out of and in the course of employment by the **insured.**

This exclusion does not apply to **Bodily Injury** to domestic employees not entitled to Workers' Compensation benefits or to liability assumed by the **insured** under contract."

**Part I - Liability To Others** - exclusions 8, 10-20, 23, and 24 are deleted.

**Part I - Liability To Others** - page (12), paragraph (3) is deleted.

000909

**Part II - Expenses For Medical Services To Insureds** - Exclusions, paragraph (1) is amended to read as follows:

"This paragraph does not apply to **bodily injury.**"

**Part II - Expenses For Medical Services To Insureds** - page (15), paragraph (1) is deleted.

**Part III - Damage To Your Auto** - page (17), item (14) is deleted.

**Part III - Damage To Your Auto** - the **Limit of Liability** section is amended to read as follows:

"The most **we** will pay for **loss** in any one **accident** is the lesser of:

1.  the **actual cash value** of the damaged or stolen property as of the time of the **loss;** or

2.  the cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

For each **insured auto our** obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the declarations."

**Part IV - General Provisions** - page (21), item (10), Fraud and Misrepresentation, is amended to read as follows:

"Upon discovery of fraud or material misrepresentation in the obtaining of this policy or in the presentation of a claim under it, **we** may cancel the policy by giving appropriate notice."

## ATTACHMENTS

If applicable to **your** policy, the following attachments are amended as indicated:

**Garagekeepers Legal Liability,** Form 6870 (10-95) - the Limit of Liability section is amended to read as follows:

"Regardless of the number of **insured autos**, separate premiums paid, **insureds**, claims made, vehicles involved or lawsuits brought, the most **we** will pay for the aggregate of all damages resulting from any one **accident** is the Limit of Liability shown in the declarations for this coverage, minus any applicable deductible shown in the declarations. If **we** pay all or any part of the deductible to settle a claim or suit, **you** must reimburse **us** for the deductible or that portion of the deductible **we** have paid."

**On-Hook Towing Endorsement,** Form 8449 (10-95) - exclusion (12) is amended to read as follows:

"Loss to video receiving equipment, telephones, scanning monitors, receivers, or televisions in a towed auto."

The Limit of Liability clause is amended to read:

"Regardless of the number of **insured autos**, separate premiums paid, **insureds**, claims made, vehicles involved or lawsuits brought, the most **we** will pay for the aggregate of all damages resulting from any one **accident**, after application of the deductible, is the limit of liability shown in the declarations for this coverage. If **we** pay all or any part of the deductible to settle a claim or suit, **you** must reimburse **us** for the deductible or that portion of the deductible **we** have paid."

000910

*1781 700 31*




COMMERCIAL VEHICLE INSURANCE

Important phone numbers on inside cover of this booklet.

# NEW YORK
# COMMERCIAL AUTO
# POLICY AGREEMENT

**PLEASE READ YOUR POLICY AGREEMENT CAREFULLY.** Provisions of this Agreement and its endorsements restrict coverage. Be certain you understand all of the coverage terms, the exclusions and your rights and duties.

This booklet contains Form No. 1050 (11-94) and a section of selected endorsements.

**All forms in the endorsement section may not pertain to your policy.** Please refer to your Declaration Page for form numbers associated with your policy. All other parts of the policy that have not been modified by an endorsement will remain unchanged.

Form No. 1781 (7/00) NY  CV PACKAGE
1197 (10-95), 1320 (11-95) NY, 1349 (10-95), 1629A (10-95) NY,
1630 (10-95) NY, 1635 (11-91), 1716 (10-95) NY, 1792C (1-96),
3628 (1-97), 6077 (1-00), 6204 (1-96), 6222 (5-96), 9810 (9-96)

© 2000 Progressive Casualty Insurance Company.  All rights reserved.

000911

## WE'RE HERE FOR YOU!

Our Immediate Response®

claims service

and 24 Hour Policy Service

are available 24 hours a day,

7 days a week.

