and any and all claims derived from such bodily injury including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium and wrongful death.

b. Subject to the bodily injury liability limit for "each person", the bodily injury limit for "each accident" listed on the Declarations Page is the maximum we will pay for bodily injury sustained by two or more persons in any one accident, including all derivative claims which include, but are not limited to, loss of society, loss of companionship, loss of services, loss of consortium and wrongful death.

c. The property damage liability limit for "each accident" listed on the Declarations page is the maximum we will pay for all property damage sustained in any one accident.

For the purpose of determining our Limit of Liability under sections 1, 2, or 3 above, all bodily injury and property damage resulting from continuous or repeated exposure to substantially the same conditions shall be considered as resulting from one accident.

An insured auto and a trailer or trailers attached thereto shall be deemed to be one auto as respects our Limit of Liability.

Any amount payable under PART I - LIABILITY TO OTHERS to or for an injured person will be reduced by any payment made to that person under any UNINSURED MOTORIST COVERAGE, UNDERINSURED MOTORIST COVERAGE, PERSONAL INJURY PROTECTION OR EXPENSES FOR MEDICAL SERVICES TO INSUREDS coverages of this policy.

**Other Insurance**

Subject to the above, if there is other applicable liability insurance for an accident covered by this PART I - LIABILITY TO OTHERS for a replacement auto, an additional auto or a non-owned auto used as a temporary substitute auto, coverage under this Policy will be excess to all other applicable insurance.

This coverage is primary when your insured auto which is a trailer is attached to an insured auto you own and is excess while attached to a motor vehicle you do not own.

If there is other applicable liability insurance for an accident covered by this PART I - LIABILITY TO OTHERS, we will pay the proportionate share our Limit of Liability bears to the total of all applicable liability limits.

If coverage under more than one policy applies as excess:

1. the total limits of liability under such excess coverages shall not exceed the difference between the limit of liability of the primary coverage and the highest limit of liability of any one of the excess coverages; and

2. the difference between the limit of liability of the primary coverage and the highest limit of liability of any one of the excess coverages shall be referred to as the excess amount; and

3. we shall be liable only for that percent of the excess amount that the Limit of Liability under this PART I - LIABILITY TO OTHERS bears to the total of all limits of liability for coverages applicable as excess.

If any applicable insurance other than this policy is issued by us and is applicable to a covered accident, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

## PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS

**Coverage C - Medical Payments**

If you purchase this coverage and it is shown on the Declarations page, we will pay medical expenses incurred by an insured caused by an accident.

**Additional Definitions as used in this Part only:**

"Insured" means any person occupying your insured auto while it is being driven by you or anyone with your permission and within the scope of that permission.

"Medical expenses" means reasonable, necessary and curative medical, surgical, dental, x-ray, ambulance, hospital and funeral services, including the cost of pharmaceuticals, orthopedic and prosthetic devices, incurred within one (1) year of the date of accident.

"Accident" means a sudden, unexpected and unintended event that causes bodily injury.

**EXCLUSIONS - PLEASE READ THE EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, AN INSURED WILL NOT HAVE COVERAGE FOR AN ACCIDENT THAT OTHERWISE WOULD BE COVERED UNDER THIS POLICY.**

This coverage does not apply for bodily injury to any person:

1. Occurring during the course of employment if Workers' Compensation coverage should apply.

2. Caused by war (declared or undeclared), civil war, insurrection, rebellion, revolution, nuclear reaction, radiation or radioactive contamination, or any consequence of any of these.

3. Caused while the insured is committing or attempting to commit a felony, or while the insured is involved in an illegal occupation. This

000919

exclusion does not apply when the felony is solely a violation of a Motor Vehicle Law.

4. Caused by the operation of **your insured auto** by any driver not meeting legal age requirements to operate a vehicle in the state shown in the declarations.

5. Sustained while **your insured auto** is driven in or preparing for any prearranged or organized race, speed contest or performance contest.

6. Sustained by any person while **occupying your insured auto** while it is being used or maintained by a person when employed or engaged in the business of selling, repairing, parking, storing, servicing, delivering or while testing, road testing, parking or storing autos.

7. To any person entitled to receive similar services from the United States Government or its military services.

8. Sustained in any accident which occurs outside any state.

9. Sustained while using or **occupying a non-owned auto** or a **temporary substitute auto**.

**Limit of Liability**

**Our** Limit of Liability for payments provided under this PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS for covered medical expenses incurred by one or more persons in any one accident shall not exceed the amount stated in the Declarations for each **accident**. Regardless of the number of **insured autos**, premiums paid, **insureds** injured, claims made, policies applicable, or vehicles involved in any one **accident**, we shall pay no more than the Limit of Liability shown for this coverage on the Declarations page for any one **accident**.

The limit for funeral expenses shall not exceed $1,500 per person, subject to the maximum per accident limit of liability listed on the Declarations page for this coverage.

**We** will not be liable under this Policy for any **medical expense** paid or payable under the provisions of any:

1. Workers' Compensation or disability benefits law or any similar law; or
2. State No-Fault Law requiring personal injury protection coverage; or
3. premises insurance providing coverage for medical expenses; or
4. individual, blanket, or group accident, disability or hospitalization; or
5. medical, surgical, hospital or funeral services, benefit or reimbursement plan.

Any amount paid or payable under PART I - LIABILITY TO OTHERS or the UNINSURED MOTORIST COVERAGE OR UNDERINSURED MOTORIST COVERAGE of this policy shall be deducted from the amounts payable under this PART II if the insured has been fully compensated for his/her injuries.

**Other Insurance**

If there is other applicable medical payment insurance for medical expenses covered by this PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS, we shall pay the proportionate share **our** Limit of Liability bears to the total of all applicable medical payments limits. HOWEVER, COVERAGE AFFORDED UNDER PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS OTHER THAN **YOU** OR A **RELATIVE** IS EXCESS OVER SUCH OTHER APPLICABLE MEDICAL PAYMENT INSURANCE, AND IS THEN AFFORDED ONLY IN THE AMOUNT BY WHICH THE LIMIT OF LIABILITY UNDER THIS PART II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS EXCEEDS THE LIMIT OF LIABILITY OF OTHER MEDICAL PAYMENTS INSURANCE AVAILABLE TO SUCH PERSON.

If any applicable insurance other than this policy is issued by us, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

**PART III - DAMAGE TO YOUR AUTO**

**Coverage D - Comprehensive**

If **you** pay a specific premium for Comprehensive coverage, as shown in the Declarations, we will pay for loss to **your insured auto**, less any applicable deductible, caused by means other than are covered under **Coverage E - Collision**. Any deductible amount shall apply separately to each loss.

Any loss caused by missiles, falling objects, fire, theft, collision with an animal or accidental glass breakage shall be deemed a **Comprehensive loss**.

**Coverage E - Collision**

If **you** pay a specific premium for **Collision** coverage, as shown in the Declarations, we will pay for loss to **your insured auto**, less any applicable deductible, when it collides with another object or overturns. Any deductible amount shall apply separately to each loss.

**Coverage F - Fire and Theft with Combined Additional Coverage (CAC)**

If **you** pay a specific premium for **Fire and Theft with Combined Additional Coverage (CAC)**, as shown in the Declarations, we will pay for loss, less any applicable deductibles, caused by:

1. fire;
2. theft;
3. windstorms;

14    15

000920

4. hail;
5. earthquakes;
6. explosions;
7. the forced landing or falling of any aircraft or its parts or equipment;
8. flood or rising waters;
9. malicious mischief or vandalism;
10. external discharge or leakage of water except loss resulting from rain, snow, or sleet whether or not wind driven; or
11. Collision with a bird or animal.

No losses other than those specifically described above will be covered under the terms of this Policy. Any deductible will apply separately to each loss.

Additional definitions used in this Part only:

1. "Fire" means:
   a. fire or lightning, or
   b. smoke or smudge due to a sudden, unusual, and faulty operation of any fixed heating equipment serving the premises on which the insured auto is located, or
   c. the stranding, sinking, burning, collision, or derailment of any conveyance in or upon which the insured auto is being transported.
2. "Theft" means theft, larceny, robbery, or pilferage.
3. "Your insured auto" means any auto described on the Declarations page, including any permanently attached equipment included in the Limit of Liability shown on the Declarations or by endorsement attached to this Policy, or any replacement auto, if the auto being replaced previously had DAMAGE TO YOUR AUTO COVERAGE and we are notified within 30 days of acquisition of the replacement auto.

