1.  air compressors, pumps and generators, including spraying, welding, building, cleaning, geophysical exploration, lighting and well servicing equipment; or

2.  cherry pickers and similar devices used to raise or lower workers.

f.  Vehicles not described in paragraphs a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **autos**:

(1)  Equipment designed primarily for:

a)  Snow removal;

b)  Road maintenance, but not construction or resurfacing; or

c)  Street cleaning.

(2)  Cherry pickers and similar devices mounted on automobile or chassis and used to raise or lower workers; and

(3)  Air compressors, pumps and generators, including cleaning, geophysical exploration, lighting or well servicing equipment.

However, the operation of equipment described in paragraphs f.(2) and f.(3) above is considered operation of **mobile equipment** and not operation of an **auto**.

**Part I - Liability To Others** - paragraph (3), page (7) is amended to read:

"We will defend any lawsuit for damages which are payable under this policy and settle any claim for those damages we think appropriate.

Our duty to defend or settle ends when the Liability To Others coverage Limit of Insurance has been exhausted by payment of judgments or settlements."

**Part I - Liability To Others** - page (8), exclusion (6) is amended to read as follows:

"**Bodily Injury** to an employee of the **insured** arising out of and in the course of employment by the **insured**.

This exclusion does not apply to **Bodily Injury** to domestic employees not entitled to Workers' Compensation benefits or to liability assumed by the **insured** under contract."

**Part I - Liability To Others** - exclusions 8, 10-20, 23, and 24 are deleted.

52

**Part I - Liability To Others** - page (12), paragraph (3) is deleted.

**Part II - Expenses For Medical Services To Insureds -** Exclusions, paragraph (1) is amended to read as follows:

"This paragraph does not apply to **bodily injury**."

**Part II - Expenses For Medical Services To Insureds -** page (15), paragraph (1) is deleted.

**Part III - Damage To Your Auto** - page (17), Item (14) is deleted.

**Part III - Damage To Your Auto** - the Limit of Liability section is amended to read as follows:

"The most we will pay for loss in any one accident is the lesser of:

1.  the **actual cash value** of the damaged or stolen property as of the time of the loss; or

2.  the cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

For each insured auto our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the declarations."

**Part IV - General Provisions** - page (21), Item (10), Fraud and Misrepresentation, is amended to read as follows:

"Upon discovery of fraud or material misrepresentation in the obtaining of this policy or in the presentation of a claim under it, we may cancel the policy by giving appropriate notice."

**ATTACHMENTS**

If applicable to **your** policy, the following attachments are amended as indicated:

**Garagekeepers Legal Liability, Form 6870 (10-95)** - the Limit of Liability section is amended to read as follows:

"Regardless of the number of **insured autos**, separate premiums paid, **insureds**, claims made, vehicles involved or lawsuits brought, the most we will pay for the aggregate of all damages resulting from any one accident is the Limit of Liability shown in the declarations for this coverage, minus any applicable deductible shown in the declarations. If we pay all or any part of the deductible to settle a claim or suit, **you** must reimburse us for the deductible or that portion of the deductible we have paid."

**On-Hook Towing Endorsement, Form 8449 (10-95)** - exclusion (12) is amended to read as follows:

"Loss to video receiving equipment, telephones, scanning monitors, receivers, or televisions in a towed auto."

53

The Limit of Liability clause is amended to read:

"Regardless of the number of **insured autos**, separate premiums paid, **Insureds**, claims made, vehicles involved or lawsuits brought, the most **we will** pay for the aggregate of all damages resulting from any one accident, after application of the deductible, is the limit of liability shown in the declarations for this coverage. If **we** pay all or any part of the deductible to settle a claim or suit, **you** must reimburse **us** for the deductible or that portion of the deductible **we** have paid."

Form No. 9810 (9-96)

### UNINSURED MOTORISTS ENDORSEMENT - NEW YORK

**We**, the Company, agree with **you**, as the named **insured**, in return for the payment of the premium for this coverage to provide **you** with Uninsured Motorist (UM) Coverage, subject to the following terms and conditions:

**INSURING AGREEMENTS**

1.  **Damages for Bodily Injury Caused by Uninsured Motor Vehicles.**

    **We** will pay all sums which the **insured**, as defined herein, or the **insured's** legal representative shall be legally entitled to recover as damages from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **insured**, and caused by accident arising out of such **uninsured motor vehicle's** ownership, maintenance or use, subject to the Exclusions, Conditions, Limits and other provisions of the UM endorsement; provided, for the purposes of this coverage, determination as to whether the **insured** or the **insured's** representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the **insured** or the **insured's** representative and **us** or, if they fail to agree, by arbitration.

2.  **Definitions.** For purposes of the UM endorsement, the following terms shall have the following meanings:

    (a)  **Insured.** The unqualified term "**insured**" means:

    (1)  **You**, as the named **insured**, and while residents of the same household, **your** spouse and the **relatives** of either **you** or **your** spouse;

    (2)  Any other person while **occupying**:

    (i)  A motor vehicle owned by the named insured or, if the named insured is an individual, such spouse and used by or with the permission of either, or

    (ii)  Any other motor vehicle while being operated by the named insured or such spouse, except a person **occupying** a motor vehicle not registered in the State of New York, while used as a public or livery conveyance; and

    (3)  Any person, with respect to damages such person is entitled to recover because of **bodily injury** to which this coverage applies sustained by an **insured** under sub-paragraphs (1) or (2) above.

    (b)  **Uninsured Motor Vehicle.** The term "**uninsured motor vehicle**" means a motor vehicle that through its ownership, maintenance or use, results in **bodily injury** to an **insured**, and for which:

    (1)  No **bodily injury** liability insurance policy or bond applies to such vehicle (including a vehicle that was stolen, operated without the owner's permission, or unregistered) at the time of the accident; or

    (2)  Neither the owner nor driver can be identified, including a hit-and-run vehicle, and which causes **bodily injury** to an **insured** by physical contact with the **insured** or with a motor vehicle occupied by the **insured** at the time of the accident, provided that:

    (i)  The **insured** or someone on the **insured's** behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles and shall have filed with **us** a statement under oath that the **insured** or the **insured's** legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

    (ii)  At **our** request, the **insured** or the **insured's** legal representative makes available for inspection the motor vehicle the **insured** was **occupying** at the time of the accident; or

    (3)  There is **bodily injury** liability insurance coverage or a bond applicable to such motor vehicle at the time of the accident, but:

    (i)  The amount of such insurance coverage or bond is less than the UM limits of this policy; or

54

55

000940

(ii) The insurer writing such insurance coverage or bond denies coverage.

(4) The term "uninsured motor vehicle" does not include a motor vehicle that is:

(i) Insured under the liability coverage of this policy; or

(ii) Owned by you, as the named insured, and while residents of the same household, your spouse and relatives of either you or your spouse; or

(iii) Self-insured within the meaning of the financial responsibility law of the State in which the motor vehicle is registered, or any similar State or Federal law, to the extent that the required amount of such coverage is equal to, or greater than, the UM limits of this policy; or

(iv) Owned by the United States of America, Canada, a State, a political subdivision of any such government, or an agency of any of the foregoing; or

(v) A land motor vehicle or trailer, while located for use as a residence or premises and not as a vehicle, or while operated on rails or crawler-treads; or

(vi) A farm type vehicle or equipment designed for use principally off public roads, except while actually upon public roads.

(c) Hit-and-Run Motor Vehicle. The term "hit-and-run motor vehicle" means a motor vehicle which causes bodily injury to an insured arising out of physical contact of such motor vehicle with the insured or with a motor vehicle which the insured is occupying at the time of the accident, provided:

(1) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run motor vehicle";

(2) the insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the Company within 90 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

56

(3) at our request, the insured or his legal representative makes available for inspection the motor vehicle which the insured was occupying at the time of the accident.

(d) Bodily Injury. The term "bodily injury" means bodily harm, including sickness, disease or death resulting therefrom.

(e) Occupying. The term "occupying" means in, upon, entering into, or exiting from a motor vehicle.

(f) State. The term "State" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

3. Territory. The coverage provided by this UM endorsement applies only to accidents which occur within the State of New York.

EXCLUSIONS

This UM coverage does not apply:

1. To bodily injury to an insured while operating a motor vehicle in violation of an order of suspension or revocation; or to care or loss of services recoverable by an insured because of such bodily injury so sustained.

2. To bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, the insured's legal representatives or any person entitled to payment under this UM coverage shall, without our written consent, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor, but this provision shall be subject to Condition 6 of the UM endorsement.

3. To bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for at least the minimum bodily injury liability limits and UM limits required by law under the policy under which a claim is made, or is not a newly acquired or replacement auto covered under the terms of this policy.

