UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>vs.<br><br>DANIEL BELTEMPO, FRANCINE BELTEMPO, PAMJAM, INC., JILCO EQUIPMENT LEASING COMPANY, INC., DANA'S PRO TRUCKING INC., TRAILMOBILE CORP., TRAILMOBILE PARTS AND SERVICE CORP., THERMO KING CORP., INGERSOLL-RAND CO., LTD., and THERMO KING CORP., A UNIT OF INGERSOLL-RAND COMPANY LTD.,<br><br>                    Defendants. | Civil Action No. 07-CV-4033 (CS)<br><br>**CERTIFICATION OF STEVE L. MOMON** |

STEVE L. MOMON, of full age, certifies as follows:

1. I am a Commercial Casualty Specialist for plaintiff Progressive Northern Insurance Company ("Progressive"). As such, I have personal knowledge of the matters stated herein. I make this Certification in support of Progressive's motion for summary judgment in the above-entitled matter.

2. This matter arises out of injuries allegedly incurred by defendant Daniel Beltempo ("Beltempo") in an accident on January 21, 2005 (the "accident").

3. Progressive's first notice of the accident came from a February 28, 2006, letter, received by Progressive on March 7, 2006, in which Northland Insurance Company ("Northland") tendered the defense of its named insured, Dana's Pro Trucking, Inc. ("Dana's"), in an action styled *Beltempo v. Dana's Pro Trucking, Inc., et al*, pending in the Supreme Court of the State of New York, Orange County, Index Number 7209-2005 (the "Underlying Action"). A

copy of the February 28, 2006, letter is attached hereto as Exhibit "1."

4. On March 9, 2006, Progressive wrote to PamJam, advising that the matter was being investigated under a reservation of rights. A copy of the March 9, 2006, letter is attached hereto as Exhibit "2."

5. On March 19, 2006, Progressive sent letters to PamJam and to Northland, denying coverage for the loss. Copies of the two March 19, 2006, letters are attached hereto as Exhibit "3."

6. On April 14, 2006, Dana's filed a third-party complaint filed in the Underlying Action against PamJam.

7. Progressive first received notice of the third-party action against PamJam on or about August 28, 2006.

8. On October 26, 2006, Progressive wrote to PamJam, with copies to counsel for Beltempo and counsel for Dana's, disclaiming coverage for any liability arising out of the third-party action. A copy of the October 26, 2006, letter is attached hereto as Exhibit "4."

I hereby certify that the above statements made by me are true. I understand that if any of the above statements made by me are willfully false, I am subject to punishment.

Dated: August /4, 2008

_____
Steve L. Momon

DeAnne Morris
NOTARY PUBLIC, State of Ohio
My Commission Expires on Dec. 18, 2010
Recorded in Cuyahoga County
No. 2005-RE-126740

**Exhibit 1**

Case 7:07-cv-04033-CS   Document 24   Filed 08/18/2008   Page 3 of 17



067-804 850

SXM

PO Box 64805
St. Paul, MN 55164-0805

**David M. Adamson**
*Major Case Director*
*Transportation Claims*
651-310-4580
866-874-0223, fax
dadamson@northlandins.com

POSTMARK DATE
2/28/06

February 28, 2006

Progressive Casualty Insurance
PO Box 94739
Cleveland, OH 44101

Re:  Our Insured:        Dana's Pro Trucking
     Our Claim Number:   TN427104-01
     Date of Loss:       January 21, 2005
     Your Insured:       PamJam
     Your Policy:        CA 2121657-1
     Employee:           Daniel Beltempo

RECEIVED
MAR 0 8 2006
CLRU

Dear Sir or Madam:

Mr. Beltempo was involved in an incident as mentioned above.

We are the insurance carrier for Dana's Pro Trucking, and they were sued by Mr. Beltempo. It is our belief that your policy would have coverage for our insured. Accordingly, we are tendering the defense and indemnity of our insured to your company.

Please contact me to discuss further.