To report a claim, call:

**1-800-274-4499**

For policy service, call:

**1-800-444-4487**

## INDEX OF POLICY PROVISIONS

**PAGE**

**YOUR DUTIES IN CASE OF
ACCIDENT OR LOSS** . . . . . . . . . . . . . . . . . . .1
    Notice of Accident or Loss . . . . . . . . . . . . . .1
    Other Duties . . . . . . . . . . . . . . . . . . . . . . . . .1

**GENERAL DEFINITIONS** . . . . . . . . . . . . . . . . . . .2

**ADDITIONAL PREMIUM AGREEMENT** . . . . . . . . .6

**PART I - LIABILITY TO OTHERS** . . . . . . . . . . . .6
    Coverage A - Bodily Injury . . . . . . . . . . . . . . .6
    Coverage B - Property Damage . . . . . . . . . . .6
    Additional Definitions . . . . . . . . . . . . . . . . . . .7
    Additional Payments . . . . . . . . . . . . . . . . . . .7
    Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . .8
    Limit of Liability . . . . . . . . . . . . . . . . . . . . . .11
    Coverage Required by Filings . . . . . . . . . . . .11
    Other Insurance . . . . . . . . . . . . . . . . . . . . . .12

**PART II - EXPENSES FOR MEDICAL
SERVICES TO INSUREDS** . . . . . . . . . . . . . . .13
    Coverage C - Medical Payments . . . . . . . . . .13
    Additional Definitions . . . . . . . . . . . . . . . . . .13
    Exclusions . . . . . . . . . . . . . . . . . . . . . . . . .13
    Limit of Liability . . . . . . . . . . . . . . . . . . . . . .14
    Other Insurance . . . . . . . . . . . . . . . . . . . . . .15

**PART III - DAMAGE TO YOUR AUTO** . . . . . . . . .15
    Coverage D - Comprehensive . . . . . . . . . . . .15
    Coverage E - Collision . . . . . . . . . . . . . . . . .15
    Coverage F - Fire and Theft with
        Combined Additional Coverage (CAC) . . . .15
    Additional Definitions . . . . . . . . . . . . . . . . . .16
    Exclusions . . . . . . . . . . . . . . . . . . . . . . . . .16
    Limit of Liability . . . . . . . . . . . . . . . . . . . . . .18
    No Benefit to Bailee . . . . . . . . . . . . . . . . . . .18
    Appraisal . . . . . . . . . . . . . . . . . . . . . . . . . . .18
    Payment of Loss . . . . . . . . . . . . . . . . . . . . .19
    Other Insurance . . . . . . . . . . . . . . . . . . . . . .19

## INDEX OF POLICY PROVISIONS (CONT'D)

PAGE

**PART IV - GENERAL PROVISIONS** . . . . . . . . . . . 19
- Policy Period . . . . . . . . . . . . . . . . . . . . . . . 19
- Changes . . . . . . . . . . . . . . . . . . . . . . . . . . 19
- Two or More Autos Insured . . . . . . . . . . . . . 20
- Suit Against Us . . . . . . . . . . . . . . . . . . . . . 20
- Our Recovery Rights . . . . . . . . . . . . . . . . . . 20
- Assignment . . . . . . . . . . . . . . . . . . . . . . . . 20
- Waiver . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
- Bankruptcy . . . . . . . . . . . . . . . . . . . . . . . . 21
- Inspection and Audit . . . . . . . . . . . . . . . . . . 21
- Fraud and Misrepresentation . . . . . . . . . . . . 21
- Terms of Policy Conformed to Statutes . . . . . 21

**CANCELLATION OF THIS POLICY** . . . . . . . . . . 21

**NONRENEWAL OF THIS POLICY** . . . . . . . . . . . 22

### POLICY AGREEMENT

**If** you pay **your** premium when due, we agree to insure **you,** based upon the warranties and representations made by **you** in **your** application, subject to all of the terms of this Policy including all applicable endorsements attached to this Policy and shown in the Declarations. The Declarations and **your** application are a part of this Policy.