EXCLUSIONS - PLEASE READ THE EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, YOU WILL NOT HAVE COVERAGE FOR A LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS POLICY.

This coverage does not apply to loss:

1. Caused by war (declared or undeclared), any warlike action, any action taken to defend against an actual or expected attack, civil war or commotion, insurrection, rebellion, revolution, or nuclear contamination, regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

2. To any sound equipment, video equipment or transmitting equipment not permanently installed in your insured auto, or to tapes, records, or similar items used with sound equipment.
3. To radar detectors.
4. To camper units, pickup covers, caps or shells which are not permanently installed in your insured auto.
5. To tarpaulins, binders, chains, or any other cargo securing devices.
6. Resulting from manufacturer's defects, wear and tear, freezing, mechanical or electrical breakdown or failure. But, coverage does apply if the damage is the result of other loss covered by the Policy.
7. To your insured auto when it is in the care, custody or control of any person for the purpose of selling it.
8. To wearing apparel, tools, or personal effects.
9. While your insured auto is used in any illicit trade or transportation.
10. Due to use of your insured auto for transportation of any explosive substance, flammable liquid, or similarly hazardous material other than substances transported for common household usage.
11. Caused by you or an insured participating in or preparing for an organized race, speed contest or performance contest.
12. While your insured auto is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described on the Declarations.
13. Due to theft or conversion of your insured auto:
    a. by you, a relative or a resident of your household or an employee;
    b. prior to its delivery to you; or
    c. while it is in the care, custody or control of anyone for the purpose of selling your insured auto.
14. To your insured auto while in anyone else's possession under a written trailer exchange agreement, provided that this exclusion shall not apply to a loss payee. If we pay the loss payee, you must reimburse us for payment.
15. To any non-owned auto or temporary substitute auto.
16. To any trailer, unless a premium has been paid for DAMAGE TO YOUR AUTO COVERAGE for the trailer involved in the loss.

000921

**Limit of Liability**

The most we will pay for loss to **your insured auto** is the least of:

1. the **actual cash value** of the stolen or damaged property at the time of **loss** reduced by the applicable deductible;
2. the amount necessary to repair or replace the property with other of like kind and quality reduced by the applicable deductible and subject to any other endorsement or policy provisions;
3. the applicable Limit of Liability shown in the Declarations or in the endorsements to this policy;
4. the amount necessary to repair or replace with new property, less any applicable depreciation and deductible.

When **we** determine **our** payment for loss to **your insured auto**, any salvage value of **your insured auto** as a result of **loss** may at **our** option be deducted from 1, 2, 3 or 4 above. If **we** pay the **actual cash value** of **your insured auto** or the limit of liability as stated within the policy, less the deductible, **we** are entitled to all salvage.

A separate deductible applies to each **insured auto** involved in the **loss**.

If **we** repair the property, **we** shall not be responsible for any diminution in value of the property caused by the **loss**. If repair or replacement of damaged property increases the overall value of **your insured auto**, **we** may deduct this amount from the repair cost.

If the Limit of Liability shown on the Declarations for the insured auto involved in the loss is less than 90% of the **actual cash value** at the time of loss, **you** will share with **us** in the cost of repair or replacement as follows:

1. **We** will pay the same proportion of the **loss** which the Limit of Liability shown in the Declarations or in the endorsements to this policy for **your insured auto** involved in the **loss** bears to the **actual cash value** of **your insured auto** at the time of **loss**.
2. **We** will reduce the amount of loss by the appropriate deductible shown in the Declarations prior to calculating the proportionate amount **we** will pay.

**No Benefit to Bailee**

These coverages shall not directly or indirectly benefit any carrier or other bailee for hire liable for **loss** to **your insured auto**.

**Appraisal**

If **we** cannot agree with **you** on the amount of **your loss**, then **you** or **we** may demand an appraisal of the **loss**. Each party shall appoint a competent and disinterested appraiser. If the appraisers agree on the amount of the **loss**, they shall submit a written report to **us** and this shall be deemed to be the amount of the **loss**.

If the appraisers cannot agree within a reasonable time, they shall then choose a competent, impartial umpire, provided that if they cannot agree on an umpire within fifteen (15) days, either **you** or **we** may petition a judge of a court having jurisdiction to choose an umpire. The disagreement of the appraisers shall then be submitted to the umpire. Subject to the provisions of the Policy, a written agreement signed by two of these three will then be the amount of the **loss**.

**You** must pay **your** fees and expenses and those of **your** appraiser. **We** will pay **our** fees and expenses and those of **our** appraiser. **We** shall share evenly with **you**:

1. payment of the umpire; and
2. all other expenses of the appraisal.

By agreeing to appraisal, **we** do not waive any of **our** rights under any other part of this Policy, including **our** right to deny the claim.

**Payment of Loss**

**We** may pay the **loss** in money or repair or replace the damaged or stolen property. **We** may, at any time before the **loss** is paid or the property is replaced, return, at **our** expense, any stolen property either to **you** or to the address shown on the declarations page, with payment for the resulting damage less any applicable deductibles. **We** may keep all or part of the property at the agreed or appraised value, but there shall be no abandonment to **us**.

**We** may make payment for a **loss** to **you** or the owner of the property. Payment for a **loss** is required only if **you** have fully complied with the terms of this Policy.

**Other Insurance**

If there is other applicable insurance on a **loss** covered by this PART III - DAMAGE TO YOUR AUTO, **we** will pay the proportionate share **our** Limit of Liability bears to the total limits of all applicable similar insurance.

## PART IV - GENERAL PROVISIONS

1. **Policy Period**

   Subject to other provisions in the policy, this Policy applies only to accidents, losses and occurrences during the Policy period shown in the Declarations.

2. **Changes**

   This Policy with the Declarations includes all the agreements between **you** and **us** relating to this insurance. No change or waiver may be effected except by endorsement issued by **us**. It is **your**

18

19

responsibility to notify us immediately of any changes to drivers or vehicles.

3. **Two or More Autos Insured**

   With respect to any accident or occurrence to which this and any other Policy issued to **you** by **us** applies, the total limit of **our** liability under all the Policies shall not exceed the highest applicable Limit of Liability under any one Policy.

4. **Suit Against Us**

   **We** may not be sued unless there is full compliance by **you** or an **insured** with all the terms of this Policy. **We** may not be sued under the PART I - LIABILITY TO OTHERS coverage until the obligation of an **insured** to pay is finally determined by judgment against the **insured** after actual trial or by written agreement of the **insured**, the claimant, and **us**.

5. **Our Recovery Rights**

   In the event of any payment under this Policy, **we** are entitled to all the rights of recovery of the person or organization to whom payment was made. That person or organization must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights, and do nothing after loss or **accident** to harm **our** rights.

   When a person has been paid damages by **us** under this Policy and also recovers from another, the amount recovered from the other shall be held in trust for **us** and reimbursed to **us** to the extent of **our** payment, provided that the person to or on behalf of whom such payment is made is fully compensated for their loss.

   In the event recovery has already been made from the responsible party, any rights to recovery by the person(s) claiming coverage under this policy no longer exist.

6. **Assignment**

   Interest in this Policy may not be assigned without **our** written consent. If the Policyholder named in the Declarations is a person and that person dies, the Policy will cover:

   a. the survivor;

   b. the legal representative of the deceased person while acting within the scope of duty of a legal representative; and

   c. any person having proper custody of **your insured auto** until a legal representative is appointed, but in no event for more than thirty (30) days after the date of death.

7. **Waiver**

   Notice to any agent or knowledge possessed by any agent or other person shall not change or effect a waiver on any portion of this Policy nor stop **us** from exerting any of **our** rights under this Policy.

8. **Bankruptcy**

   **We** are not relieved of any obligation under this Policy because of the bankruptcy or insolvency of an **insured**.

9. **Inspection and Audit**

   **We** shall have the right to inspect **your** property and operations at anytime. This includes, but is not limited to, the right to inspect and audit the maintenance of any autos covered hereunder, who **your** drivers are and what their driving records are, and **your** radius of operations. In doing so, **we** do not warrant that the property or operations are safe and healthful, or are in compliance with any law, rule or regulation.

   **We** shall also have the right to examine and audit **your** books and records at any time during the Policy period and any extensions of that period and within three (3) years after termination of the Policy, as far as they relate to the subject matter of this insurance.

10. **Fraud and Misrepresentation**

    This Policy shall be void if **you** or an **insured** has concealed or misrepresented any material fact, or in case of any fraud or attempted fraud touching any matter regarding this Policy, whether before or after a **loss** or **accident**.