4. So as to inure directly or indirectly to the benefit of any workers' compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workers' compensation or disability benefits law or any similar law.

5. For non-economic loss, resulting from bodily injury to an insured and arising from an accident in New York State, unless the insured has sustained serious injury as defined in Section 5102 (d) of the New York Insurance Law.

57

000941

## CONDITIONS

1. **Policy Provisions.** None of the Insuring Agreements, Exclusions or Conditions of the policy shall apply to this UM coverage except "Duties After an Accident or Loss", "Fraud" and "Termination" if applicable.

2. **Premium.** If during the policy period the number of motor vehicles owned by the named insured or spouse and registered in New York or the number of New York dealer's license plates or transporter plates issued to the named insured changes, the named insured shall notify us during the policy period of any such change and the premium shall be adjusted as of the date of such change in accordance with the manuals in use by us. If the earned premium thus computed exceeds the advance premium paid, the named insured shall pay the excess to us; if less, we shall return to the named insured the unearned portion paid by such insured.

3. **Notice and Proof of Claim.** Within 90 days or as soon as practicable, the insured or other person making claim shall give us written notice of claim under this UM endorsement.

   As soon as practicable after our written request, the insured or other person making any claim shall give us written proof of claim, under oath if required, including full particulars as to the nature and extent of the injuries, treatment, and other details we need to determine the UM amount payable hereunder.

   The insured and every other person making claim hereunder shall, as may reasonably be required, submit to examinations under oath by any person named by us and subscribe the same. Proof of claim shall be made upon forms we furnish unless we fail to furnish such forms within 15 days after receiving notice of claim.

4. **Medical Reports.** The injured person shall submit to physical examinations by physicians we select when and as often as we may reasonably require. The insured, or in the event of the insured's incapacity, such insured's legal representative, or in the event of the insured's death, the insured's legal representative or the person or persons entitled to sue therefor, shall upon our request authorize us, when and as often as we may reasonably require, to obtain relevant medical reports and copies of records.

5. **Notice of Legal Action.** If the insured or such insured's legal representative brings any lawsuit against any persons or organizations legally responsible for the use of a motor vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with the lawsuit shall be forwarded immediately to us by the insured or the insured's legal representative.

58

6. **UM Limit of Liability.** The UM limit payable under this UM endorsement shall be:

   (a) The limit of our liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident is $25,000 per person and, subject to this per person limit, the total limit of our liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident is $50,000.

   (b) If the bodily injury results in death, the limit of our liability shall be $50,000 for such bodily injury resulting in death sustained by one person as the result of any one accident and, subject to this limit for each person, $100,000 for such bodily injury resulting in death sustained by two or more persons as the result of any one accident.

   (c) Any amount payable under the terms of this UM endorsement, including amounts payable for care or loss of services, because of bodily injury sustained by one person shall be reduced by (1) all sums paid to one or more insureds on account of such bodily injury by or on behalf of (a) the owner or operator of the uninsured motor vehicle and (b) any other person or persons jointly or severally liable together with such owner or operator for such bodily injury, and (2) all sums paid to one or more insureds on account of bodily injury sustained in the same accident under any insurance or statutory benefit similar to that provided by this UM endorsement.

7. **Other Insurance.** With respect to bodily injury to an insured while occupying a motor vehicle not owned by the named insured, the coverage under this UM endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such motor vehicle as primary insurance, and this UM endorsement shall then apply only in the amount by which the limit of liability of such other age exceeds the applicable limit of liability of such other insurance.

   Except as provided in the foregoing paragraph, if there is other similar insurance available to the insured and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this coverage and such other insurance, and we shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this UM endorsement and such other insurance.

59

8.  **Release or Advance.** In **accidents** involving the **insured** and one or more negligent parties, if such **insured** settles with any such party for the available limit of the motor vehicle bodily injury liability coverage of such party, release may be executed with such party after thirty calendar days actual written notice to **us**, unless within this time period **we** agree to advance such settlement amounts to the **insured** in return for the cooperation of the **insured** in **our** lawsuit on behalf of the **insured**.

**We** shall have a right to the proceeds of any such lawsuit equal to the amount advanced to the **insured** and any additional amounts paid under this UM coverage. Any excess above those amounts shall be paid to the **insured**.

An **insured** shall not otherwise settle with any negligent party, without **our** written consent, such that **our** rights would be impaired.

9.  **Non-Duplication.** This UM coverage shall not duplicate any of the following:

    (a)  Benefits payable under workers' compensation or other similar laws;

    (b)  Non-occupational disability benefits under Article Nine of the Workers' Compensation Law or other similar law;

    (c)  Any amounts recovered or recoverable pursuant to Article Fifty-One of the New York Insurance Law or any similar motor vehicle insurance payable without regard to fault;

    (d)  Any valid or collectible motor vehicle medical payments insurance; or

    (e)  Any amounts recovered as bodily injury damages from sources other than motor vehicle bodily injury insurance policies or bonds.

10. **Arbitration.** If **we** do not agree with the **insured** or the **insured's** representative making claim hereunder that the **insured** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** to the **insured**, or do not agree as to the amount of payment which may be owing under this UM endorsement, then upon written demand of either the claimant or **us**, the matter or matters upon which **we** do not agree with such person shall be settled by arbitration in accordance with the rules and procedures of the American Arbitration Association prescribed or approved by the Superintendent of Insurance for this purpose. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and **we** each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this UM endorsement.

60

11. **Subrogation.** If **we** make a payment under this UM coverage, **we** have the right to recover the amount of this payment from any person legally responsible for the **bodily injury** or loss of the person to whom, or for whose benefit, such payment was made to the extent of the payment. The **insured** or any person acting on behalf of the **insured** must do whatever is necessary to transfer this right of recovery to **us**. Except as permitted by Condition 8, such person shall do nothing to prejudice this right.

12. **Payment of Loss by Company.** **We** shall pay any amount due under this UM endorsement to the **insured** or, at **our** option, to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents.

13. **Action Against Company.** No lawsuit shall lie against **us** unless, as a condition precedent thereto, the **insured** or the **insured's** legal representative has first fully complied with all the terms of this UM endorsement.

14. **Assignment.** Assignment of interest under this UM endorsement shall not bind **us** until **our** consent is endorsed hereon.

15. **Survivor Rights.** If **you** or **your** spouse, if a resident of the same household, dies, this UM coverage shall cover:

    (a)  The survivor as named **insured**;

    (b)  The decedent's legal representative as named **insured**, but only while acting within the scope of such representative's duties as such; and

    (c)  Any relative who was an **insured** at the time of such death.

16. **Policy Period-Termination.** This UM coverage applies only to accidents which occur on or after the effective date hereof and during the policy period shall terminate upon (1) termination of the policy of which it forms a part or (2) termination of New York registration on all motor vehicles owned by the named insured or spouse.

This UM endorsement must be attached to the Change Endorsement when issued after the policy is written.

61

*1781 700 91*



### NEW YORK AMENDATORY ENDORSEMENT - CANCELLATION AND NONRENEWAL

We agree with **you** to the provisions of the policy and endorsements, however the CANCELLATION OF THIS POLICY and NONRENEWAL OF THIS POLICY sections of PART IV – GENERAL PROVISIONS are replaced by the following:

#### CANCELLATION OF THIS POLICY

1. **You** may cancel this policy by mailing or delivering to **us** advance written notice of cancellation or by not paying a premium when it comes due. The cancellation date can be no earlier than 12:01 a.m. on the day after **your** written request is postmarked.

2. If **you** cancel this policy by not paying a premium installment when it is due, we will provide **you** written notice of cancellation, at **your** last mailing address known to **us**, at least 15 days before the effective date of cancellation.

3. If **we** cancel during the first 60 days the policy is in effect, **we** will give at least 20 days notice for any reason not included in paragraph 4. below.