Sincerely,

David M. Adamson
Northland Insurance Company

DMA/jj/5242

RECEIVED BY PF
MAR 07 2006
CORPORATE CLAIMS

000654

**Exhibit 2**

**PROGRESSIVE®**

Progressive Claims Service
90 Crystal Run Rd, Ste 305
Middletown, NY 109417101

March 09, 2006

(845) 695-6500
Facsimile: (845) 692-6338
Progressive.com

**CERTIFIED & REGULAR MAIL**

Pamjam Inc
57 Plains Rd
Walden, NY 12586

Our Insured:       Pamjam Inc
Our Claim #:       067804850
Our Policy #:      02121657-1
Date Of Loss:      January 21, 2005

We are investigating the loss dated 01/21/2005, which was reported to our company on 03/09/2006. There appears to be one or more coverage issue(s) regarding this claim.

Your policy, Form CA, Edition 1050, under the section entitled, **YOUR DUTIES**, states, **"For coverage to apply under this policy, you or an insured person must promptly report each accident or loss even if an insured person is not at fault."** Your failure/delay in notifying us of this loss, appears to be a violation of the *notice* provision of your policy.

At this time, the handling of this claim is being conducted under a *Reservation of Rights*. No action taken, to date, nor any action we take in the future to investigate, explore settlement, or defend a lawsuit arising out of the above captioned claim should be deemed an admission of coverage to you; under policy # 02121657-1 by Progressive Northern Insurance. Progressive Northern Insurance expressly reserves all rights afforded us under policy of insurance issued to you.

Please contact me, upon receipt of this letter, at 845-695-6512, so we can discuss this matter further.

Should you wish to take this matter up with the New York State Insurance Department, you may file with the Department either on its website at www.ins.state.ny.us/complhow.htm or you may write to or visit the Consumer Services Bureau, New York State Insurance Department, at: 25 Beaver Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 200 Old Country Road, Suite 340, Mineola, NY 11501; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

Sincerely,


Steven G Matte Ext.6512
Claims Representative

Progressive Northern Insurance
SXM/sm

000663

**Exhibit 3**

**PROGRESSIVE**

*Progressive Claims Service*
*90 Crystal Run Rd, Ste 305*
*Middletown, NY 109417101*

March 19, 2006

*(845) 695-6500*
*Facsimile: (845) 692-6338*
*Progressive.com*

## **CERTIFIED & REGULAR MAIL**

Northland Insurance
Attention David M Adamson
Major Case Director Transportation Claims
Po Box 64805
St Paul, MN 55164

| | |
|---|---|
| Our Insured: | Pamjam Inc |
| Our Claim #: | 067804850 |
| Our Policy #: | 02121657-1 |
| Date Of Loss: | January 21, 2005 |

As you were notified on 3/9/2006, a potential coverage problem existed which needed additional investigation. I have since completed a thorough investigation of this claim and have made every attempt to provide coverage for you. I regret to inform you that your claim cannot be covered by Progressive Northern Insurance.

The reason coverage cannot be provided is this claim was not reported to Progressive in a reasonable manner as outlined by the policy requirements.

If you have any questions, please feel free to contact me directly at 845-695-6512.

Should you wish to take this matter up with the New York State Insurance Department, you may file with the Department either on its website at www.ins.state.ny.us/complhow.htm or you may write to or visit the Consumer Services Bureau, New York State Insurance Department, at: 25 Beaver Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 200 Old Country Road, Suite 340, Mineola, NY 11501; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

Sincerely,

*Steven G Matte*

Steven G Matte Ext.6512
Claims Representative

Progressive Northern Insurance
SXM/sm
cc: **Pamjam, Inc**

000657

**PROGRESSIVE**®

*Progressive Claims Service*
*90 Crystal Run Rd, Ste 305*
*Middletown , NY  109417101*

*(845) 695-6500*
*Facsimile: (845) 692-6338*
*Progressive.com*

March 19, 2006

**\*\*CERTIFIED & REGULAR MAIL\*\***

57 Plains Rd
Walden, NY 12586

| | |
|---|---|
| Our Insured: | Pamjam Inc |
| Our Claim #: | 067804850 |
| Our Policy #: | 02121657-1 |
| Date Of Loss: | January 21, 2005 |

As you were notified on 3/9/2006, a potential coverage problem existed which needed additional investigation. I have since completed a thorough investigation of this claim and have made every attempt to provide coverage for you. I regret to inform you that your claim cannot be covered by Progressive Northern Insurance.