### YOUR DUTIES IN CASE OF AN ACCIDENT OR LOSS

**Notice of Accident or Loss**

In the event of an **accident** or **loss**, report it to **us** as soon as practicable by calling **our** toll-free claims reporting number 1-800-274-4499. The report should give the time, place and circumstances of the **accident** or **loss**, including the names and addresses of any injured persons and witnesses, and the license plates of the vehicles involved.

**You** should also notify the police within twenty-four (24) hours or as soon as practicable if:

a.    a hit-and-run **auto** is involved; or

b.    theft or vandalism has occurred.

All **accidents** or **losses** should be reported even if an insured person is not at fault.

**Other Duties**

Any person claiming coverage under this Policy must:

1.    cooperate with and assist **us** in any matter concerning a claim or lawsuit;

2.    provide any sworn or written proof of **loss** that we require before payment of a **loss**;

3.    provide **us** with signed or recorded statements under oath as often as **we** may reasonably require;

4.    promptly send **us** any and all **legal** papers received relating to any claim or lawsuit;

5.    attend hearings and trials as **we** require;

6.    submit to medical examination at **our** expense by doctors **we** select as often as **we** may reasonably require;

7.    authorize **us** to obtain medical and other records which **we** deem appropriate;

8.    authorize **us** access to **your** business or personal records as often as **we** deem necessary;

9.    provide **us** with written notice of any legal action which such person has undertaken in regard to the **accident** for which coverage is sought;

1

000913

10. assume no obligation, make no payment or incur no expense without **our** consent, except at **your** own cost;

11. convey title to and possession of the damaged, destroyed, or stolen property to **us** if **our** payment is based on a total loss or constructive total loss of the property; a constructive total loss occurs when the cost of repairs exceeds the lesser of the **actual cash value** of the damaged property immediately before the **loss**, or the limit of liability of the damaged property as indicated in the Policy.

In addition to the above, a person claiming coverage under PART III - DAMAGE TO YOUR AUTO must:

1. take reasonable steps after a **loss** to protect the **insured auto** and its equipment from further **loss**, provided that **we** shall pay reasonable expenses incurred in providing that protection, provided further that if **you** fail to do so, any further damages will not be covered under this Policy.

2. keep a record of **your** expenses for consideration in the settlement of a claim.

3. report the theft or vandalism of the **insured auto** to the police within twenty-four (24) hours of the **accident**;

4. allow **us** to inspect and appraise the **insured auto** before repair or disposal.

## GENERAL DEFINITIONS

The following words and phrases have special meaning when used in bold throughout this Policy and in the endorsements unless specifically modified.

1. **"We"**, **"us"** and **"our"** mean the Company providing this insurance as shown in the Declarations.

2. **"You"** and **"your"** mean:

   a. if the policy is issued in the name of an individual, the person shown in the Declarations as the named insured; or

   b. the organization shown in the Declarations as the named insured.

3. **"Bodily injury"** means physical injury to or sickness, disease or death of any person. **Bodily injury** does not include harm, sickness, disease or death arising out of a medically defined communicable disease contracted by any person, nor the exposure of such a disease by any person to any other person.

4. **"Property damage"** means damage to or destruction of tangible property, including loss of its use.

5. **"Auto"** means a land motor vehicle or **trailer** designed for travel on public roads. It does not include **mobile equipment**.

6. **"Trailer"** includes a semi-trailer and any piece of equipment used to convert a semi-trailer to a full trailer while it is attached to the semi-trailer.