11. **Terms of Policy Conformed to Statutes**

    Terms of this Policy which are in conflict with the statutes of the state in which this Policy is issued are hereby amended to conform to the statutes.

### CANCELLATION OF THIS POLICY

1. **You** may cancel this policy by mailing or delivering to **us** advance written notice of cancellation or by not paying a premium installment when it comes due. The cancellation date can be no earlier than 12:01 a.m. on the day after **your** written request is postmarked.

2. If **you** cancel this policy by not paying a premium installment when it is due, **we** will provide **you** written notice of cancellation, at **your** last mailing address known to **us**, at least 10 days before the effective date of cancellation.

000923

3. We may cancel this policy by mailing or delivering to you and your representative in charge of the subject of the insurance, if applicable, written notice of cancellation, including the actual reason for the cancellation, to the last mailing address known to us, at least 45 days before the effective date of cancellation, except as provided below.

4. We will also mail to any lienholder, pledgee or other person shown in this policy with a financial interest in your insured auto, at their last mailing address known to us, the same written notice of cancellation that we provide to you.

5. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

6. If this policy is canceled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, we will return 90% of the calculated pro-rata refund.

7. If notice is mailed, proof of mailing will be sufficient proof of notice.

### NONRENEWAL OF THIS POLICY

1. We may elect not to renew or continue this policy by mailing or delivering to you written notice before the end of the policy period including the actual reason for nonrenewal. If we fail to provide notice within 30 days of the end of the policy period, the policy will continue in effect until 30 days from the date of the notice. You will be responsible for any premiums due while the policy is in effect. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

2. If we fail to mail or deliver proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

_Diane A. Shuller_        _Arto Blewis_
Secretary                President

## INDEX OF ENDORSEMENTS

| Form No./Description | Page |
|---|---|
| 1197 (10-95) New York Amendatory Endorsement - Cancellation and Nonrenewal | 24 |
| 1320 (11-95) NY Rental Vehicle Coverage Endorsement | 26 |
| 1349 (10-95) Supplementary Uninsured Motorists Endorsement - New York | 28 |
| 1629A (10-95) NY Additional Personal Injury Protection Coverage - New York | 35 |
| 1630 (10-95) NY Exclusion of Medical Expense From Personal Injury Protection Coverage - New York | 39 |
| 1635 (11-91) Optional Basic Economic Loss Coverage Endorsement (New York) | 39 |
| 1716 (10-95) NY Mandatory Personal Injury Protection Endorsement - New York | 41 |
| 1792C (1-96) New York Amendatory Endorsement - Limit of Liability | 48 |
| 3628 (1-97) New York Split Supplementary Uninsured Motorists Limits | 50 |
| 6077 (1-00) New York Changes - General Provisions | 50 |
| 6204 (1-96) New York Amendatory Endorsement | 50 |
| 6222 (5-96) New York Changes | 51 |
| 9810 (9-96) Uninsured Motorists Endorsement - New York | 54 |

Form No. 1197 (10-95)

## NEW YORK AMENDATORY ENDORSEMENT - CANCELLATION AND NONRENEWAL

We agree with you to the provisions of the policy and endorsements, however the CANCELLATION OF THIS POLICY and NONRENEWAL OF THIS POLICY sections of PART IV - GENERAL PROVISIONS are replaced by the following:

### CANCELLATION OF THIS POLICY

1. You may cancel this policy by mailing or delivering to us advance written notice of cancellation or by not paying a premium when it comes due. The cancellation date can be no earlier than 12:01 a.m. on the day after your written request is postmarked.

2. If you cancel this policy by not paying a premium installment when it is due, we will provide you written notice of cancellation, at your last mailing address known to us, at least 15 days before the effective date of cancellation.

3. If we cancel during the first 60 days the policy is in effect, we will give at least 20 days notice for any reason not included in paragraph 4. below.

4. If we cancel during the first 60 days the policy is in effect, we will give at least 15 days notice for the following reasons:

    a. conviction of a crime arising out of acts increasing the hazard insured against;

    b. discovery of fraud or material misrepresentation in:
        1) obtaining the policy, or
        2) presenting a claim;

    c. after issuance of the policy or after the last renewal date, discovery of an act or omission, or a violation of any policy condition, that substantially and materially increases the hazard insured against, and which occurred subsequent to inception of the current policy period;

    d. material physical change in the property insured, occurring after issuance or last annual renewal anniversary date of the policy, which results in the property becoming uninsurable; or material change in the nature or extent of the risk, occurring after issuance or last annual renewal anniversary date of the policy, which causes the risk of loss to be substantially and materially increased;

    e. required pursuant to a determination by the Superintendent that continuation of our present premium volume would jeopardize our solvency or be hazardous to the interests of our policyholders, our creditors or the public;

    f. a determination by the Superintendent that the continuation of the policy would violate, or would place us in violation of, any provision of the Insurance Code;

    g. where we have reason to believe, in good faith and with sufficient cause, that there is a probable risk of danger that the insured will destroy, or permit to be destroyed, the insured property for the purpose of collecting the insurance proceeds. However, if we cancel for this reason, you may make a written request to the Insurance Department, within 10 days of receipt of this notice, to review our cancellation decision. We will also send a copy of the notice, simultaneously, to the Insurance Department; or

    h. suspension or revocation during the policy period of the driver's license of any person who continues to operate a covered auto, other than a suspension issued pursuant to Subdivision One of Section 510b of the Vehicle and Traffic Law or one or more administrative suspensions arising from the same incident which has or have been terminated prior to the effective date of cancellation.

5. When this policy is in effect more than 60 days or is a renewal or continuation policy, we may cancel only for any of the reasons listed in paragraphs 4.a. through 4.h. above, provided we mail you at least 15 days notice. If one of the reasons listed in paragraphs 4.a. through 4.h. exists, we may cancel the entire policy.

### NONRENEWAL OF THIS POLICY

1. If we decide not to renew or continue this policy, we will (subject to the laws of New York) mail notice to the named insured shown in the Declarations. If the policy period is other than 1 year, we will have the right not to renew or continue it only at each anniversary of its original effective date.

2. If we have the right not to renew or continue this policy, we may instead condition renewal upon:

    a. change of limits;
    b. reduction of coverage;
    c. increased deductible;
    d. addition of exclusion;
    e. increased premiums in excess of 10%, exclusive of any premium increase due to and commensurate with insured value added; or as a result of experience rating, retrospective rating or audit;

24

25

    f.   elimination of any coverage not required by law. This applies only if we mail notice to the named insured shown in the Declarations.

3. The notice required by Parts 1 and 2 of this section must:

    a.   be mailed to the address shown in this policy at least 60 but not more than 120 days before the end of the policy period; and

    b.   state or include the reason for our action.

4. We are not required to mail notice of nonrenewal to the named insured shown in the Declarations if we are given written notice that this policy:

    a.   has been replaced; or

    b.   is no longer wanted.

This written notice may be given to us by:

    a.   you;

    b.   another insurer; or

    c.   your representative.

**OTHER TERMINATION PROVISIONS**

The following provisions also apply:

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2. If this policy is cancelled, we will send **you** (the first named insured) any premium refund due. The refund, if any, will be pro-rata. This means that unearned premium to be returned will be in the same proportion to total policy premium as the remaining policy term (after date of cancellation) bears to the total policy term. Unearned premium will be calculated on a daily basis.

3. If the return premium is not refunded upon notice of cancellation, the premium will be refunded within a reasonable time after the date the cancellation takes effect. However, making or offering to make the refund is not a condition of cancellation.

---

Form No. 1320 (11-95) NY

**RENTAL VEHICLE COVERAGE ENDORSEMENT**

---

If **you** are an individual and this policy covers less than five private passenger autos, the following applies for these private passenger autos if registered or primarily garaged in New York.

For each such policy, this endorsement provides coverage for the **insured's** obligations in the event of actual damage to, or loss of, any **rental vehicle**, including loss of use, rented by the **insured** anywhere in the United States, its territories or possessions, and Canada under a rental agreement with a term no longer than thirty continuous days, regardless of where such **rental vehicle** may be registered, rented or operated.

Rental Vehicle Coverage shall provide protection regardless of: (a) fault; and (b) whether the **rental vehicle** is rented or operated for business or pleasure, unless used for transporting persons or property for hire.