4. If **we** cancel during the first 60 days the policy is in effect, **we** will give at least 15 days notice for the following reasons:

   a. conviction of a crime arising out of acts increasing the hazard insured against;

   b. discovery of fraud or material misrepresentation in:

      1) obtaining the policy, or

      2) presenting a claim;

   c. after issuance of the policy or after the last renewal date, discovery of an act or omission, or a violation of any policy condition, that substantially and materially increases the hazard insured against, and which occurred subsequent to inception of the current policy period;

   d. material physical change in the property insured, occurring after issuance or last annual renewal anniversary date of the policy, which results in the property becoming uninsurable; or material change in the nature or extent of the risk, occurring after issuance or last annual renewal anniversary date of the policy, which causes the risk of loss to be substantially and materially increased;

   e. required pursuant to a determination by the Superintendent that continuation of **our** present premium volume would jeopardize **our** solvency or be hazardous to the interests of **our** policyholders, **our** creditors or the public;

   f. a determination by the Superintendent that the continuation of the policy would violate, or would place **us** in violation of, any provision of the Insurance Code;

   g. where **we** have reason to believe, in good faith and with sufficient cause, that there is a probable risk of danger that the insured will destroy, or permit to be destroyed, the insured property for the purpose of collecting the insurance proceeds. However, if **we** cancel for this reason, **you** may make a written request to the Insurance Department, within 10 days of receipt of this notice, to review **our** cancellation decision. **We** will also send a copy of the notice, simultaneously, to the Insurance Department; or

   h. suspension or revocation during the policy period of the driver's license of any person who continues to operate a covered **auto**, other than a suspension issued pursuant to Subdivision One of Section 510b of the Vehicle and Traffic Law or one or more administrative suspensions arising from the same incident which has or have been terminated prior to the effective date of cancellation.

5. When this policy is in effect more than 60 days or is a renewal or continuation policy, **we** may cancel only for any of the reasons listed in paragraphs 4.a. through 4.h. above, provided **we** mail **you** at least 15 days notice. If one of the reasons listed in paragraphs 4.a. through 4.h. exists, **we** may cancel the entire policy.

#### NONRENEWAL OF THIS POLICY

1. If **we** decide not to renew or continue this policy, **we** will (subject to the laws of New York) mail notice to the named insured shown in the Declarations. If the policy period is other than 1 year, **we** will have the right not to renew or continue it only at each anniversary of its original effective date.

2. If **we** have the right not to renew or continue this policy, **we** may instead condition renewal upon:

000945

    a.  change of limits;

    b.  reduction of coverage;

    c.  increased deductible;

    d.  addition of exclusion;

    e.  increased premiums in excess of 10%, exclusive of any premium increase due to and commensurate with insured value added; or as a result of experience rating, retrospective rating or audit;

    f.  elimination of any coverage not required by law. This applies only if we mail notice to the named insured shown in the Declarations.

3.  The notice required by Parts 1 and 2 of this section must:

    a.  be mailed to the address shown in this policy at least 60 but not more than 120 days before the end of the policy period; and

    b.  state or include the reason for our action.

4.  We are not required to mail notice of nonrenewal to the named insured shown in the Declarations if we are given written notice that this policy:

    a.  has been replaced; or

    b.  is no longer wanted.

    This written notice may be given to **us** by:

    a.  **you**;

    b.  another insurer; or

    c.  **your** representative.

## OTHER TERMINATION PROVISIONS

The following provisions also apply:

1.  **We** may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2.  If this policy is cancelled, we will send **you** (the first named insured) any premium refund due. The refund, if any, will be pro-rata. This means that unearned premium to be returned will be in the same proportion to total policy premium as the remaining policy term (after date of cancellation) bears to the total policy term. Unearned premium will be calculated on a daily basis.

3.  If the return premium is not refunded upon notice of cancellation, the premium will be refunded within a reasonable time after the date the cancellation takes effect. However, making or offering to make the refund is not a condition of cancellation.

000946



**NEW YORK AMENDATORY ENDORSEMENT**

It is agreed that the policy is amended to read as follows:

Under **PART I - LIABILITY TO OTHERS:**

1. Exclusion 5. is deleted in its entirety.

2. Exclusion 20. is changed to read:

   20. **Bodily injury** or **property damage** resulting from the explosion or discharge of Class A and B explosives, poisonous gas, liquid gas or compressed gas and all other materials and/or commodities, other than nuclear material, as listed in the Motor Carrier Act of 1980 (49 CFR 173, 172.101, 173.389, 171.389, 171.8), manufactured, sold, transported, handled or distributed by an **insured**.

Under **Part II - EXPENSES FOR MEDICAL SERVICES TO INSUREDS:**

1. Exclusion 2. is changed to read:

   2. Caused by war (declared or undeclared), civil war, insurrection, rebellion or revolution, or any consequence of any of these.

Form No. 6204 (1-96)

000947

*PROGRESSIVE*®

## MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT - NEW YORK

The Company agrees with the named insured as follows:

**SECTION I**

**Mandatory Personal Injury Protection**

The Company will pay first-party benefits to reimburse for **basic economic loss** sustained by an **eligible injured person** on account of **personal injuries** caused by an **accident** arising out of the **use or operation** of a **motor vehicle** or a **motorcycle** during the policy period and within the United States of America, its territories or possessions, or Canada.

**First-Party Benefits**

First-party benefits, other than death benefits, are payments equal to **basic economic loss**, reduced by the following:

(a) 20 percent of the **eligible injured person's** loss of earnings from work to the extent that an **eligible injured person's** basic economic loss consists of such loss of earnings;

(b) amounts recovered or recoverable on account of **personal injury** to an **eligible injured person** under State or Federal laws providing social security disability or workers' compensation benefits, or disability benefits under Article Nine of the New York Workers' Compensation Law; and

(c) the amount of any applicable deductible, provided that such deductible shall apply to each **accident**, but only to the total of first-party benefits otherwise payable to the named insured and any **relative** as a result of that **accident**.

**Basic Economic Loss**

**Basic economic loss** shall consist of medical expense, work loss, other expense and, when death occurs, a death benefit as herein provided. Except for such death benefit, **basic economic loss** shall not include any loss sustained on account of death. **Basic economic loss** of each **eligible injured person** on account of any single **accident** shall not exceed $50,000, except that any death benefit hereunder shall be in addition thereto.

**Medical Expense**

Medical expense shall consist of necessary expenses for:

(a) medical, hospital (including services rendered in compliance with Article 41 of Public Health Law, whether or not such services are rendered directly by a hospital), surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services;

(b) psychiatric, physical and occupational therapy and rehabilitation;

(c) any non-medical remedial care and treatment rendered in accordance with a religious method of healing recognized by the laws of New York; and

(d) any other professional health services.

These medical expenses will not be subject to a time limitation, provided that, within one year after the date of the **accident**, it is ascertainable that further medical expenses may be sustained as a result of the injury. Payments hereunder for necessary medical expenses shall be subject to the limitations and requirements of Section 5108 of the New York Insurance Law.

**Work Loss**

**Work loss** shall consist of the sum of the following losses and expenses, up to a maximum payment of $2,000 per month for a maximum period of three years from the date of the **accident**:

(a) loss of earnings from work which the **eligible injured person** would have performed had such person not been injured, except that an employee who is entitled to receive monetary payments, pursuant to statute or contract with the employer, or who receives voluntary monetary benefits paid for by the employer, by reason of such employee's inability to work because of personal injury arising out of the **use or operation** of a **motor vehicle** or a **motorcycle**, shall not be entitled to receive first-party benefits for loss of earnings from work to the extent that such monetary payments or benefits from the employer do not result in the employee suffering a reduction in income or a reduction in such employee's level of future benefits arising from a subsequent illness or injury; and

(b) reasonable and necessary expenses sustained by the **eligible injured person** in obtaining services in lieu of those which such person would have performed for income.

Form No. 1716 (1/00)

000948

**Other Expenses**

Other expenses shall consist of all reasonable and necessary expenses, other than medical expenses and work loss, up to $25 per day for a period of one year from the date of the accident causing injury.

**Death Benefit**

Upon the death of any **eligible injured person**, caused by an **accident** to which this coverage applies, the Company will pay to the estate of such person a death benefit of $2,000.

**Eligible Injured Person**

Subject to the exclusions and conditions set forth below, an **eligible injured person** is:

(a) the **named insured** and any **relative** who sustains **personal injury** arising out of the **use or operation** of any motor vehicle;

(b) the **named insured** and any **relative** who sustains **personal injury** arising out of the **use or operation** of any **motorcy-cle**, while not **occupying** a **motorcycle**;

(c) any other person who sustains **personal injury** arising out of the **use or operation** of the **insured motor vehicle** in the State of New York while not **occupying** another **motor vehicle**; or

(d) any New York State resident who sustains **personal injury** arising out of the **use or operation** of the **insured motor vehicle** outside of New York State while not **occupying** another **motor vehicle**.