The reason coverage cannot be provided is this claim was not reported to Progressive in a reasonable manner as outlined by the policy requirements.

If you have any questions, please feel free to contact me directly at 845-695-6512.

Should you wish to take this matter up with the New York State Insurance Department, you may file with the Department either on its website at www.ins.state.ny.us/complhow.htm or you may write to or visit the Consumer Services Bureau, New York State Insurance Department, at: 25 Beaver Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 200 Old Country Road, Suite 340, Mineola, NY 11501; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

Sincerely,

*Steven Matte*

Steven G Matte Ext.6512
Claims Representative

Progressive Northern Insurance
SXM/sm
  cc:    David M. Adamson
           Major Case Director
           Transportation Claims
           Northland Insurance

00065%

**Exhibit 4**

**Certified and Regular Mail**

October 26, 2006

Joe Dimartino
c/o                                     91 7108 2133 3933 3241 6674
PAMJAM Inc.
57 Plains Road
Walden, NY 12586

            Certified and regular mail

| | |
|---|---|
| Our Insured: | PAMJAM Inc. |
| Our file #: | 067804850 |
| Date of Loss: | January 21, 2005 |
| Plaintiff: | Daniel Beltempo et al. |
| Index #: | 7209/05  Orange County Supreme, NY |

**FILE COPY**

Dear Ms. Shelton:

Progressive Northern Insurance is in receipt of a 3d party summons and complaint with annexed supplemental summons and amended complaint received on August 28, 2006. The title of the action set forth in the complaint is <u>Daniel Beltempo and Francine Beltempo vs. Dana's Pro Trucking et al.</u> The title of the 3d party action is <u>Dana's Pro Trucking Inc. vs. Pamjam Inc. and Jilco Equipment Leasing Co., Inc.</u>

The primary action is brought to recover damages for personal injuries allegedly sustained by Daniel Beltempo on January 21, 2005 when Mr. Beltempo fell from a step on a refrigerated trailer apparently owned by Dana's Pro Trucking while Mr. Beltempo was attempting to repair or adjust the refrigeration unit and while he was in the course and scope of his employment with Pamjam Inc. The complaint identifies the trailer as a 2005 Trailer mobile bearing Maine registration no. 0857634 with VIN: 1PT01DCH5S9016098 and a thermo king unit SB-III SR+ 9 116 refrigeration unit. No power unit is identified.

The third party action seeks indemnity and/or contribution for Dana's Pro Trucking against Pamjam and Jilco Leasing for any damages for which Dana's Pro Trucking may be found legally liable in the primary action.

Before January 21, 2005 Progressive Northern Insurance had issued a (policy # 02121657-1) New York Commercial Auto Liability to PAMJAM Inc. It was in force and effect on January 21, 2005. The coverage form providing liability coverage is form

Page 2
October 26, 2006
Claim No.: 067804850

1050 (11-94) edition. A copy of the May 4, 2004 to 2005 declaration page(s) along with form 1050 (11-94) are enclosed for your review.

Now, please refer to form 1050 (11-94) page 6 entitled "Part I—Liability to Others" which provides as follows:

    Coverage A- Bodily Injury

    Coverage B- Property Damage

We will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for which an insured is legally liable because of an accident.

Next, please refer to page 2 entitled GENERAL DEFINITIONS at paragraph "8" (page 3) which defines "Accident" as:
    a sudden, unexpected and unintended even or a continuous or repeated exposure to that event, that causes bodily injury or property damage and arises out of the ownership, maintenance or use of your insured auto.

Reference to the complaint in the primary action demonstrates that there are 3 causes of action alleged: viz., [1] negligence in design of the trailer and refrigeration devices in that the trailer as a place of work was unsafe; [2] breach of implied warranty; [3] strict product liability based upon design and/or manufacturing defects.