7. **"Mobile equipment"** means any of the following types of equipment, including but not limited to any attached machinery:

   a. Equipment such as: Bulldozers, power shovels, cranes, rollers, booms, winches, graders, diggers, mixers, compressors, generators, drills, welders, pumps, farm implements and machinery, forklifts, shredders or other similar specialized equipment.

   b. Vehicles **you** use solely on premises **you** own or rent and on accesses to public roads from these premises, unless listed in the declarations of this policy and not defined as **mobile equipment** under other parts of this definition.

   c. Any vehicle designed for customary use off public roads or those which do not require licensing in the state in which **you** live or **your** business is licensed.

   d. Vehicles, whether self-propelled or not, used primarily to provide mobility to permanently attached equipment including, but not limited to: Air compressors, pumps, generators, spraying, welding, cleaning, lighting, geophysical exploration and well servicing equipment, cherry pickers or other devices used to raise or lower workers, snow removal equipment, or road maintenance equipment.

   e. Vehicles used primarily for purposes other than transportation of persons or cargo. However, self-propelled vehicles with permanently attached equipment listed below are not **mobile equipment** but will be considered **autos**:

      1) Snow removal, road maintenance and street cleaning equipment.

8. **"Accident"** means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage** and arises out of the ownership, maintenance or use of **your insured auto**.

9. **"Your insured auto"** or **"insured auto"** means:

   a. Any **auto** described in the Declarations or any **replacement auto**. The same cover-

2

3

000914

ages and limits will apply to the **replacement auto** as applied to the **auto** being replaced, until **you** notify **us**. **You** must, however, notify **us** within 30 days of replacement for coverage to continue to apply. Once ownership in the original **auto** is transferred or it becomes permanently inoperable, this policy no longer applies to it.

b. Any additional **auto** of which **you** acquire ownership during the policy period provided that: 1) if the **auto** is used in **your** business, we must insure all other **autos you** own and that have been used in **your** business, and 2) if the **auto** is not used in **your** business, **we** must insure all other **autos you** own. The same coverages and limits will apply to the additionally acquired **auto** as apply to **your** other **autos** on the policy, except that:

   1) For coverage to apply to the additional **auto** under PART I - LIABILITY TO OTHERS and PART II - EXPENSES FOR MEDICAL SERVICES TO IN-SUREDS, **you** must notify **us** within 30 days of its acquisition. If you have not notified us of an additional **auto** and an accident occurs within 30 days of **your** acquisition, only those coverages and limits for Parts I and II shown in **your** most current declarations will apply.

   2) For coverage to apply to the additional **auto** under PART III - DAMAGE TO YOUR AUTO, **you** must have notified **us** of the **auto** prior to any **accident** or **loss**.

c. Any **non-owned auto** while **you** or an employee of **yours** is temporarily driving it as a substitute for any other **auto** described in this definition because of its withdrawal from normal use for a period of not greater than 30 days without notification to **us** due to breakdown, repair, servicing, **loss**, or destruction. Coverage for PART III - DAMAGE TO YOUR AUTO does not apply to these temporary substitute **autos**.

d. **Trailers** designed primarily for travel on public roads, even if such **trailers** are not shown in the Declarations, but only while upon a public road and connected to **your insured auto**. However, no coverage shall be provided for a **trailer** under PART III - DAMAGE TO YOUR AUTO, unless the appropriate premium has been paid for that coverage for such **trailer**.

e. **Mobile equipment**, even if not shown in the Declarations, but only if it is permanently attached to **your insured auto** and **your insured auto** is in transit on a public roadway.

10. "**Replacement auto**" means any **auto** which **you** have acquired ownership of during the current policy term that has taken the place of an **auto** described in the Declarations due to:

   a. termination of **your** ownership of the **auto** described in the Declarations; or

   b. mechanical breakdown, deterioration or loss of the **auto** described in the Declarations, rendering it permanently inoperable.