**Definitions:**

(a) **Insured** means named insured or any **relative**;

(b) **Relative** means a spouse, child or other person related to the named insured by blood, marriage or adoption (including a ward or foster child), who regularly resides in the insured's household, including any such person who regularly resides in the household, but who is temporarily living elsewhere;

(c) **Private passenger auto** means:

    (1) an auto of the private passenger or station wagon type that is owned or hired under a **long-term contract** by an individual or by husband and wife, and is neither used as a public or livery conveyance for passengers nor rented to others without a driver; or

    (2) an auto with a pick-up body, a delivery sedan, panel truck or van, owned by an individual or by husband or wife who are residents of the same household, or by a family farm co-partnership or a family farm corporation, and not customarily used in the occupation, profession or business of the insured other than farming or ranching, whether or not used in the course of driving to or from work.

(d) **Long-term contract** means a contract with a term of six months or longer.

(e) **Rental vehicle** means a vehicle of the type described in (c) above, if:

    (1) not used for transporting persons or property for hire; and

    (2) owned by a person engaged in the business of renting or leasing vehicles rented or leased without a driver to persons other than the owner and is registered in the name of such owner.

**Priority of payment:**

(a) In no event shall payment made under this endorsement duplicate payment made by this policy, another policy or another insurer for the same claim.

(b) If more than one policy could cover the claim, payment on the claim shall be made in the following order of priority:

(1) the policy with respect to which the person is a named insured;

(2) if the person is not a named insured on any policy, the policy with respect to which the person is an insured; and

(3) where two or more policies provide coverage of equal priority, the policy or insurer with respect to which the claim is first submitted.

(c) An inquiry about coverage or notification of damage to, or loss of, a rental vehicle shall constitute submission of a claim.

Exclusions:

No Rental Vehicle Coverage shall be provided:

(a) arising beyond the geographic limitations of the policy to which Rental Vehicle Coverage is endorsed;

(b) to an insured who has committed fraud in connection with damage to, or loss of, a rental vehicle, including loss of use; or

(c) for damage to, or loss of, a rental vehicle, including loss of use, which the rental vehicle company is precluded from recovering from the insured:

(1) pursuant to the terms of the rental agreement; or

(2) due to the prohibitions of Section 396-z of the General Business Law or similar statutory provisions of other jurisdictions.

Subrogation:

(a) In the event of any payment under this endorsement, the insurer is subrogated to the extent of such payments to the rights of the person to whom, or for whose benefit, such payments were made.

(b) Such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such subrogation rights, and shall not act in a manner that may prejudice such rights.

(c) Subrogation shall not be pursued against any person who operated the rental vehicle with the insured's permission.

---

Form No. 1349 (10-95)

**SUPPLEMENTARY UNINSURED MOTORISTS ENDORSEMENT - NEW YORK**

---

We, the Company, agree with **you**, the named insured, in return for payment of the premium for this coverage, to provide Supplementary Uninsured Motorists (SUM) coverage subject to the following terms and conditions.

28

**INSURING AGREEMENTS**

1. Definitions: For purposes of this SUM endorsement, the following terms have the following meanings:

   (a) **Insured.** The unqualified term "insured" means:

   (1) **you**, as the named insured, and while residents of the same household, **your** spouse and the relatives of either **you** or **your** spouse;

   (2) any other person while occupying:

   (i) a motor vehicle insured for SUM under this policy; or

   (ii) any other motor vehicle while being operated by **you** or **your** spouse; and

   (3) any person, with respect to damages such person is entitled to recover, because of bodily injury to which this coverage applies sustained by an insured under paragraph (1) or (2) above.

   (b) **Bodily Injury.** The term "bodily injury" means bodily harm, including sickness, disease or death resulting therefrom.

   (c) **Uninsured Motor Vehicle.** The term "uninsured motor vehicle" means a motor vehicle that, through its ownership, maintenance or use, results in bodily injury to an insured, and for which:

   (1) no bodily injury liability insurance policy or bond applies to such vehicle (including a vehicle that was stolen, operated without the owner's permission, or unregistered) at the time of the accident; or

   (2) neither owner nor driver can be identified (including a hit-and-run vehicle), and which causes bodily injury to an insured by physical contact with the insured or with a motor vehicle occupied by the insured at the time of the accident provided that:

   (i) the insured or someone on the insured's behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles and shall have filed with the Company a statement under oath that the insured or insured's legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

29

000927

    (ii) at the request of the Company, the insured or the insured's legal representative makes available for inspection the automobile the insured was occupying at the time of the accident; or

  (3) there is **bodily injury** liability insurance coverage or a bond applicable to such motor vehicle at the time of the **accident**, but:

    (i) the amount of such insurance coverage or bond is less than the third-party bodily injury liability limit of this policy; or

    (ii) the amount of such insurance coverage or bond has been reduced, by payments to other persons injured in the accident, to an amount less than the third-party bodily injury liability limit of this policy; or

    (iii) the insurer writing such insurance coverage or bond denies coverage, or such insurer is or becomes insolvent.

The term "**uninsured motor vehicle**" does not include a motor vehicle that is:

(1) insured under the liability coverage of this policy; or

(2) owned by **you**, the named insured or **your** spouse residing in **your** household; or

(3) self-insured within the meaning of the financial responsibility law of the **State** in which the motor vehicle is registered, or any similar **State** or Federal law, to the extent that the required amount of such coverage is equal to, or greater than, the third-party **bodily injury** liability limit of this policy; or

(4) owned by the United States of America, Canada, a **State**, a political subdivision of any such government, or an agency of any of the foregoing; or

(5) a land motor vehicle or trailer, while located for use as a residence or premises and not as a vehicle, or while operated on rails or crawler-treads; or

(6) a farm type vehicle or equipment designed for use principally off public roads, except while actually upon public roads.

(d) **Occupying.** The term "occupying" means in, upon, entering into, or exiting from a motor vehicle.

(e) **State.** The term "state" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

30

II. **Damages for Bodily Injury Caused by Uninsured Motor Vehicles**

We will pay all sums that the **insured** or the **insured's** legal representatives shall be legally entitled to recover as damages from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **insured**, caused by **accident** arising out of such **uninsured motor vehicle's** ownership, maintenance or use, subject to the Exclusions, Conditions, Limits and other provisions of this SUM endorsement.

III. **SUM Coverage Period and Territory**

This SUM coverage applies only to accidents that occur:

1. during the policy period shown in the Declarations; and

2. in the United States, its territories or possessions, or Canada.

**EXCLUSIONS**

This SUM coverage does not apply:

1. to bodily injury to an insured, including care or loss of services recoverable by an **insured**, if such **insured**, such **insured's** legal representatives, or any person entitled to payment under this coverage, without our written consent, settles any lawsuit against any person or organization that may be legally liable for such injury, care or loss of services, but this provision shall be subject to Condition 10.

2. to **bodily injury** to an **insured** incurred while occupying a motor vehicle owned by that **insured**, if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of this policy.

3. for non-economic loss, resulting from **bodily injury** to an **insured** and arising from an **accident** in New York State, unless the **insured** has sustained serious injury as defined in Section 5102(d) of the New York Insurance Law.

**CONDITIONS**

1. **Policy Provisions:** None of the Insuring Agreements, Exclusions, or Conditions of the policy shall apply to this SUM coverage except "Your Duties in Case of an Accident or Loss"; "Fraud and Misrepresentation"; and "New York Amendatory Endorsement - Cancellation and Nonrenewal" if applicable.

2. **Notice and Proof of Claim:** As soon as practicable, the **insured** or other person making claim shall give us written notice of claim under this SUM coverage.

31

000928

As soon as practicable after our written request, the **insured** or other person making claim shall give **us** written proof of claim, under oath if required, including full particulars as to the nature and extent of the injuries, treatment, and other details **we** need to determine the SUM amount payable.

The **insured** and every other person making claim hereunder shall, as may reasonably be required, submit to examinations under oath by any person **we** name and subscribe the same. Proof of claim shall be made upon forms **we** furnish unless **we** fail to furnish such forms within 15 days after receiving notice of claim.

3. **Medical Reports:** The **insured** shall submit to physical examinations by physicians **we** select when and as often as **we** may reasonably require. The **insured**, or in the event of the **insured's** incapacity, such **insured's** legal representative (or in the event of such **insured's** death, the **insured's** legal representative or the person or persons entitled to sue therefor), shall upon each request from **us** authorize **us** to obtain relevant medical reports and copies of relevant records.