**Exclusions**

This coverage does not apply to personal injury sustained by:

(a) the **named insured** while **occupying**, or while a pedestrian through being struck by, any motor vehicle owned by the **named insured** with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

(b) any **relative** while **occupying**, or while a pedestrian through being struck by, any **motor vehicle** owned by the **relative** with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

(c) the **named insured** or **relative** while **occupying**, or while a pedestrian through being struck by, a **motor vehicle** in New York State, other than the **insured motor vehicle**, with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is in effect; however this exclusion does not apply to personal injury sustained in New York State by the **named insured** or **relative** while **occupying** a bus or school bus, as defined in Sections 104 and 142 of the New York Vehicle and Traffic Law, unless that person is the operator, an owner, or an employee of the operator or owner, of such bus or school bus;

(d) any person in New York State while **occupying** the **insured motor vehicle** which is a bus or school bus, as defined in Sections 104 and 142 of the New York Vehicle and Traffic Law, but only if such person is a **named insured** or **relative** under any other policy providing the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act; however, this exclusion does not apply to the operator, an owner, or an employee of the operator or owner, of such bus or school bus;

(e) any person while **occupying** a **motorcycle**;

(f) any person who intentionally causes his or her own **personal injury**;

(g) any person as a result of operating a **motor vehicle** while in an intoxicated condition or while his ability to operate such vehicle is impaired by the use of a drug (within the meaning of Section 1192 of the New York Vehicle and Traffic Law); or

(h) any person while:

1. committing an act which would constitute a felony, or seeking to avoid lawful apprehension or arrest by a law enforcement officer;

2. operating a **motor vehicle** in a race or speed test;

3. operating or **occupying** a **motor vehicle** known to that person to be stolen; or

4. repairing, servicing or otherwise maintaining a **motor vehicle** if such conduct is within the course of a business of repairing, servicing or otherwise maintaining a motor vehicle and the injury occurs on the business premises.

(i) the **named insured** or **relative** while not **occupying** a **motor vehicle** or a **motorcycle** when struck by a **motorcycle** in New York State with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is in effect;

000949

(j)   any New York State resident other than the **named insured** or **relative** injured through the **use or operation** of the **insured motor vehicle** outside of New York State if such resident is the owner or a **relative** of the owner of a **motor vehicle** insured under another policy providing the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act; or

(k)   any New York State resident other than the **named insured** or **relative** injured through the **use or operation** of the **insured motor vehicle** outside of New York State if such resident is the owner of a motor vehicle for which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect.

**Other Definitions**

When used in reference to this coverage:

(a)   "**insured motor vehicle**" means a **motor vehicle** owned by the **named insured** and to which the **bodily injury** liability insurance of this policy applies and for which a specific premium is charged;

(b)   "**motorcycle**" means a vehicle as defined in Section 123 of the New York Vehicle and Traffic Law, and which is required to carry financial security pursuant to Article 6, 8, or 48-A of the Vehicle and Traffic Law;

(c)   "**motor vehicle**" means a motor vehicle, as defined in Section 311 of the New York Vehicle and Traffic Law, and also includes fire and police vehicles, but shall not include any motor vehicle not required to carry financial security pursuant to Article 6, 8, or 48-A of the Vehicle and Traffic Law, or a **motorcycle**, as defined above;

(d)   "**named insured**" means the person or organization named in the Declarations;

(e)   "**occupying**" means in or upon or entering into or alighting from;

(f)   "**personal injury**" means **bodily injury**, sickness or disease;

(g)   "**relative**" means a spouse, child, or other person related to the **named insured** by blood, marriage, or adoption (including a ward or foster child), who regularly resides in the **insured's** household, including any such person who regularly resides in the household but is temporarily living elsewhere; and

(h)   "**use or operation**" of a **motor vehicle** or a **motorcycle** includes the loading or unloading of such vehicle.

**Conditions**

**Action Against Company.** No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage.

**Notice.** In the event of an **accident**, written notice setting forth details sufficient to identify the **eligible injured person**, along with reasonably obtainable information regarding the time, place and circumstances of the **accident** shall be given by, or on behalf of, each **eligible injured person**, to the Company, or any of the Company's authorized agents, as soon as reasonably practicable, but in no event more than 30 days after the date of the **accident**, unless the **eligible injured person** submits written proof providing clear and reasonable justification for the failure to comply with such time limitation. If an **eligible injured person** or that person's legal representative institutes a proceeding to recover damages for **personal injury** under Section 5104(b) of the New York Insurance Law, a copy of the summons and complaint or other process served in connection with such action shall be forwarded as soon as practicable to the Company or any of the Company's authorized agents by such **eligible injured person** or that person's legal representative.

**Proof of Claim; Medical, Work Loss, and Other Necessary Expenses.** In the case of a claim for health service expenses, the **eligible injured person** or that person's assignee or legal representative shall submit written proof of claim to the Company, including full particulars of the nature and extent of the injuries and treatment received and contemplated, as soon as reasonably practicable, but in no event later than 45 days after the date services are rendered. The **eligible injured person** or that person's legal representative shall submit written proof of claim for work loss benefits and for other necessary expenses to the Company as soon as reasonably practicable, but in no event later than 90 days after the work loss is incurred or the other necessary services are rendered. The foregoing time limitations for the submission of proof of claim shall apply unless the **eligible injured person** or that person's legal representative submits written proof providing clear and reasonable justification for the failure to comply with such time limitation. Upon request by the Company, the **eligible injured person** or that person's assignee or representative shall:

(a)   execute a written proof of claim under oath;

(b)   as may reasonably be required submit to examinations under oath by any person named by the Company and subscribe the same;

(c)   provide authorization that will enable the Company to obtain medical records; and

(d)   provide any other pertinent information that may assist the Company in determining the amount due and payable.

The **eligible injured person** shall submit to medical examination by physicians selected by, or acceptable to, the Company, when, and as often as, the Company may reasonably require.

**Arbitration.** In the event any person making a claim for first-party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to arbitration pursuant to procedures promulgated or approved by the Superintendent of Insurance.

**Reimbursement and Trust Agreement.** To the extent that the Company pays first-party benefits, the Company is entitled to the proceeds of any settlement or judgment resulting from the exercise of any right of recovery for damages for **personal injury** under Section 5104(b) of the New York Insurance Law. The Company shall have a lien upon any such settlement or judgment to the extent that the Company has paid first-party benefits. An **eligible injured person** shall:

    (a) hold in trust, for the benefit of the Company, all rights of recovery which that person shall have for **personal injury** under Section 5104(b) of the New York Insurance Law;

    (b) do whatever is proper to secure, and shall do nothing to prejudice, such rights; and

    (c) execute, and deliver to the Company, instruments and papers as may be appropriate to secure the rights and obligations of such person and the Company established by this provision.

An **eligible injured person** shall not compromise an action to recover damages brought under Section 5104(b) of the New York Insurance Law except:

    (a) with the written consent of the Company;

    (b) with approval of the court; or

    (c) where the amount of the settlement exceeds $50,000.

**Other Coverage.** Where more than one source of first-party benefits required by Article 51 of the New York Insurance Law and Article VI or VIII of the New York Vehicle and Traffic Law is available and applicable to an **eligible injured person** in any one accident, this Company is liable to an **eligible injured person** only for an amount equal to the maximum amount that the eligible injured person is entitled to recover under this coverage, divided by the number of available and applicable sources of required first-party benefits. An **eligible injured person** shall not recover duplicate benefits for the same elements of loss under this coverage or any other mandatory first-party motor vehicle or no-fault motor vehicle insurance coverage issued in compliance with the laws of another state.

If the **eligible injured person** is entitled to benefits under any such mandatory first-party motor vehicle or no-fault motor vehicle insurance for the same elements of loss under this coverage, this Company shall be liable only for an amount equal to the pro-portion that the total amount available under this coverage bears to the sum of the amount available under this coverage and the amount available under such other mandatory insurance for the common elements of loss. However, where another state's mandatory first-party or no-fault motor vehicle insurance law provides unlimited coverage available to an **eligible injured person** for an element of loss under this coverage, the obligation of this Company is to share equally for that element of loss with such other mandatory insurance until the $50,000, or $75,000 if Optional Basic Economic Loss (OBEL) coverage is purchased, limit of this coverage is exhausted by the payment of that element of loss and any other elements of loss.

## SECTION II

### Excess Coverage

If motor vehicle medical payments coverage or any disability coverages or uninsured motorists coverage are afforded under this policy, such coverages shall be excess insurance over any Mandatory PIP, OBEL, or Additional PIP benefits paid or payable, or which would be paid or payable but for the application of a deductible, under this or any other motor vehicle no-fault insurance policy.

## SECTION III

### Constitutionality

If it is conclusively determined by a court of competent jurisdiction that the New York Comprehensive Motor Vehicle Insurance Reparations Act, or any amendment thereto, is invalid or unenforceable in whole or in part, then, subject to the approval of the Superintendent of Insurance, the Company may amend this policy and may also recompute the premium for the existing or amended policy.