The complaint is based upon the facts as outlined above that the injuries to Mr. Beltempo occurred while he was attempting to repair the refrigeration devices on the trailer.

The third party action relies upon the allegations of the primary complaint in its claims for indemnity and/or contribution.

None of the claims in neither the primary complaint, nor the third-party complaint allege an event that "arises out of the ownership, maintenance, or use of 'your insured auto'" as that phrase has been interpreted by the Courts of the State of New York.

Accordingly, none of the claims in neither the primary complaint nor the third party complaint against or on behalf of Dana's Pro Trucking fall within the ambit of the insuring provisions of the Progressive Northern Policy.

For this first reason Progressive denies any obligation to defend or indemnify Pamjam Inc. from and against any of the claims in the primary action.

Page 3
October 26, 2006
Claim No.: 067804850

Next, please continue to refer to the "Part I-Liability to Others" in the section entitled "Exclusions" (pages 8, 9, 10 & 11) which provides at paragraph 6 as follows:

> Coverage under this Part I and our duty to defend does not apply to:
>
> > 6. Bodily injury to an employee of an insured or a spouse, child, parent, brother or sister of the employee, arising out of or within the course of employment, except with respect to a domestic employee if benefits are neither paid nor required to be provided under any Workers' Compensation disability benefits or other similar law. This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay some else who must pay damages because of the injury.

The allegations in both the primary complaint and the third party complaint allege claims for bodily injury to an employee of an insured, and an obligation to share in damages or repay someone else who must pay damages because of the bodily injury.

Accordingly, the claims in both the primary complaint against Dana's Pro Trucking and the 3d party complaint by Dana's Pro Trucking against Pamjam are excluded from coverage under the policy.

For this second reason, Progressive Northern denies any obligation to defend or indemnify Pamjam, Inc. against and from the claims alleged in the primary complaint and the third party complaint.

Please next refer to paragraph 4 in that same section entitled "EXCLUSIONS" which provides that Coverage under this PART I and our duty to defend does not apply to:

> > 4. Any obligation for which an insured or the insurer of that insurer, even if one does not exist may be held liable under Workers' Compensation, Unemployment compensation, or disability benefits law or any similar law.

To the extent that any claims seek reimbursement for any Workers Compensation payments, there is no coverage for those claims, and Progressive Northern denies any obligation to defend or indemnify Pamjam against and from those claims.

Page 4
October 26, 2006
Claim No.: 067804850

Next, please refer to (page 1) entitled: "YOUR DUTIES IN CASE OF AN ACCIDENT OR LOSS" which provides as follows:

> Notice of Accident or Loss
>
> In the event of an accident or los, report it to us as soon as practicable by calling our toll-free claims reporting number 1/800-274-4499. the report should give the time, place and circumstances of the accident or loss, including the names and addresses of any injured persons and witnesses, and the license plates of the vehicles involved.

The first notice of this incident reported to Progressive Northern was in the form of a letter from Northland Insurance dated February 28, 2006 and received by Progressive Northern on March 7, 2006.

Pamjam never provided any notice of the accident to Progressive Northern.

As a result Progressive Northern disclaimed coverage to Dana's Pro Trucking and to Pamjam on March 19, 2006 by reason of a violation of the notice condition of the policy.

Accordingly, for this fourth reason Progressive Northern has no obligation to defend or indemnify Pamjam, Inc. against and from the claims asserted in the primary action.

Last, please again refer to that part of the policy entitled "YOUR DUITIES IN CASE OF AN ACCIDENT OF LOSS" in that section of the part entitled "Other Duties" which provides as paragraph 4 as follows:

> Any person claiming coverage under this Policy must:
> (4) promptly send us any and all legal papers received relating to any claim or lawsuit.

The third party summons and complaint were served upon Pamjam in May, 2006. Yet, Pamjam never sent the papers to Progressive Northern, nor even notified Progressive Northern of the lawsuit. Pamjam's failure to forward the legal papers constitutes a violation of the duty of an insured set forth above.