11. "**Non-owned auto**" means any **auto** which is:

   a. not owned by or registered to **you**, **your** non-resident spouse or a resident of the household in which **you** reside;

   b. not hired, owned by or borrowed from **your** employees or members of their households; or

   c. Not hired by **you** or an employee of **yours**, and if **you** are a person, not hired by a resident of the household in which **you** reside unless it is specifically listed on the policy Declarations.

12. "**Occupying**" means in, on, getting into, getting off, or getting out of.

13. "**State**" means the District of Columbia and any state, territory or possession of the United States and any province of Canada.

14. "**Relative**" means, if **you** are a person, any other person living in the household in which **you** reside who is related to **you** by blood, marriage or adoption, including a ward or foster child.

15. "**Loss**" means sudden, direct and accidental destruction of, theft or damage to **your insured auto**.

16. "**Actual cash value**" means the amount it would cost to replace the stolen or damaged property with property of like kind and quality. In the event replacement property of like kind and quality is unavailable, allowances can be made for the difference in value between the replacement and damaged property.

17. "**Pollutants**" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

4

5

## ADDITIONAL PREMIUM AGREEMENT

**You** acknowledge that the premium for each term of **your** Policy is determined by information in **our** possession at the inception date of the Policy period. Any change in this information during the period which would affect the rating of **your** Policy gives **us** the right to make an additional charge on a pro-rata basis. In addition, **you** have a duty to inform **us** of any such change.

1. If a premium adjustment is necessary because of an error made by **us** or **our** agent, **we** shall:

   a. Notify **you** of the nature of the error and the amount of additional premium required; and

   b. Offer to cancel the policy pro rata based on the original (incorrect) premium for the period for which coverage was provided, or

   c. Offer to continue the policy for its full term with the correct premium applying for the entire term.

2. If the premium revision results from erroneous or incomplete information supplied by **you** or on **your** behalf, **we** shall:

   a. Correct the premium or rate retroactive to the inception date of the policy; and

   b. Notify **you** of the reason for the amount of the change. If **you** are not willing to pay the additional premium billed, within ten (10) days of **our** demand for such premium, **you** may cancel the policy by not paying the additional premium. **We** will notify **you** of the date such cancellation becomes effective and compute any return premium based on the correct premium.

3. In the event **we** discover that additional premium is due when **we** adjust a claim under PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS or PART III - DAMAGE TO YOUR INSURED AUTO, **you** agree that such premium may be deducted from the amount of payment otherwise due under such Parts if such payment is to benefit **you** either directly or indirectly.

Nothing contained in this section will limit **our** right to void this policy for breach of warranty or misrepresentation of any information by **you**.

## PART I - LIABILITY TO OTHERS

Coverage A - Bodily Injury

Coverage B - Property Damage

**We** will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for which an **insured** is legally liable because of an **accident**.

6

**We** will defend any lawsuit for damages which are payable under this Policy or settle any claim for those damages as **we** think appropriate. **We** have no duty to settle or defend any lawsuit or make any additional payments after **we** have paid or offered to pay the Limit of Liability for this coverage.

**Additional Definitions Used in this Part Only:**

When used in PART I - LIABILITY TO OTHERS, "**Insured**" means:

1. **You**;

2. Any additional driver listed on **your** policy but only while driving **your insured auto**;

3. Any other person driving **your insured auto** with **your** permission and within the scope of that permission;

4. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this PART I - LIABILITY TO OTHERS while driving **your insured auto**.

However, the owner or anyone else from whom **you** hire or borrow **your insured auto** is an **insured** with respect to that auto only if it is a trailer connected to an **insured auto**.