4. **Notice of Legal Action:** If the **insured** or such **insured's** legal representative brings any lawsuit against any person or organization legally responsible for the use of a motor vehicle involved in the **accident**, a copy of the summons and complaint or other process served in connection with the lawsuit shall be forwarded immediately to **us** by the **insured** or the **insured's** legal representative.

5. **SUM Limits:** The SUM limits payable under this endorsement shall be:
   a. the SUM limits stated in the Declarations; or
   b. SUM limits up to $100,000 per person per **accident** and, subject to such limit for one person, $300,000 per **accident**.

6. **Maximum SUM Payments:** Regardless of the number of **insureds**, our maximum payment under this SUM endorsement shall be the difference between:
   a. the SUM limits and
   b. the motor vehicle bodily injury liability insurance or bond payments received by the **insured** or the **insured's** legal representative, from or on behalf of all persons that may be legally liable for the **bodily injury** sustained by the **insured**.

   If the SUM limit shown on the Declarations is a combined single limit, that limit is the amount of coverage for all damages due to **bodily injury** in any one **accident**.

   Otherwise the SUM limit shown on the Declarations for "Each Person" is the amount of coverage for all damages due to **bodily injury** to one person. The SUM limit shown under "Each Accident" is the total amount of coverage for all damages due to **bodily injury** to two or more persons in the same **accident**.

7. **Non-Stacking:** Regardless of the number of vehicles involved, persons covered, claims made, vehicles or premiums shown in this policy, or premiums paid, the limits, whether for uninsured motorists coverage or supplementary uninsured motorists coverage, shall never be added together or combined for two or more vehicles to determine the extent of insurance coverage available to an **insured** injured in the same **accident**.

8. **Priority of Coverage:** If an **insured** is entitled to uninsured motorists coverage or supplementary uninsured motorists coverage under more than one policy, the maximum amount such **insured** may recover shall not exceed the highest limit of such coverage for any one vehicle under any one policy, and the following order of priority shall apply:
   a. a policy covering a motor vehicle occupied by the injured person at the time of the **accident**;
   b. a policy covering a motor vehicle not involved in the **accident** under which the injured person is a named insured; and
   c. a policy covering a motor vehicle not involved in the **accident** under which the injured person is an **insured** other than a named insured.

   Coverage available under a lower priority policy applies only to the extent that it exceeds the coverage of a higher priority policy.

9. **Exhaustion Required:** Except as provided in Condition 10, we will pay under this SUM coverage only after the limits of liability have been used up under all motor vehicle bodily injury liability insurance policies or bonds applicable at the time of the **accident** in regard to any one person who may be legally liable for the **bodily injury** sustained by the **insured**.

10. **Release or Advance:** In accidents involving the **insured** and one or more negligent parties, if such **insured** settles with any such party for the available limit of the motor vehicle bodily injury liability coverage of such party, release may be executed with such party after thirty calendar days actual written notice to us, unless within this time period we agree to advance such settlement amounts to the **insured** in return for the cooperation of the **insured** in our lawsuit on behalf of the **insured**.

    We shall have a right to the proceeds of any such lawsuit equal to the amount advanced to the **insured** and any additional amounts paid under this SUM coverage. Any excess above these amounts shall be paid to the **insured**.

000929

An insured shall not otherwise settle with any negligent party without our written consent, such that our rights would be impaired.

11. **Non-Duplication:** This SUM coverage shall not duplicate any of the following:

    a. benefits payable under workers' compensation or other similar laws;

    b. non-occupational disability benefits under Article Nine of the Workers' Compensation Law or other similar law;

    c. any amounts recovered or recoverable pursuant to Article 51 of the New York Insurance Law or any similar motor vehicle insurance payable without regard to fault;

    d. any valid or collectible motor vehicle medical payments insurance; or

    e. any amounts recovered as bodily injury damages from sources other than motor vehicle bodily injury liability insurance policies or bonds.

12. **Arbitration:** If any insured making claim under this SUM coverage and we do not agree that such insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, or do not agree as to the amount of payment that may be owing under this SUM coverage, then, at the option and upon written demand of such insured, the matter or matters upon which such insured and we do not agree shall be settled by arbitration, administered by the American Arbitration Association, pursuant to procedures prescribed or approved by the Superintendent of Insurance for this purpose.

    If, however, the maximum amount of SUM coverage provided by this endorsement equals the amount of coverage required to be provided by Section 3420(f)(1) of the New York Insurance Law and Article 6 or 8 of the New York Vehicle and Traffic Law, then such disagreement shall be settled by such arbitration procedure upon written demand of either the Insured or us.

    Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof, and any such insured and we each agree to be bound by any award made by the arbitrator as to this SUM coverage. For purposes of this Condition, the term "insured" includes any person authorized to act on behalf of the insured.

13. **Subrogation:** If we make a payment under this SUM coverage, we have the right to recover the amount of this payment from any person legally responsible for the bodily injury or loss of the person to whom, or for whose benefit, such payment was made to the extent of the payment. The insured or any person acting on

behalf of the insured must do whatever is necessary to transfer this right of recovery to us. Except as permitted by Condition 10, such person shall do nothing to prejudice this right.

14. **Payment of Loss by Company:** We shall pay any amount due under this SUM coverage to the insured, or at our option to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents.

15. **Action Against Company:** No lawsuit shall lie against us unless the insured or the insured's legal representative has first fully complied with all the terms of this SUM coverage.

16. **Survivor Rights:** If you or your spouse, if a resident of the same household, dies, this SUM coverage shall cover:

    a. the survivor as named insured;

    b. the decedent's legal representative as named insured, but only while acting within the scope of such representative's duties as such; and

    c. any relative who was an insured at the time of such death.

---

Form No. 1629A (10-95) NY

**ADDITIONAL PERSONAL INJURY PROTECTION COVERAGE - NEW YORK**

---

The Company agrees with the named insured subject to all of the provisions, exclusions and conditions of the Mandatory Personal Injury Protection Endorsement - New York not expressly modified in this Endorsement as follows:

**Additional Personal Injury Protection**

The Company will pay additional first party benefits to reimburse for extended economic loss on account of personal injuries sustained by an eligible injured person and caused by an accident arising out of the use or operation of a motor vehicle or motorcycle during the policy period. This coverage applies only to motor vehicle accidents which occur after January 1, 1982 and motorcycle accidents which occur on or after July 22, 1982, and within the United States of America, its territories or possessions, or Canada.

**Eligible Injured Person**

Subject to the exclusions and conditions set forth below, an eligible injured person is:

a. the named insured and any relative who sustains personal injury arising out of the use or operation of any motor vehicle; or

b. the named insured and any relative who sustains personal injury arising out of the use or operation

000930

of any motorcycle while not **occupying** a motorcycle; or

c. any other person who sustains personal injury arising out of the use or operation of the insured motor vehicle while **occupying** the insured motor vehicle; or

d. any other person who sustains personal injury arising out of the use or operation of any other motor vehicle (other than a public or livery conveyance) while **occupying** such other motor vehicle, if such other motor vehicle is being operated by the named insured or any **relative**.

**Exclusions**

This coverage does not apply to personal injury sustained by:

a. any person while occupying a motor vehicle owned by such person with respect to which the coverage required by the New York Comprehensive Automobile Insurance Reparations Act is not in effect;

b. any person while occupying, or while a pedestrian through being struck by, a motor vehicle owned by the named insured with respect to which additional personal injury protection coverage is not provided under this policy;

c. any relative while occupying, or while a pedestrian through being struck by, a motor vehicle owned by such relative with respect to which additional personal injury protection coverage is not provided under this policy;

d. any New York State resident other than the named insured or relative injured through the use or operation of a motor vehicle outside of New York State if such resident is the owner of a motor vehicle for which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

e. any person while occupying a motorcycle;

f. any person who intentionally causes his own personal injury;

g. any person as a result of operating a motor vehicle while in an intoxicated condition or while his ability to operate such vehicle is impaired by the use of a drug (within the meaning of Section 1192 of the New York Vehicle and Traffic Law); or

h. any person while:

   (i) committing an act which would constitute a felony, or seeking to avoid lawful apprehension or arrest by a law enforcement officer;

   (ii) operating a motor vehicle in a race or speed test;

   (iii) operating or **occupying** a motor vehicle known to him to be stolen; or

   (iv) repairing, servicing or otherwise maintaining a motor vehicle if such conduct is within the course of a business of repairing, servicing or otherwise maintaining a motor vehicle and the injury occurs on the business premises.