These amendments and recomputations will be effective retroactively to the date that such act or any amendment is deemed to be invalid or unenforceable in whole or in part.

000951

*PROGRESSIVE*®

## NEW YORK AMENDATORY ENDORSEMENT
## LIMIT OF LIABILITY

The Limit of Liability section, item **2. COMBINED BODILY INJURY AND PROPERTY DAMAGE LIMITS:** of **PART I - LIABILITY TO OTHERS** is amended as follows:

**2. COMBINED BODILY INJURY AND PROPERTY DAMAGE LIMITS**

A. Subject to item 1 above, if your Declarations indicate that combined **bodily injury** and **property damage** limits apply and if the limit of liability shown in the Declarations is equal to or greater than $160,000, the Limit of Liability provision is changed by the following:

**LIMIT OF LIABILITY** applies except that we will apply the limit of liability shown in the Declarations to first provide the separate limits required by the New York Motor Vehicle Safety Responsibility Act for:

1. **Bodily injury** not resulting in death of any one person caused by any one accident;
2. **Bodily injury** not resulting in death of two or more persons caused by any one accident;
3. **Bodily injury** resulting in death of any one person caused by any one accident;
4. **Bodily injury** resulting in death of two or more persons caused by any one accident;
5. **Property damage** in any one accident.

This provision will not change our total limit of liability.

B. Subject to section 1 above, if your Declarations indicate that combined **bodily injury** and **property damage** limits apply and the limit of liability shown in the Declarations is less than $160,000, the Limit of Liability provision is replaced by the following:

Regardless of the number of covered **autos, insureds**, premiums paid, claims made or vehicles involved, or lawsuits brought, the most we will pay for the total of all damages combined, resulting from any one accident is the Limit of Liability for Liability Coverage shown in the Declarations, except for those damages for **bodily injury** resulting in death. We will apply the limit of insurance shown in the Declarations to first provide the separate limits required by the New York Motor Vehicle Safety Responsibility Act as follows:

1. **Bodily injury** not resulting in death of any one person caused by any one accident;
2. **Bodily injury** not resulting in death of two or more persons caused by any one accident;
3. **Property damage** in any one accident;

This provision will not change our total limit of liability.

In addition, our limit of liability for **bodily injury** resulting in death is as follows:

1. Up to $50,000 for **bodily injury** resulting in death of any one person caused by any one accident; and
2. Up to $100,000 for **bodily injury** resulting in death of two or more persons caused by one accident, subject to a $50,000 maximum for any one person.

If the limit of liability shown in the Declarations is not exhausted by the payment of damages for:

1. **Bodily injury** not resulting in death, or
2. **Property damage**

any remaining amounts will be used to pay damages for **bodily injury** resulting in death, to the extent the limit of liability shown in the Declarations is not increased.

CVNY1101951675L1792B

Form No. 1792C (1-96)

000952



**PROGRESSIVE®**
COMMERCIAL VEHICLE INSURANCE

## NEW YORK CHANGES

## SUPPLEMENTAL SPOUSAL
## LIABILITY INSURANCE

It is understood and agreed that PART I - LIABILITY TO OTHERS shall be deemed to include insurance for liability of an **insured** because of death of, or injury to, his or her spouse up to the liability insurance limits provided under this policy, even where the injured spouse, to be entitled to recovery, must prove the culpable conduct of the insured spouse.



CVNYIE0521032635L4761

4761 (12/02)

000953



## UNINSURED MOTORISTS ENDORSEMENT - NEW YORK

We, the Company, agree with you, as the named insured, in return for the payment of the premium for this coverage to pro-
vide you with Uninsured Motorist (UM) Coverage, subject to the following terms and conditions:

### INSURING AGREEMENTS

1.  **Damages for Bodily Injury Caused by Uninsured Motor Vehicles.**

    We will pay all sums which the insured, as defined herein, or the insured's legal representative shall be legally entitled
    to recover as damages from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained
    by the insured, and caused by **accident** arising out of such **uninsured motor vehicle's** ownership, maintenance or use,
    subject to the Exclusions, Conditions, Limits and other provisions of the UM endorsement; provided, for the purposes of
    this coverage, determination as to whether the **insured** or the **insured's** representative is legally entitled to recover such
    damages, and if so the amount thereof, shall be made by agreement between the **insured** or the **insured's** representa-
    tive and **us** or, if they fail to agree, by arbitration.

2.  **Definitions.** For purposes of the UM endorsement, the following terms shall have the following meanings:

    (a) **Insured.** The unqualified term "**insured**" means:

        (1) **You,** as the named insured, and while residents of the same household, **your** spouse and the **relatives** of either
    **you** or **your** spouse;

        (2) Any other person while **occupying:**

            (i) A motor vehicle owned by the named insured or, if the named insured is an individual, such spouse and used
    by or with the permission of either, or

            (ii) Any other motor vehicle while being operated by the named insured or such spouse, except a person occu-
    pying a motor vehicle not registered in the State of New York, while used as a public or livery conveyance;
    and

        (3) Any person, with respect to damages such person is entitled to recover because of **bodily injury** to which this
    coverage applies sustained by an **insured** under sub-paragraphs (1) or (2) above.

    (b) **Uninsured Motor Vehicle.** The term "**uninsured motor vehicle**" means a motor vehicle that through its ownership,
    maintenance or use, results in **bodily injury** to an **insured**, and for which:

        (1) No bodily injury liability insurance policy or bond applies to such vehicle (including a vehicle that was stolen, oper-
    ated without the owner's permission, or unregistered) at the time of the **accident**; or

        (2) Neither the owner nor driver can be identified, including a hit-and-run vehicle, and which causes **bodily injury** to
    an **insured** by physical contact with the insured or with a motor vehicle occupied by the insured at the time of the
    **accident,** provided that:

            (i) The **insured** or someone on the insured's behalf shall have reported the **accident** within 24 hours or as soon
    as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles and shall
    have filed with **us** a statement under oath that the **insured** or the **insured's** legal representative has a cause
    or causes of action arising out of such **accident** for damages against a person or persons whose identity is
    unascertainable, and setting forth the facts in support thereof; and

            (ii) At **our** request, the **insured** or the **insured's** legal representative makes available for inspection the motor
    vehicle the **insured** was **occupying** at the time of the **accident**; or

        (3) There is bodily injury liability insurance coverage or a bond applicable to such motor vehicle at the time of the
    **accident,** but:

            (i) The amount of such insurance coverage or bond is less than the UM limits of this policy; or

            (ii) The insurer writing such insurance coverage or bond denies coverage.

        (4) The term "**uninsured motor vehicle**" does not include a motor vehicle that is:

            (i) Insured under the liability coverage of this policy; or

1

000954

(ii) Owned by **you**, as the named insured, and while residents of the same household, **your** spouse and **relatives** of either **you** or **your** spouse; or

(iii) Self-insured within the meaning of the financial responsibility law of the **State** in which the motor vehicle is registered, or any similar State or Federal law, to the extent that the required amount of such coverage is equal to, or greater than, the UM limits of this policy; or

(iv) Owned by the United States of America, Canada, a **State**, a political subdivision of any such government, or an agency of any of the foregoing; or

(v) A land motor vehicle or **trailer**, while located for use as a residence or premises and not as a vehicle, or while operated on rails or crawler-treads; or

(vi) A farm type vehicle or equipment designed for use principally off public roads, except while actually upon public roads.

(c) **Hit-and-Run Motor Vehicle.** The term "**hit-and-run motor vehicle**" means a motor vehicle which causes **bodily injury** to an insured arising out of physical contact of such motor vehicle with the **insured** or with a motor vehicle which the **insured** is **occupying** at the time of the **accident**, provided:

(1) there cannot be ascertained the identity of either the operator or the owner of such "**hit-and-run motor vehicle**";

(2) the **insured** or someone on his behalf shall have reported the **accident** within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the Company within 90 days thereafter a statement under oath that the **insured** or his legal representative has a cause or causes of action arising out of such **accident** for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

(3) at **our** request, the **insured** or his legal representative makes available for inspection the motor vehicle which the **insured** was **occupying** at the time of the **accident**.

(d) **Bodily Injury.** The term "**bodily injury**" means bodily harm, including sickness, disease or death resulting therefrom.

(e) **Occupying.** The term "**occupying**" means in, upon, entering into, or exiting from a motor vehicle.

(f) **State.** The term "**State**" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

3. **Territory.** The coverage provided by this UM endorsement applies only to **accidents** which occur within the State of New York.

**EXCLUSIONS**

This UM coverage does not apply:

1. To **bodily injury** to an **insured** while operating a motor vehicle in violation of an order of suspension or revocation; or to care or loss of services recoverable by an **insured** because of such **bodily injury** so sustained.