Accordingly, for this fourth reason Progressive Northern denies any obligation to defend or indemnify Pamjam against and from the claims in the third party complaint.

Page 5
October 26, 2006
Claim No.: 067804850

However, Progressive will temporarily provide a defense to Pamjam against the third party action, until Progressive Northern obtains a determination from a Court that there is no coverage for Pamjam under the Progressive Northern Commercial Auto Policy.

Progressive Northern will be commencing a declaratory judgment action against the Pamjam and the other parties in this lawsuit to obtain a determination that there is no coverage under the policy for Pamjam nor for Dana's Pro Trucking.

Progressive Northern has retained the firm of Donohue & Partners, P.C., 90 Broad Street, suite 1520 New York, NY 10004; phone 212-972-5252 to represent Pamjam Inc.

Since Progressive Northern will be taking the position that it has no obligation to defend or indemnify Pamjam after a court determination that there is no coverage under the Progressive Northern policy, please be advised that Pamjam has the right to hire an attorney of its own choice to defend it against the third party action. Progressive Northern will pay for the reasonable fees associated with that defense.

If Pamjam wishes to retain its own attorney, it should notify the Donohue & Partners, P.C., firm immediately in writing and advise of the attorney who will be defending the case. The Donohue firm will transfer all materials to that attorney and cooperate in every way with the transfer of the file.

The Donohue firm will continue to represent Pamjam until it receives written notice that Pamjam will be hiring its own lawyer.

To repeat, Progressive Northern denies that it has any obligation under the Commercial Auto Policy issued to Pamjam to defend Pamjam or indemnify it against and from the claims in the third party action which incorporates the claims in the main complaint.

However, Progressive Northern will be providing a defense to Pamjam until a Court determines that there is no coverage under the policy.

Please take notice that due to the minimal information relative to this accident Progressive Northern has been unable to verify whether the trailer was connected to a tractor at the accident scene and, if so, whether the tractor was insured by Progressive.

Accordingly, Progressive Northern reserves the right to decline coverage to PamJam on the ground that either the tractor and/or the trailer were not "covered autos" under the policy.

Page 6
October 26, 2006
Claim No.: 067804850

If the trailer was not connected to a tractor or, it was connected to a tractor not insured by Progressive, then the trailer is not an "insured auto" within the meaning of the policy, and Progressive will have no obligation to continue the defense of PamJam nor any obligation to indemnify it against the claims in the third party complaint which adopts the allegations of the primary complaint.

Finally, if Pamjam has any other insurance for its business through any other insurer, it should notify that insurer of the lawsuit and this letter immediately.

If Pamjam fails to notify any other insurer immediately and forward the suit papers, it will lose the coverage under any other policy.

Should you wish to take this matter up with the New York State Insurance Dept., you may file with the Department either on its website at www.ins.state.ny.us/complhow.htm or you may write or visit the consumer Services Bureau, New York State Insurance Dept., at: 25 Beaver Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 200 Old Country Road, Suite 340, Mineola, NY 11501; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.


Yours very truly,



Sterling Goodrum, CPCU
Sr. Claim Specialist
440-683-8117 direct
440-683-8096 fax
800-532-9632 x 723-8117 toll free
Sterling_goodrum@Progressive.com

Page 7
October 26, 2006
Claim No.: 067804850cc:

Judith T. Shelton
Kenney, Shelton, Liptak, Nowak, LLP
14 Lafayette Square
Band Building suite 510
Buffalo, New York 14203

91 7108 2133 3933 3241 6681

Roger M. Kunkis, Esq.
Attorneys for Plaintiffs
225 West 34th Street
New York, NY 10122

91 7108 2133 3933 3241 6698

Joy Ins. Agency
639 East Main Street
Middletown, NY 10940

91 7108 2133 3933 3241 6704

Robert D. Donohue
Donohue & Partners, P.C.
90 Broad Street, suite 1502
New York, NY 10004

91 7108 2133 3933 3241 6711