**Additional Payments**

For an **insured**, **we** will pay, in addition to **our** Limit of Liability:

1. interest, on damages not exceeding **our** Limit of Liability, accruing after entry of judgment in any lawsuit **we** defend before **we** have paid or tendered payment of that portion of the judgment which does not exceed **our** Limit of Liability;

2. premiums on appeal bonds and attachment bonds required in any lawsuit **we** defend, provided that **we** will not pay the premium for attachment bonds that are more than **our** Limit of Liability, and **we** have no duty to apply for or furnish these bonds;

3. up to $250 for a bail bond required because of an **accident** or traffic law violation arising out of the use of **your insured auto**, but **we** have no duty to apply for or furnish such a bond;

4. reasonable expenses, except loss of earnings, incurred at **our** request;

5. reasonable expenses, up to $1,000, incurred by an **insured** for immediate medical or surgical relief to others necessary at the time of an **accident** resulting in **bodily injury** covered by this PART I - LIABILITY TO OTHERS provided that such expenses are not due to war;

6. all costs **we** incur in any settlement of any claim.

7

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, AN INSURED WILL NOT HAVE COVERAGE FOR AN ACCIDENT OR LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS PART I - LIABILITY TO OTHERS.**

Coverage under this **PART I** and **our** duty to defend does not apply to:

1. **Bodily injury** and **property damage** either expected or caused intentionally by or at the direction of an **insured**.

2. Any liability assumed by an **insured** under any contract or agreement, including liability imposed upon an **insured** by statute arising from the **insured's** sponsorship of a minor for an operator's license.

3. Any obligation assumed or expense incurred by any person claiming coverage under this Policy other than for emergency medical and surgical care imperative at the time of the **accident**.

4. Any obligation for which an **insured** or the insurer of that **insured**, even if one does not exist, may be held liable under Workers' Compensation, unemployment compensation, or disability benefits law or any similar law.

5. An **accident** for which any person is insured under nuclear energy liability insurance. This exclusion applies even if the limits of that insurance are exhausted.

6. **Bodily injury** to an employee of an **insured**, or a spouse, child, parent, brother or sister of that employee, arising out of or within the course of employment, except with respect to a domestic employee if benefits are neither paid nor required to be provided under any Workers' Compensation, disability benefits or other similar law. This exclusion applies whether the **insured** may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

7. **Bodily injury** to a fellow employee of an **insured** injured while within the course of their employment, except injuries for which the **insured** is legally liable.

8. **Bodily injury** or **property damage** involving an **auto** while being operated, used or maintained by any person when employed or engaged in the business of selling, repairing, parking, storing, servicing, or while delivering, testing, road testing, parking or storing **autos**, unless the business is **your** business, and it was warranted in **your** application.

9. **Property damage** to any property owned by, rented to, being transported by, used by, or in the charge of an **insured**, including any motor vehicle operated or being towed.

10. **Bodily injury** or **property damage** resulting from or caused by the loading or unloading of property with any device other than a hand truck.

11. **Bodily injury** or **property damage** resulting from or caused by the loading or unloading of property with a hand truck before the property is placed in or upon the **insured auto** or after it has been removed from the **insured auto**.

12. **Bodily injury** or **property damage** resulting from anyone who is not **your** employee loading or unloading an **auto**.

13. **Bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of any **pollutants**:

    a. That are, or that are contained in any property that is:

       1) Being transported or towed by, or handled for movement into, onto or from, the **insured auto**;

       2) Otherwise being transported by or on behalf of the **insured**; or

       3) Being stored, disposed of, treated or processed in or upon the **insured auto**;

    b. Before the **pollutants** or any property in which the **pollutants** are contained are moved from the place where they are accepted by the **insured** for movement into or onto the **insured auto**; or

    c. After the **pollutants** or any property in which the **pollutants** are contained are moved from the **insured auto** to the place where they are finally delivered, disposed of or abandoned by the **insured**.

Paragraph a. does not apply to fuels, lubricants, fluids, exhaust gasses or other similar **pollutants** that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the **insured auto** or its parts, if:

       (1) The **pollutants** escape or are discharged, dispersed or released directly from an **insured auto** part designed by its manufacturer to hold, store, receive or dispose of such **pollutants** and is a part that would be required for the customary operation of the **insured auto**; and

8

9

000917

(2) The **bodily injury** or **property damage** does not arise out of the operation of any **mobile equipment**.