**Additional First Party Benefits**

Additional first party benefits are payments equal to extended economic loss reduced by:

a. 20 percent of the eligible injured person's loss of earnings from work, to the extent that the extended economic loss covered by this endorsement includes such loss of earnings;

b. amounts recovered or recoverable on account of personal injury to an eligible injured person under State or Federal laws providing social security disability or workers' compensation benefits or disability benefits under Article Nine of the New York Workers' Compensation Law, which amounts have not been applied to reduce first party benefits recovered or recoverable under basic economic loss;

c. amounts recovered or recoverable by the eligible injured person for any element of extended economic loss covered by this endorsement under any mandatory source of first party automobile no-fault benefits required by the laws of any State (other than the State of New York) or of the United States of America, its possessions or territories, or by the laws of any Province of Canada.

**Extended Economic Loss**

Extended economic loss shall consist of the following:

a. basic economic loss sustained on account of an accident occurring within the United States of America, its possessions or territories, or Canada, which is not recovered or recoverable under a policy issued in satisfaction of the requirements of Article VI or VIII of the New York Vehicle and Traffic Law and Article 51 of the New York Insurance Law;

b. the difference between:

   (i) basic economic loss; and

   (ii) basic economic loss recomputed in accordance with the time and dollar limits set out in the declarations;

36

37

000931

**Two Or More Motor Vehicles Insured Under This Policy**

The limit of liability under this endorsement applicable to injuries sustained by an eligible injured person while occupying or while a pedestrian through being struck by the insured motor vehicle shall be as stated in the declarations for that insured motor vehicle. The limit of liability for injuries covered by this endorsement and sustained by an **eligible injured person** while occupying, or while a pedestrian through being struck by, a motor vehicle, other than the insured motor vehicle, shall be the highest limit stated for this coverage in the declarations for any insured motor vehicle under this policy.

**Arbitration**

In the event any person making a claim for additional first-party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to arbitration pursuant to procedures promulgated or approved by the Superintendent of Insurance.

**Subrogation**

In the event of any payment for extended economic loss, the Company is subrogated to the extent of such payments to the rights of the person to whom, or for whose benefit, such payments were made. Such person must execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing to prejudice such rights.

**Other Coverage; Non-Duplication**

The eligible injured person shall not recover duplicate benefits for the same elements of loss covered by this endorsement or any other optional first party automobile or no-fault automobile insurance coverage.

If an eligible injured person is entitled to New York mandatory and added personal injury protection benefits under any other policy, and if such eligible injured person is not entitled to New York mandatory personal injury protection benefits under this policy, then the coverage provided under this Additional Personal Injury Protection Coverage - New York endorsement shall be excess over such other New York mandatory and additional personal injury protection benefits.

When coverage provided under this endorsement applies on an excess basis, it shall apply only in the amount by which the total limit of liability of New York mandatory and additional personal injury protection coverage available under this policy exceeds the total limit of liability for any other applicable New York mandatory and additional personal injury protection coverage.

Subject to the provisions of the preceding three paragraphs, if the eligible injured person is entitled to benefits under any other optional first party automobile or no-fault automobile insurance for the same elements of loss covered by this endorsement, this Company shall be liable only for an amount equal to the proportion that the total amount available under this endorsement bears to the sum of the amounts available under this endorsement and such other optional insurance, for the same elements of loss.

---

Form No. 1630 (10-95) NY
**EXCLUSION OF MEDICAL EXPENSE FROM PERSONAL INJURY PROTECTION COVERAGE - NEW YORK**

---

The following exclusion applies to the named insured, or named insured and relative, as indicated below or in the declarations:

In consideration of a reduction in premium, it is agreed that:

If the medical expense element of Basic Economic Loss is identified as not applicable in the declarations, the Company shall not be liable for any items of such loss which would otherwise be covered under the Mandatory Personal Injury Protection Coverage - New York endorsement with respect to the named insured or named insured and any relative as specified in the declarations. Coverage for any such medical expense element of basic economic loss provided to such named insured or such relative by a company or corporation in accordance with the provisions of Section 5103(g) of the New York Insurance Law shall reduce the $50,000 aggregate limit of liability for basic economic loss to such person under this policy. This endorsement shall be effective during the term of this policy so long as the medical expense coverage provided by such company or corporation remains in effect, notwithstanding any provisions in the declarations of this policy to the contrary, and in the event this endorsement shall no longer be in effect the premium may be adjusted accordingly.

---

Form No. 1635 (11-91)
**OPTIONAL BASIC ECONOMIC LOSS COVERAGE ENDORSEMENT (NEW YORK)**

---

The Company agrees with the named insured, subject to all the provisions, exclusions and conditions of the MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT (New York) not expressly modified in this Endorsement, as follows:

The definition of Basic Economic Loss contained in the MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT (New York) or the MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT - MOTORCYCLES (New York) is replaced by the following:

**Basic Economic Loss:**

    Basic economic loss shall consist of medical expense, work loss, other expense and, when death

38          39

000932

occurs, a death benefit as herein provided. Except for such death benefit, basic economic loss shall not include any loss sustained on account of death. Basic economic loss of each eligible injured person on account of any single accident shall not exceed $75,000, the last $25,000 of which represents optional basic economic loss coverage, payable after the first $50,000 of basic economic loss has been exhausted, that the eligible injured person or that person's legal representative may specify will be applied to one of the following four options:

(1) basic economic loss;

(2) loss of earnings from work;

(3) psychiatric, physical or occupational therapy and rehabilitation; or

(4) a combination of options (2) and (3).

Any death benefit hereunder shall be in addition thereto.

Exclusion (c) set forth in the MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT (New York) is replaced by the following:

(c) the named insured or relative while occupying, or while a pedestrian through being struck by, a motor vehicle in New York State, other than the insured motor vehicle, with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is in effect; however, this exclusion does not apply to:

(1) the Optional Basic Economic Loss coverage provided under this endorsement, unless OBEL coverage is provided by the policy covering the other motor vehicle; or

(2) personal injury sustained in New York State by the named insured or relative while occupying a bus or school bus, as defined in Sections 104 and 142 of the New York Vehicle and Traffic Law, unless that person is the operator, an owner, or an employee of the operator or owner, of such bus or school bus.

Election of the OBEL option shall be made by the eligible injured person or that person's legal representative after such person has incurred expense aggregating $30,000 in basic economic loss and after receiving the required notices from the Company that an OBEL election may be made. Failure of the eligible injured person or that person's legal representative to respond to the second notice within 15 calendar days after its mailing shall be considered an election by the eligible injured person to apply OBEL coverage to all elements of basic economic loss. Once made by the eligible injured person or that person's legal representative, an OBEL election cannot be changed.

40

However, if claims payable under OBEL coverage have not yet been received by the Company, an eligible injured person who has failed to respond to the second notice in a timely manner may make an election.

Notice

If OBEL coverage is payable under this policy, but Mandatory PIP is being paid under a policy covering another motor vehicle, then the named insured or relative shall notify the Company no later than 90 days after Mandatory PIP benefits under that other policy have been exhausted. The Company shall then send its OBEL election notice.

---

Form No. 1716 (10-95) NY
MANDATORY PERSONAL INJURY PROTECTION
ENDORSEMENT - NEW YORK

---

The Company agrees with the named insured as follows:

SECTION I

Mandatory Personal Injury Protection

The Company will pay first-party benefits to reimburse for basic economic loss sustained by an eligible injured person on account of personal injuries caused by an accident arising out of the use or operation of a motor vehicle or a motorcycle during the policy period and within the United States of America, its territories or possessions, or Canada.

First-Party Benefits

First-party benefits, other than death benefits, are payments equal to basic economic loss, reduced by the following:

(a) 20 percent of the eligible injured person's loss of earnings from work to the extent that an eligible injured person's basic economic loss consists of such loss of earnings;

(b) amounts recovered or recoverable on account of personal injury to an eligible injured person under State or Federal laws providing social security disability or workers' compensation benefits, or disability benefits under Article Nine of the New York Workers' Compensation Law; and

(c) the amount of any applicable deductible, provided that such deductible shall apply to each accident, but only to the total of first-party benefits otherwise payable to the named insured and any relative as a result of that accident.

Basic Economic Loss

Basic economic loss shall consist of medical expense, work loss, other expense and, when death occurs, a death benefit as herein provided. Except for such death benefit,

41

000933

basic economic loss shall not include any loss sustained on account of death. Basic economic loss of each eligible injured person on account of any single accident shall not exceed $50,000, except that any death benefit hereunder shall be in addition thereto.