2. To **bodily injury** to an **insured**, or care or loss of services recoverable by an **insured**, with respect to which such **insured**, the **insured's** legal representatives or any person entitled to payment under this UM coverage shall, without **our** written consent, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor, but this provision shall be subject to Condition 8 of the UM endorsement.

3. To **bodily injury** to an **insured** incurred while **occupying** a motor vehicle owned by that **insured**, if such motor vehicle is not insured for at least the minimum **bodily injury** liability limits and UM limits required by law under the policy under which a claim is made, or is not a newly acquired or **replacement auto** covered under the terms of this policy.

4. So as to inure directly or indirectly to the benefit of any workers' compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workers' compensation or disability benefits law or any similar law.

5. For non-economic loss, resulting from **bodily injury** to an **insured** and arising from an **accident** in New York State, unless the **insured** has sustained serious injury as defined in Section 5102 (d) of the New York Insurance Law.

**CONDITIONS**

1. **Policy Provisions.** None of the Insuring Agreements, Exclusions or Conditions of the policy shall apply to this UM coverage except "Duties After an Accident or Loss", "Fraud" and "Termination" if applicable.

2. **Premium.** If during the policy period the number of motor vehicles owned by the named insured and registered in New York or the number of New York dealer's license plates or transporter plates issued to the named insured changes, the named insured shall notify **us** during the policy period of any such change and the premium shall be adjusted as of the date of such change in accordance with the manuals in use by **us**. If the earned premium thus computed exceeds the

2

000955

advance premium paid, the named insured shall pay the excess to **us**; if less, **we** shall return to the named insured the unearned portion paid by such **insured**.

3. **Notice and Proof of Claim.** Within 90 days or as soon as practicable, the **insured** or other person making claim shall give **us** written notice of claim under this UM endorsement.

   As soon as practicable after **our** written request, the **insured** or other person making any claim shall give **us** written proof of claim, under oath if required, including full particulars as to the nature and extent of the injuries, treatment, and other details we need to determine the UM amount payable hereunder.

   The **insured** and every other person making claim hereunder shall, as may reasonably be required, submit to examinations under oath by any person named by **us** and subscribe the same. Proof of claim shall be made upon forms **we** furnish unless **we** fail to furnish such forms within 15 days after receiving notice of claim.

4. **Medical Reports.** The injured person shall submit to physical examinations by physicians **we** select when and as often as **we** may reasonably require. The **insured**, or in the event of the **insured's** incapacity, such **insured's** legal representative, or in the event of the **insured's** death, the **insured's** legal representative or the person or persons entitled to sue therefor, shall upon **our** request authorize **us**, when and as often as **we** may reasonably require, to obtain relevant medical reports and copies of records.

5. **Notice of Legal Action.** If the **insured** or such **insured's** legal representative brings any lawsuit against any persons or organizations legally responsible for the use of a motor vehicle involved in the **accident**, a copy of the summons and complaint or other process served in connection with the lawsuit shall be forwarded immediately to **us** by the **insured** or the **insured's** legal representative.

6. **UM Limit of Liability.** The UM limit payable under this UM endorsement shall be:

   (a) The limit of **our** liability for all damages, including damages for care or loss of services, because of **bodily injury** sustained by one person as the result of any one **accident** is $25,000 per person and, subject to this per person limit, the total limit of **our** liability for all damages, including damages for care or loss of services, because of **bodily injury** sustained by two or more persons as the result of any one **accident** is $50,000.

   (b) If the **bodily injury** results in death, the limit of **our** liability shall be $50,000 for such **bodily injury** resulting in death sustained by one person as the result of any one **accident** and, subject to this limit for each person, $100,000 for such **bodily injury** resulting in death sustained by two or more persons as the result of any one **accident**.

   (c) Any amount payable under the terms of this UM endorsement, including amounts payable for care or loss of services, because of **bodily injury** sustained by one person shall be reduced by (1) all sums paid to one or more **insureds** on account of such **bodily injury** by or on behalf of (a) the owner or operator of the **uninsured motor vehicle** and (b) any other person or persons jointly or severally liable together with such owner or operator for such **bodily injury**, and (2) all sums paid to one or more **insureds** on account of **bodily injury** sustained in the same **accident** under any insurance or statutory benefit similar to that provided by this UM endorsement.

7. **Other Insurance.** With respect to **bodily injury** to an **insured** while **occupying** a motor vehicle not owned by the named **insured**, the coverage under this UM endorsement shall apply only as excess insurance over any other similar insurance available to such **insured** and applicable to such motor vehicle as primary insurance, and this UM endorsement shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

   Except as provided in the foregoing paragraph, if there is other similar insurance available to the **insured** and applicable to the **accident**, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this coverage and such other insurance, and **we** shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this UM endorsement and such other insurance.

8. **Release or Advance.** In accidents involving the **insured** and one or more negligent parties, if such **insured** settles with any such party for the available limit of the motor vehicle **bodily injury** liability coverage of such party, release may be executed with such party after thirty calendar days actual written notice to **us**, unless within this time period **we** agree to advance such settlement amounts to the **insured** in return for the cooperation of the **insured** in **our** lawsuit on behalf of the **insured**.

   **We** shall have a right to the proceeds of any such lawsuit equal to the amount advanced to the **insured** and any additional amounts paid under this UM coverage. Any excess above those amounts shall be paid to the **insured**.

   An **insured** shall not otherwise settle with any negligent party, without **our** written consent, such that **our** rights would be impaired.

3

000956

9. **Non-Duplication.** This UM coverage shall not duplicate any of the following:

   (a) Benefits payable under workers' compensation or other similar laws;

   (b) Non-occupational disability benefits under Article Nine of the Workers' Compensation Law or other similar law;

   (c) Any amounts recovered or recoverable pursuant to Article Fifty-One of the New York Insurance Law or any similar motor vehicle insurance payable without regard to fault;

   (d) Any valid or collectible motor vehicle medical payments insurance; or

   (e) Any amounts recovered as bodily injury damages from sources other than motor vehicle bodily injury insurance policies or bonds.

10. **Arbitration.** If we do not agree with the **insured** or the **insured's** representative making claim hereunder that the **insured** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** to the **insured**, or do not agree as to the amount of payment which may be owing under this UM endorsement, then upon written demand of either the claimant or **us**, the matter or matters upon which we do not agree with such person shall be settled by arbitration in accordance with the rules and procedures of the American Arbitration Association prescribed or approved by the Superintendent of Insurance for this purpose. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and we each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this UM endorsement.

11. **Subrogation.** If we make a payment under this UM coverage, **we** have the right to recover the amount of this payment from any person legally responsible for the **bodily injury** or loss of the person to whom, or for whose benefit, such payment was made to the extent of the payment. The **insured** or any person acting on behalf of the **insured** must do whatever is necessary to transfer this right of recovery to us. Except as permitted by Condition 8, such person shall do nothing to prejudice this right.

12. **Payment of Loss by Company. We** shall pay any amount due under this UM endorsement to the **insured** or, at **our** option, to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents.

13. **Action Against Company.** No lawsuit shall lie against **us** unless, as a condition precedent thereto, the **insured** or the **insured's** legal representative has first fully complied with all the terms of this UM endorsement.

14. **Assignment.** Assignment of interest under this UM endorsement shall not bind **us** until **our** consent is endorsed hereon.

15. **Survivor Rights.** If **you** or **your** spouse, if a resident of the same household, dies, this UM coverage shall cover:

    (a) The survivor as named insured;

    (b) The decedent's legal representative as named insured, but only while acting within the scope of such representative's duties as such; and

    (c) Any **relative** who was an **insured** at the time of such death.

16. **Policy Period-Termination.** This UM coverage applies only to **accidents** which occur on or after the effective date hereof and during the policy period shall terminate upon (1) termination of the policy of which it forms a part or (2) termination of New York registration on all motor vehicles owned by the named insured or spouse.

This UM endorsement must be attached to the Change Endorsement when issued after the policy is written.

4

000957



## NEW YORK SPLIT SUPPLEMENTARY UNINSURED MOTORISTS LIMITS

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

Conditions (5) and (6) of Supplementary Uninsured Motorists Endorsement - New York are amended as follows:

(5) **SUM Limits.** The SUM limits payable under this endorsement shall be the SUM limits stated in the Declarations or if the **bodily injury** results in death, **we** will provide SUM limits of the higher of the SUM limits shown in the Declarations or $100,000 for such **bodily injury** resulting in death sustained by any one person as the result of any one **accident** and, subject to this per person limit, $300,000 for such **bodily injury** resulting in death sustained by two or more persons as the result of any one **accident**.