Paragraphs b. and c. of this exclusion do not apply to accidents that occur away from premises owned by or rented to an **insured** with respect to **pollutants** not in or upon an **insured auto** if:

   a.  The **pollutants** or any property in which the **pollutants** are contained are upset, overturned or damaged as a result of the maintenance or use of an **insured auto**; and.

   b.  The discharge, dispersal, release or escape of the **pollutants** is caused directly by such upset, overturn or damage.

14. Any loss, cost or expense arising out of any governmental direction or request that **you** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **pollutants**.

15. **Bodily injury** to **you** or an **insured**.

16. **Bodily injury** or **property damage** arising out of **you** or an **insured** participating in or preparing for an organized race, speed contest or performance contest.

17. **Bodily injury** or **property damage** due to war (declared or undeclared), civil war, insurrection, rebellion, revolution, or to any act or condition incident to these.

18. Any obligation for which the United States Government is liable under Federal Tort Claim Act.

19. **Bodily injury** or **property damage** resulting from the delivery of any liquid into the wrong receptacle or the wrong address, or from the delivery of one liquid in place of another.

20. **Bodily injury** or **property damage** resulting from the explosion or discharge of Class A and B explosives, poisonous gas, liquid gas, compressed gas, or radioactive material and all other materials and/or commodities as listed in the Motor Carrier Act of 1980 (49 CFR 173, 172.101, 173.389, 171.389, 171.8), manufactured, sold, transported, handled or distributed by an **insured**.

21. **Bodily injury** or **property damage** occurring outside any territory or possession of the United States and any province of Canada, or while an **auto** is being transported between their ports.

22. **Bodily injury** or **property damage** if **your insured auto** or a **non-owned auto** is attached to a trailer with load capacity in excess of two thousand (2,000) pounds if it is not listed in the Declarations and it:

10

   a.  is owned by **you** or **your** employee; or

   b.  has been hired or borrowed by **you** or **your** employee for more than 60 consecutive calendar days.

23. **Bodily injury** or **property damage** caused by or through the ownership, use or operation of **mobile equipment** or other apparatus attached to or pulled by **your insured auto** except while **your insured auto** is in transit on a public roadway.

24. **Bodily injury** or **property damage** arising out of the operation of **your insured auto** by any driver not meeting legal age requirements to operate a vehicle in the state shown in the declarations.

**Limit of Liability**

Regardless of the number of **insured autos**, separate premiums paid, **insureds**, claims made, vehicles involved or lawsuits brought, **we** will pay no more than the Limit of Liability shown for this coverage in the Declarations, subject to the following:

   1.  **COVERAGE REQUIRED BY FILINGS:**

      If **we** are required by any applicable filing which **we** have made on **your** behalf to provide coverage not otherwise provided by this policy under this PART I - LIABILITY TO OTHERS, to any person or organization, the coverage provided hereunder for such person shall be the minimum coverage required by law. If **we** are required to make any payment under this policy that would not have been made except for the certification, **you** must reimburse **us**.

   2.  **COMBINED BODILY INJURY AND PROPERTY DAMAGE LIMITS:**

      Subject to Section 1 above, if **your** Declarations indicates that combined **bodily injury** and property damage limits apply, the most **we** will pay for the aggregate of all damages resulting from any one **accident** is the combined liability insurance limit shown in the Declarations.

   3.  **SEPARATE BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY LIMITS:**

      Subject to Section 1 above, if **your** Declarations indicates that Separate **Bodily Injury** Liability and Property Damage Liability Limits apply:

      a.  The **bodily injury** liability limit for "each person" listed on the Declarations page is the maximum **we** will pay for **bodily injury** sustained by any one person in any one **accident**, and only the limit for "each person" will apply to the aggregate of claims made for such **bodily injury**

11