### Medical Expense

Medical expense shall consist of necessary expenses for:

(a) medical, hospital (including services rendered in compliance with Article 41 of Public Health Law, whether or not such services are rendered directly by a hospital), surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services;

(b) psychiatric, physical and occupational therapy and rehabilitation;

(c) any non-medical remedial care and treatment rendered in accordance with a religious method of healing recognized by the laws of New York; and

(d) any other professional health services.

These medical expenses will not be subject to a time limitation, provided that, within one year after the date of the accident, it is ascertainable that further medical expenses may be sustained as a result of the injury. Payments hereunder for necessary medical expenses shall be subject to the limitations and requirements of Section 5108 of the New York Insurance Law.

### Work Loss

Work loss shall consist of the sum of the following losses and expenses, up to a maximum payment of $2,000 per month for a maximum period of three years from the date of the accident:

(a) loss of earnings from work which the eligible injured person would have performed had such person not been injured, except that an employee who is entitled to receive monetary payments, pursuant to statute or contract with the employer, or who receives voluntary monetary benefits paid for by the employer, by reason of such employee's inability to work because of personal injury arising out of the use or operation of a motor vehicle or a motorcycle, shall not be entitled to receive first-party benefits for loss of earnings from work to the extent that such monetary payments or benefits from the employer do not result in the employee suffering a reduction in income or a reduction in such employee's level of future benefits arising from a subsequent illness or injury; and

(b) reasonable and necessary expenses sustained by the eligible injured person in obtaining services in lieu of those which such person would have performed for income.

### Other Expenses

Other expenses shall consist of all reasonable and necessary expenses, other than medical expenses and work loss, up to $25 per day for a period of one year from the date of the accident causing injury.

### Death Benefit

Upon the death of any eligible injured person, caused by an accident to which this coverage applies, the Company will pay to the estate of such person a death benefit of $2,000.

### Eligible Injured Person

Subject to the exclusions and conditions set forth below, an eligible injured person is:

(a) the named insured and any relative who sustains personal injury arising out of the use or operation of any motor vehicle;

(b) the named insured and any relative who sustains personal injury arising out of the use or operation of any motorcycle, while not occupying a motorcycle;

(c) any other person who sustains personal injury arising out of the use or operation of the insured motor vehicle in the State of New York while not occupying another motor vehicle; or

(d) any New York State resident who sustains personal injury arising out of the use or operation of the insured motor vehicle outside of New York State while not occupying another motor vehicle.

### Exclusions

This coverage does not apply to personal injury sustained by:

(a) the named insured while occupying, or while a pedestrian through being struck by, any motor vehicle owned by the named insured with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

(b) any relative while occupying, or while a pedestrian through being struck by, any motor vehicle owned by the relative with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

(c) the named insured or relative while occupying, or while a pedestrian through being struck by, a motor vehicle in New York State, other than the insured motor vehicle, with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is in

000934

effect; however this exclusion does not apply to personal injury sustained in New York State by the named insured or relative while occupying a bus or school bus, as defined in Sections 104 and 142 of the New York Vehicle and Traffic Law, unless that person is the operator, an owner, or an employee of the operator or owner, of such bus or school bus;

(d) any person in New York State while occupying the insured motor vehicle which is a bus or school bus, as defined in Sections 104 and 142 of the New York Vehicle and Traffic Law, but only if such person is a named insured or relative under any other policy providing the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act; however, this exclusion does not apply to the operator, an owner, or an employee of the operator or owner, of such bus or school bus;

(e) any person while occupying a motorcycle;

(f) any person who intentionally causes his or her own personal injury;

(g) any person as a result of operating a motor vehicle while in an intoxicated condition or while his ability to operate such vehicle is impaired by the use of a drug (within the meaning of Section 1192 of the New York Vehicle and Traffic Law); or

(h) any person while:

1. committing an act which would constitute a felony, or seeking to avoid lawful apprehension or arrest by a law enforcement officer;

2. operating a motor vehicle in a race or speed test;

3. operating or occupying a motor vehicle known to that person to be stolen; or

4. repairing, servicing or otherwise maintaining a motor vehicle if such conduct is within the course of a business of repairing, servicing or otherwise maintaining a motor vehicle and the injury occurs on the business premises.

(i) the named insured or relative while not occupying a motor vehicle or a motorcycle when struck by a motorcycle in New York State with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is in effect;

(j) any New York State resident, other than the named insured or relative, injured through the use or operation of the insured motor vehicle outside of New York State if such resident is the owner or a relative of the owner of a motor vehicle insured under another policy providing the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act; or

(k) any New York State resident, other than the named insured or relative, injured through the use or operation of the insured motor vehicle outside of New York State if such resident is the owner of a motor vehicle for which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect.

**Other Definitions**

When used in reference to this coverage:

(a) "insured motor vehicle" means a motor vehicle owned by the named insured and to which the bodily injury liability insurance of this policy applies and for which a specific premium is charged;

(b) "motorcycle" means a vehicle as defined in Section 123 of the New York Vehicle and Traffic Law, and which is required to carry financial security pursuant to Article 6, 8, or 48-A of the Vehicle and Traffic Law;

(c) "motor vehicle" means a motor vehicle, as defined in Section 311 of the New York Vehicle and Traffic Law, and also includes fire and police vehicles, but shall not include any motor vehicle not required to carry financial security pursuant to Article 6, 8, or 48-A of the Vehicle and Traffic Law, or a motorcycle, as defined above;

(d) "named insured" means the person or organization named in the Declarations;

(e) "occupying" means in or upon or entering into or alighting from;

(f) "personal injury" means bodily injury, sickness or disease;

(g) "relative" means a spouse, child, or other person related to the named insured by blood, marriage, or adoption (including a ward or foster child), who regularly resides in the insured's household, including any such person who regularly resides in the household but is temporarily living elsewhere; and

(h) "use or operation" of a motor vehicle or a motorcycle includes the loading or unloading of such vehicle.

**Conditions**

**Action Against Company.** No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage.

44   45

000935

**Notice.** In the event of an accident, written notice setting forth details sufficient to identify the **eligible injured person**, along with reasonably obtainable information regarding the time, place and circumstances of the **accident**, shall be given by, or on behalf of, each **eligible injured person** to the Company, or any of the Company's authorized agents, as soon as reasonably practicable, but in no event more than 90 days after the date of the **accident**, unless the **eligible injured person** submits written proof that it was impossible to comply with such time limitation due to specific circumstances beyond such person's control. If an **eligible injured person** or that person's legal representative institutes a proceeding to recover damages for **personal injury** under Section 5104(b) of the New York Insurance Law, a copy of the summons and complaint or other process served in connection with such action shall be forwarded as soon as practicable to the Company or any of the Company's authorized agents by such **eligible injured person** or that person's legal representative.

**Proof of Claim; Medical, Work Loss, and Other Necessary Expenses.** In the case of a claim for health service expenses, the **eligible injured person** or that person's representative shall submit written proof of claim to the Company, including full particulars of the nature and extent of the injuries and treatment received and contemplated, as soon as reasonably practicable, but in no event later than 180 days after the date services are rendered or 180 days after the date written notice was given to the Company, whichever is later. The **eligible injured person** or that person's representative shall submit written proof of claim for work loss benefits to the Company as soon as reasonably practicable. Written proof of claim for other necessary expenses shall be submitted by the **eligible injured person**, or that person's representative, to the Company as soon as reasonably practicable, but in no event later than 90 days after the services are rendered. The foregoing time limitations for the submission of proof of claim shall apply unless the **eligible injured person** or that person's representative submits written proof that it was impossible to comply with such time limitation due to specific circumstances beyond such person's control. Upon request by the Company, the **eligible injured person** or that person's representative shall:

(a) execute a written proof of claim under oath;

(b) provide authorization that will enable the Company to obtain medical records; and

(c) provide any other pertinent information that may assist the Company in determining the amount due and payable.

The **eligible injured person** shall submit to medical examination by physicians selected by, or acceptable to, the Company, when, and as often as, the Company may reasonably require.

**Arbitration.** In the event any person making a claim for first-party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to arbitration pursuant to procedures promulgated or approved by the Superintendent of Insurance.