(6) **Maximum SUM Payments.** Regardless of the number of **insureds**, our maximum payment under this SUM endorsement shall be the difference between the SUM limits and the motor vehicle **bodily injury** liability or bond payments received by the **insured** or the **insured's** legal representative from or on behalf of all persons that may be legally liable for the **bodily injury** sustained by the **insured**.

The SUM limit shown on the Declarations for "EACH PERSON" is the amount of coverage for all damages due to **bodily injury** to one person. The SUM limit shown for "EACH ACCIDENT" is, subject to the limit for each person, the total amount of coverage for all damages due to **bodily injury** to two or more persons in the same **accident**.

Form No. 3828 (1-97)

000958



## SUPPLEMENTARY UNINSURED MOTORISTS ENDORSEMENT - NEW YORK

We, the Company, agree with **you**, the named insured, in return for payment of the premium for this coverage, to provide Supplementary Uninsured Motorists (SUM) coverage subject to the following terms and conditions.

**INSURING AGREEMENTS**

I. **Definitions:** For purposes of this SUM endorsement, the following terms have the following meanings:

  (a) **Insured.** The unqualified term "insured" means:

    (1) **you**, as the named insured, and while residents of the same household, **your** spouse and the **relatives** of either **you** or **your** spouse;

    (2) any other person while **occupying**:

      (i) a motor vehicle insured for SUM under this policy; or

      (ii) any other motor vehicle while being operated by **you** or **your** spouse; and

    (3) any person, with respect to damages such person is entitled to recover, because of **bodily injury** to which this coverage applies sustained by an **insured** under paragraph (1) or (2) above.

  (b) **Bodily Injury.** The term "bodily injury" means bodily harm, including sickness, disease or death resulting therefrom.

  (c) **Uninsured Motor Vehicle.** The term "uninsured motor vehicle" means a motor vehicle that, through its ownership, maintenance or use, results in **bodily injury** to an **insured**, and for which:

    (1) no **bodily injury** liability insurance policy or bond applies to such vehicle (including a vehicle that was stolen, operated without the owner's permission, or unregistered) at the time of the **accident**; or

    (2) neither owner nor driver can be identified (including a hit-and-run vehicle), and which causes **bodily injury** to an **insured** by physical contact with the **insured** or with a motor vehicle **occupied** by the **insured** at the time of the **accident** provided that:

      (i) the **insured** or someone on the **insured's** behalf shall have reported the **accident** within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles and shall have filed with the Company a statement under oath that the **insured** or **insured's** legal representative has a cause or causes of action arising out of such **accident** for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

      (ii) at the request of the Company, the **insured** or the **insured's** legal representative makes available for inspection the automobile the **insured** was **occupying** at the time of the **accident**; or

    (3) there is **bodily injury** liability insurance coverage or a bond applicable to such motor vehicle at the time of the **accident**, but:

      (i) the amount of such insurance coverage or bond is less than the third-party **bodily injury** liability limit of this policy; or

      (ii) the amount of such insurance coverage or bond has been reduced, by payments to other persons injured in the **accident**, to an amount less than the third-party **bodily injury** liability limit of this policy; or

      (iii) the insurer writing such insurance coverage or bond denies coverage, or such insurer is or becomes insolvent.

The term "uninsured motor vehicle" does not include a motor vehicle that is:

  (1) insured under the liability coverage of this policy; or

  (2) owned by **you**, the named insured or **your** spouse residing in **your** household; or

  (3) self-insured within the meaning of the financial responsibility law of the **State** in which the motor vehicle is registered, or any similar **State** or Federal law, to the extent that the required amount of such coverage is equal to, or greater than, the third-party **bodily injury** liability limit of this policy; or

  (4) owned by the United States of America, Canada, a **State**, a political subdivision of any such government, or an agency of any of the foregoing; or

1

(5) a land motor vehicle or **trailer**, while located for use as a residence or premises and not as a vehicle, or while operated on rails or crawler-treads; or

(6) a farm type vehicle or equipment designed for use principally off public roads, except while actually upon public roads.

(d) **Occupying**. The term "occupying" means in, upon, entering into, or exiting from a motor vehicle.

(e) **State**. The term "state" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

II. **Damages for Bodily Injury Caused by Uninsured Motor Vehicles**

We will pay all sums that the **insured** or the **insured's** legal representatives shall be legally entitled to recover as damages from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **insured**, caused by **accident** arising out of such **uninsured motor vehicle's** ownership, maintenance or use, subject to the Exclusions, Conditions, Limits and other provisions of this SUM endorsement.

III. **SUM Coverage Period and Territory**

This SUM coverage applies only to **accidents** that occur:

1. during the policy period shown in the Declarations; and

2. in the United States, its territories or possessions, or Canada.

**EXCLUSIONS**

This SUM coverage does not apply:

1. to **bodily injury** to an **insured**, including care or loss of services recoverable by an **insured**, if such **insured**, such **insured's** legal representatives, or any person entitled to payment under this coverage, without **our** written consent, settles any lawsuit against any person or organization that may be legally liable for such injury, care or loss of services, but this provision shall be subject to Condition 10.

2. to **bodily injury** to an **insured** incurred while **occupying** a motor vehicle owned by that **insured**, if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of this policy.

3. for non-economic loss, resulting from **bodily injury** to an **insured** and arising from an **accident** in New York State, unless the **insured** has sustained serious injury as defined in Section 5102(d) of the New York Insurance Law.

**CONDITIONS**

1. **Policy Provisions:** None of the Insuring Agreements, Exclusions, or Conditions of the policy shall apply to this SUM coverage except "Your Duties in Case of an Accident or Loss"; "Fraud and Misrepresentation"; and "New York Amendatory Endorsement - Cancellation and Nonrenewal" if applicable.

2. **Notice and Proof of Claim:** As soon as practicable, the **insured** or other person making claim shall give **us** written notice of claim under this SUM coverage.

   As soon as practicable after **our** written request, the **insured** or other person making claim shall give **us** written proof of claim, under oath if required, including full particulars as to the nature and extent of the injuries, treatment, and other details we need to determine the SUM amount payable.

   The **insured** and every other person making claim hereunder shall, as may reasonably be required, submit to examinations under oath by any person we name and subscribe the same. Proof of claim shall be made upon forms we furnish unless we fail to furnish such forms within 15 days after receiving notice of claim.

3. **Medical Reports:** The **insured** shall submit to physical examinations by physicians we select when and as often as we may reasonably require. The **insured**, or in the event of the **insured's** incapacity, such **insured's** legal representative (or in the event of such **insured's** death, the **insured's** legal representative or the person or persons entitled to sue therefor), shall upon each request from **us** authorize **us** to obtain relevant medical reports and copies of relevant records.

4. **Notice of Legal Action:** If the **insured** or such **insured's** legal representative brings any lawsuit against any person or organization legally responsible for the use of a motor vehicle involved in the **accident**, a copy of the summons and complaint or other process served in connection with the lawsuit shall be forwarded immediately to **us** by the **insured** or the **insured's** legal representative.

5. **SUM Limits:** The SUM limits payable under this endorsement shall be:

   a. the SUM limits stated in the Declarations; or

2

   b.  SUM limits up to $100,000 per person per **accident** and, subject to such limit for one person, $300,000 per **accident**.

6. **Maximum SUM Payments:** Regardless of the number of **insureds**, **our** maximum payment under this SUM endorsement shall be the difference between:

   a.  the SUM limits and

   b.  the motor vehicle **bodily injury** liability insurance or bond payments received by the **insured** or the **insured's** legal representative, from or on behalf of all persons that may be legally liable for the **bodily injury** sustained by the **insured**.

If the SUM limit shown on the Declarations is a combined single limit, that limit is the amount of coverage for all damages due to **bodily injury** in any one **accident**.

Otherwise the SUM limit shown on the Declarations for "Each Person" is the amount of coverage for all damages due to **bodily injury** to one person. The SUM limit shown under "Each Accident" is the total amount of coverage for all damages due to **bodily injury** to two or more persons in the same **accident**.

7. **Non-Stacking:** Regardless of the number of vehicles involved, persons covered, claims made, vehicles or premiums shown in this policy, or premium paid, the limits, whether for uninsured motorists coverage or supplementary uninsured motorists coverage, shall never be added together or combined for two or more vehicles to determine the extent of insurance coverage available to an **insured** injured in the same **accident**.