**Reimbursement and Trust Agreement.** To the extent that the Company pays first-party benefits, the Company is entitled to the proceeds of any settlement or judgment resulting from the exercise of any right of recovery for damages for **personal injury** under Section 5104(b) of the New York Insurance Law. The Company shall have a lien upon any such settlement or judgment to the extent that the Company has paid first-party benefits. An **eligible injured person** shall:

(a) hold in trust, for the benefit of the Company, all rights of recovery which that person shall have for **personal injury** under Section 5104(b) of the New York Insurance Law;

(b) do whatever is proper to secure, and shall do nothing to prejudice, such rights; and

(c) execute, and deliver to the Company, instruments and papers as may be appropriate to secure the rights and obligations of such person and the Company established by this provision.

An **eligible injured person** shall not compromise an action to recover damages brought under Section 5104(b) of the New York Insurance Law except:

(a) with the written consent of the Company;

(b) with approval of the court; or

(c) where the amount of the settlement exceeds $50,000.

**Other Coverage.** Where more than one source of first-party benefits required by Article 51 of the New York Insurance Law and Article VI or VIII of the New York Vehicle and Traffic Law is available and applicable to an **eligible injured person** in any one **accident**, this Company is liable to an **eligible injured person** only for an amount equal to the maximum amount that the **eligible injured person** is entitled to recover under this coverage, divided by the number of available and applicable sources of required first-party benefits. An **eligible injured person** shall not recover duplicate benefits for the same elements of loss under this coverage or any other mandatory first-party motor vehicle or no-fault motor vehicle insurance coverage issued in compliance with the laws of another state.

If the **eligible injured person** is entitled to benefits under any such mandatory first-party motor vehicle or no-fault motor vehicle insurance for the same elements of loss under this coverage, this Company shall be liable only for an amount equal to the proportion that the total amount available under this coverage bears to the sum of the amount available under this coverage and the amount available

46 | 47

under such other mandatory insurance for the common elements of loss. However, where another state's mandatory first-party or no-fault motor vehicle insurance law provides unlimited coverage available to an eligible injured person for an element of loss under this coverage, the obligation of this Company is to share equally for that element of loss with such other mandatory insurance until the $50,000, or $75,000 if Optional Basic Economic Loss (OBEL) coverage is purchased, limit of this coverage is exhausted by the payment of that element of loss and any other elements of loss.

### SECTION II

**Excess Coverage**

If motor vehicle medical payments coverage or any disability coverages or uninsured motorists coverage are afforded under this policy, such coverages shall be excess insurance over any Mandatory PIP, OBEL, or Additional PIP benefits paid or payable, or which would be paid or payable but for the application of a deductible, under this or any other motor vehicle no-fault insurance policy.

### SECTION III

**Constitutionality**

If it is conclusively determined by a court of competent jurisdiction that the New York Comprehensive Motor Vehicle Insurance Reparations Act, or any amendment thereto, is invalid or unenforceable in whole or in part, then, subject to the approval of the Superintendent of Insurance, the Company may amend this policy and may also recompute the premium for the existing or amended policy.

These amendments and recomputations will be effective retroactively to the date that such act or any amendment is deemed to be invalid or unenforceable in whole or in part.

---

Form No. 1792C (1-96)
**NEW YORK AMENDATORY ENDORSEMENT - LIMIT OF LIABILITY**

---

The Limit of Liability section, item 2. **COMBINED BODILY INJURY AND PROPERTY DAMAGE LIMITS:** of PART I - LIABILITY TO OTHERS is amended as follows:

**2. COMBINED BODILY INJURY AND PROPERTY DAMAGE LIMITS:**

A. Subject to item 1 above, if your Declarations indicate that combined **bodily injury and property damage** limits apply and if the limit of liability shown in the Declarations is equal to or greater than $160,000, the Limit of Liability provision is changed by the following:

**LIMIT OF LIABILITY** applies except that we will apply the limit of liability shown in the Declarations to first provide the separate limits required by the New York Motor Vehicle Safety Responsibility Act for:

48

1. **Bodily injury** not resulting in death of any one person caused by any one accident;
2. **Bodily injury** not resulting in death of two or more persons caused by any one accident;
3. **Bodily injury** resulting in death of any one person caused by any one accident;
4. **Bodily injury** resulting in death of two or more persons caused by any one accident;
5. Property damage in any one accident.

This provision will not change our total limit of liability.

B. Subject to Item 1 above, if your Declarations indicate that combined **bodily injury and property damage** limits apply and the limit of liability shown in the Declarations is less than $160,000, the Limit of Liability provision is replaced by the following:

Regardless of the number of covered autos, insureds, premiums paid, claims made or vehicles involved, or lawsuits brought, the most we will pay for the total of all damages combined, resulting from any one accident, is the Limit of Liability for Liability Coverage shown in the Declarations, except for those damages for **bodily injury** resulting in death. We will apply the limit of insurance shown in the Declarations to first provide the separate limits required by the New York Motor Vehicle Safety Responsibility Act as follows:

1. **Bodily injury** not resulting in death of any one person caused by any one accident;
2. **Bodily injury** not resulting in death of two or more persons caused by any one accident;
3. Property damage in any one accident.

This provision will not change our total limit of liability.

In addition, our limit of liability for **bodily injury** resulting in death is as follows:

1. Up to $50,000 for **bodily injury** resulting in death of any one person caused by any one accident; and
2. Up to $100,000 for **bodily injury** resulting in death of two or more persons caused by one accident, subject to a $50,000 maximum for any one person.

If the limit of liability shown in the Declarations is not exhausted by the payment of damages for:

1. **Bodily injury** not resulting in death, or
2. **Property damage,**

any remaining amounts will be used to pay damages for **bodily injury** resulting in death, to the extent the limit of liability shown in the Declarations is not increased.

49

000937

Form No. 3628 (1-97)
### NEW YORK SPLIT SUPPLEMENTARY UNINSURED MOTORISTS LIMITS

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

Conditions (5) and (6) of Supplementary Uninsured Motorists Endorsement - New York are amended as follows:

(5) SUM Limits. The SUM limits payable under this endorsement shall be the SUM limits stated in the Declarations or if the bodily injury results in death, we will provide SUM limits of the higher of the SUM limits shown in the Declarations or $100,000 for such **bodily injury** resulting in death sustained by any one person as the result of any one accident and, subject to this per person limit, $300,000 for such **bodily injury** resulting in death sustained by two or more persons as the result of any one **accident**.

(6) Maximum SUM Payments. Regardless of the number of **insureds**, our maximum payment under this SUM endorsement shall be the difference between the SUM limits and the motor vehicle **bodily injury** liability or bond payments received by the **insured** or the **insured's** legal representative from or on behalf of all persons that may be legally liable for the **bodily injury** sustained by the **insured**.

The SUM limit shown on the Declarations for "EACH PERSON" is the amount of coverage for all damages due to **bodily injury** to one person. The SUM limit shown for "EACH ACCIDENT" is, subject to the limit for each person, the total amount of coverage for all damages due to **bodily injury** to two or more persons in the same accident.

Form No. 6077 (1-00)
### NEW YORK CHANGES - GENERAL PROVISIONS

Part IV - General Provisions item (3) (Two or More Autos Insured) is changed as follows:

This condition does not apply to liability coverage.

Form No. 6204 (1-96)
### NEW YORK AMENDATORY ENDORSEMENT

It is agreed that the policy is amended to read as follows:

Under **PART I - LIABILITY TO OTHERS:**

1. Exclusion 5. is deleted in its entirety.
2. Exclusion 20. is changed to read:

   20. **Bodily injury** or property damage resulting from the explosion or discharge of Class A and B explosives, poisonous gas, liquid gas or compressed gas and all other materials and/or commodities, other than nuclear material, as listed in the Motor Carrier Act of 1980 (49 CFR 173, 172.101, 173.389, 171.389, 171.8), manufactured, sold, transported, handled or distributed by an **insured**.

Under **Part II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS:**

1. Exclusion 2. is changed to read:

   2. Caused by war (declared or undeclared), civil war, insurrection, rebellion or revolution, or any consequence of any of these.

Form No. 6222 (5-96)
### NEW YORK CHANGES

This endorsement amends your policy and the attachments that are a part of it. Please read them carefully.

**General Definitions - item 7** is amended as follows:

7. Mobile Equipment

   Mobile Equipment means any of the following types of land vehicles, including any attached machinery or equipment:

   a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

   b. Vehicles maintained for use solely on or next to premises you own or rent;

   c. Vehicles that travel on crawler treads;

   d. Vehicles, whether self-contained or not, maintained primarily to provide mobility to permanently mounted power cranes, shovels, loaders, diggers or drills or road construction or resurfacing equipment such as graders, scrapers or rollers.

   e. Vehicles not described in paragraphs a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

000938