8. **Priority of Coverage:** If an **insured** is entitled to uninsured motorists coverage or supplementary uninsured motorists coverage under more than one policy, the maximum amount such **insured** may recover shall not exceed the highest limit of such coverage for any one vehicle under any one policy, and the following order of priority shall apply:

   a.  a policy covering a motor vehicle **occupied** by the injured person at the time of the **accident**;

   b.  a policy covering a motor vehicle not involved in the **accident** under which the injured person is a named insured; and

   c.  a policy covering a motor vehicle not involved in the **accident** under which the injured person is an insured other than a named insured.

Coverage available under a lower priority policy applies only to the extent that it exceeds the coverage of a higher priority policy.

9. **Exhaustion Required:** Except as provided in Condition 10, **we** will pay under this SUM coverage only after the limits of liability insurance have been used up under all motor vehicle **bodily injury** liability insurance policies or bonds applicable at the time of the **accident** in regard to any one person who may be legally liable for the **bodily injury** sustained by the **insured**.

10. **Release or Advance:** In accidents involving the **insured** and one or more negligent parties, if such **insured** settles with any such party for the available limit of the motor vehicle bodily injury liability coverage of such party, release may be executed with such party after thirty calendar days actual written notice to **us**, unless within this time period **we** agree to advance such settlement amounts to the **insured** in return for the cooperation of the **insured** in **our** lawsuit on behalf of the **insured**.

**We** shall have a right to the proceeds of any such lawsuit equal to the amount advanced to the **insured** and any additional amounts paid under this SUM coverage. Any excess above these amounts shall be paid to the **insured**.

An **insured** shall not otherwise settle with any negligent party without **our** written consent, such that **our** rights would be impaired.

11. **Non-Duplication:** This SUM coverage shall not duplicate any of the following:

   a.  benefits payable under workers' compensation or other similar laws;

   b.  non-occupational disability benefits under Article Nine of the Workers' Compensation Law or other similar law;

   c.  any amounts recovered or recoverable pursuant to Article 51 of the New York Insurance Law or any similar motor vehicle insurance payable without regard to fault;

   d.  any valid or collectible motor vehicle medical payments insurance; or

   e.  any amounts recovered as bodily injury damages from sources other than motor vehicle bodily injury liability insurance policies or bonds.

12. **Arbitration:** If any **insured** making claim under this SUM coverage and **we** do not agree that such **insured** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **insured**, or do not agree as to the amount of payment that may be owing under this SUM coverage, then, at the

3

option and upon written demand of such **insured**, the matter or matters upon which such **insured** and **we** do not agree shall be settled by arbitration, administered by the American Arbitration Association, pursuant to procedures prescribed or approved by the Superintendent of Insurance for this purpose.

If, however, the maximum amount of SUM coverage provided by this endorsement equals the amount of coverage required to be provided by Section 3420(f)(1) of the New York Insurance Law and Article 6 or 8 of the New York Vehicle and Traffic Law, then such disagreement shall be settled by such arbitration procedure upon written demand of either the **insured** or **us**.

Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof, and any such **insured** and **we** each agree to be bound by any award made by the arbitrator as to this SUM coverage. For purposes of this Condition, the term "insured" includes any person authorized to act on behalf of the **insured**.

13. **Subrogation:** If **we** make a payment under this SUM coverage, **we** have the right to recover the amount of this payment from any person legally responsible for the **bodily injury** or loss of the person to whom, or for whose benefit, such payment was made to the extent of the payment. The **insured** or any person acting on behalf of the **insured** must do whatever is necessary to transfer this right of recovery to **us**. Except as permitted by Condition 10, such person shall do nothing to prejudice this right.

14. **Payment of Loss by Company:** **We** shall pay any amount due under this SUM coverage to the **insured**, or at **our** option to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents.

15. **Action Against Company:** No lawsuit shall lie against **us** unless the **insured** or the **insured's** legal representative has first fully complied with all the terms of this SUM coverage.

16. **Survivor Rights:** If **you** or **your** spouse, if a resident of the same household, dies, this SUM coverage shall cover:

   a.  the survivor as named insured;

   b.  the decedent's legal representative as named insured, but only while acting within the scope of such representative's duties as such; and

   c.  any **relative** who was an **insured** at the time of such death.

4

000962

*PROGRESSIVE*®

**EXCLUSION OF MEDICAL EXPENSE FROM
PERSONAL INJURY PROTECTION COVERAGE - NEW YORK**

The following exclusion applies to the named insured, or named insured and relative, as indicated below or in the declarations:

In consideration of a reduction in premium, it is agreed that:

If the medical expense element of Basic Economic Loss is identified as not applicable in the declarations, the Company shall not be liable for any items of such loss which would otherwise by covered under the Mandatory Personal Injury Protection Coverage - New York endorsement with respect to the named insured or named insured and any relative as specified in the declarations. Coverage for any such medical expense element of basic economic loss provided to such named insured or such relative by a company or corporation in accordance with the provisions of section 5103(g) of the New York Insurance Law shall reduce the $50,000 aggregate limit of liability for basic economic loss to such person under this policy. This endorsement shall be effective during the term of this policy so long as the medical expense coverage provided by such company or corporation remains in effect, notwithstanding any provisions in the declarations of this policy to the contrary, and in the event this endorsement shall no longer be in effect the premium may be adjusted accordingly.

CVNY0831951676L1630B

Form No. 1630 (10-95) NY

000963



# NEW YORK PHYSICAL DAMAGE AMENDATORY ENDORSEMENT

With respect to the **Limit of Liability** shown as applicable to a vehicle described in the Schedule of Insured Autos or in the Declarations, the Limit of Liability provision in PART III - DAMAGE TO YOUR AUTO is replaced by the following:

## Limit of Liability

The most we will pay for **loss** to **your insured auto** will be the lesser of the:

1. Limit of Liability shown in the Schedule of Covered Autos or in the Declaration;
2. **Actual cash value** of the stolen or damaged property; or
3. Amount necessary to repair or replace the property.

**Our** payment for **loss** will be reduced by any applicable deductible shown in the Schedule of Covered Autos or in the Declarations.

An adjustment for depreciation and physical condition will be made in determining **actual cash value** at the time of **loss**.

If **we** pay the **actual cash value** of **your insured auto** less the deductible, **we** are entitled to the salvage. However if **you** retain the salvage, the settlement will be reduced by the value of the salvage.

A separate deductible applies to each **insured auto** involved in the **loss**.

If the **auto** is repaired, **we** shall not be responsible for any diminution in value of the property caused by the **loss**. If repair or replacement of damaged property increases the overall value of **your insured auto**, **we** may deduct this amount from the repair cost.

CVNY0223001635L9698

Form No. 9698 (03-98)

000964

*PROGRESSIVE*®

Issued by:

## SCHEDULE OF INSURED AUTOS

| No. | Year | Trade Name | Serial No. | Stated Amount of Insurance (Including Custom Parts & Equip.) |
|-----|------|------------|------------|---|

All other parts of this Policy remain unchanged.

This endorsement changes Policy No. _____

Issued to: _____

Name of Insured                Address                City/State

Endorsement Effective:

CVNY0331981615L847002

Form No. 8470 (04-98)

000965

## LOSS PAYABLE CLAUSE

We agree with **you** to change **your** policy as follows:

1. We will pay the loss payee named in the Policy for **loss to your insured auto,** as the interest of the loss payee may appear.

2. The insurance covers the interest of the loss payee unless the **loss** results from fraudulent acts or omissions on **your** part.

3. Cancellation ends this agreement as to the loss payee's interest. If we cancel the Policy **we** will mail **you** and the loss payee the same advance notice.

4. If we make any payment to the loss payee, **we** will obtain his rights against any other party.

Vehicle 1
_____
Secured Party
Address:
_____
_____

Vehicle 2
_____
Secured Party
Address:
_____
_____

Vehicle 3
_____
Secured Party
Address:
_____
_____

Vehicle 4
_____
Secured Party
Address:
_____
_____

All other parts of this Policy remain unchanged.

This endorsement changes Policy No. _____ -

Issued to: _____
Name of Insured        Address        City/State

Endorsement
Effective: _____
Your Signature        Your Agent

Form No. 1602 (8-83)

INSURED COPY

CVCE1009952605L160201l

000966

## ADDITIONAL INSURED

The person or organization named below is a person insured with respect to such liability coverage as is afforded by the policy but this insurance applies to said insured only as a person liable for the conduct of another insured and then only to the extent of that liability. We also agree with you that insurance provided by this agreement will be excess insurance over any other valid and collectible insurance.

NAME OF PERSON OR ORGANIZATION:

All other parts of this policy remain unchanged.

This endorsement changes Policy No.: _____

Issued to (Name of Insured): _____

Endorsement Effective: _____    Expiration: _____

CVCE0803941617L119801

Form No. 1198 (8-93)

000967