UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================================

PROGRESSIVE NORTHERN INSURANCE
COMPANY,

                  Plaintiff,                      No. 7:07-cv-04033-CS

v.

DANIEL BELTEMPO, FRANCINE BELTEMPO,
PAMJAM, INC., and JILCO EQUIPMENT
LEASING COMPANY, INC., DANA'S PRO
TRUCKING, INC., TRAILMOBILE CORP.,
TRAILMOBILE PARTS AND SERVICE CORP.,
THERMO KING CORP., INGERSOLL-RAND
CO. LTD., and THERMO KING CORP., a unit of
INGERSOLL-RAND COMPANY LIMITED,

                  Defendants.

==================================================

**DANA'S PRO TRUCKING, INC.'S MEMORANDUM OF LAW IN OPPOSITION
TO PROGRESSIVE NORTHERN INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

This is an insurance coverage dispute in connection with an underlying bodily injury action that remains pending in New York Supreme Court. Plaintiff Progressive Northern Insurance Company ("Progressive") issued an auto liability policy to defendant PamJam, Inc. ("PamJam") for the 2004-2005 policy year. At the time, PamJam was in the business of hauling produce in tractor-trailers. On January 21, 2005, Daniel Beltempo ("Beltempo") was operating a tractor-trailer on behalf of PamJam. PamJam owned the tractor. Defendant Dana's Pro Trucking, Inc. ("Dana's") owned the trailer, which it had lent to PamJam. That day, Beltempo was allegedly injured in the course of his work when he slipped and fell from the trailer. Beltempo subsequently commenced a lawsuit against Dana's and several other defendants. Dana's then filed a third-party action against PamJam for indemnification/contribution.

Progressive disclaimed coverage against PamJam in connection with the Beltempo action. According to Progressive, PamJam failed to provide timely notice of the accident, and therefore forfeited its coverage. Progressive commenced this action against PamJam, Dana's, and the other underlying defendants to obtain a declaration that its disclaimer is valid and enforceable.

PamJam has not appeared in this action. PamJam is apparently defunct and presumably without assets. Its former officers apparently lack the money or the desire to contest Progressive's disclaimer themselves. However, Dana's has no less an interest in the Progressive policy than PamJam itself. If Progressive's disclaimer is not challenged, Dana's third-party action against PamJam in the underlying action could be rendered

practically useless, leaving Dana's and its insurers potentially liable even if Dana's would otherwise be entitled to indemnification from PamJam.

As set forth below, Progressive's disclaimer against PamJam is invalid as a matter of law for at least three reasons:

- First, Progressive's late notice disclaimer against PamJam ignores the fact that PamJam had a reasonable excuse for its allegedly late notice. The law in New York excuses an employer from immediately reporting an employee accident to its liability insurer since it is reasonable to assume that such accidents implicate workers' compensation insurance rather than third-party liability coverage.

- Second, Progressive's purported late notice disclaimer against PamJam is legally insufficient, since it fails to provide any information regarding the facts of the accident, the notice received by Progressive, the policy's notice requirements, or why PamJam's notice was inexcusably late.

- Third, Progressive was obligated to provide Dana's with a disclaimer raising Dana's own purportedly late notice to Progressive. Progressive failed to do so. As a result, Progressive is precluded as a matter of law from asserting any coverage defense against Dana's if and when Dana's obtains a judgment against PamJam.

Progressive's motion for summary judgment must therefore be denied, and Dana's is entitled to a declaration that Progressive is precluded as a matter of law from raising any coverage defenses against either PamJam or Dana's.

<u>FACTS</u>

**1.    The Underlying Accident**

Dana's is in the business of transporting produce for hire.  At all times relevant to this action, Dana's owned two or three tractors and three trailers.  At all relevant times, PamJam was also in the business of transporting produce.  <u>See</u> Ex. A at 10, 25.  On or about January 21, 2005, Dana's lent PamJam a trailer with a refrigeration unit.  PamJam used the trailer along with a tractor it owned for the purpose of hauling a load of apples. <u>Id</u>. at 31-32.  On January 21, 2005, Beltempo was operating the tractor-trailer for PamJam.  Beltempo claims he was injured when he slipped and fell while stepping onto the trailer in order to turn on its refrigeration unit.  <u>See</u> Ex. B.

**2.    The Underlying Action**

On or about October 11, 2005, Beltempo commenced a lawsuit in New York Supreme Court, Orange County seeking damages for his alleged injuries resulting from the January 21, 2005 accident.  The complaint names Dana's as a defendant, as well as several other companies alleged to have manufactured or distributed the trailer and refrigeration unit involved in the accident.  <u>See</u> Ex. B.

On or about April 14, 2006, Dana's commenced a third-party action against PamJam in <u>Beltempo</u>.  <u>See</u> Ex. C.  In its third-party complaint, Dana's seeks common-law indemnification and contribution from PamJam.

**3.    The Progressive Policy**

At all times relevant to this action, Progressive provided auto liability coverage to PamJam.  Specifically, Progressive issued PamJam a Commercial Auto Insurance policy (No. 02121657-1) for the period May 4, 2004 to May 4, 2005.  <u>See</u> Ex. D.  Although

Progressive claims that it received late notice, and that coverage is subject to a specific exclusion (see *infra*), it does not dispute that the policy otherwise applies to the claims being made in <u>Beltempo</u>. Among other coverages, the policy provides defense and indemnification up to $1 million for liability for bodily injury. Specifically, "PART 1 – LIABILITY TO OTHERS" states, in part:

> We will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for which an insured is legally liable because of an accident.[1] We will defend any lawsuit for damages which are payable under this Policy and settle any claim for those damages we think appropriate.

<u>Id</u>. (Form No. 1050 (11-94) at 9-10 as amended by Form No. 6222 (5-96)).

The policy defines "auto" as a "land motor vehicle or trailer designed for travel on public roads." <u>Id</u>. (Form No. 1050 (11-94) at 3). "Your insured auto" is defined, in part, as "[a]ny auto described in the Declarations . . ." <u>Id</u>. (Form No. 1050 (11-94) at 3). The definition of "your insured auto" also includes:

> Trailers designed primarily for travel on public roads, even if such trailers are not shown in the Declarations, but only while upon a public road and connected to your insured auto.

<u>Id</u>. (Form No. 1050 (11-94) at 4).

The policy contains a notice provision, which states, in part:

> Notice of Accident or Loss
>
> In the event of an accident or loss, report it to us as soon as practicable by calling our toll-free claims reporting number 1-800-274-4499. The report should give the time, place and circumstances of the accident or loss, including the names and addresses of any injured persons and witnesses, and the license plates of the vehicles involved . . .

---

[1] Accident is defined in the policy as "a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes bodily injury or property damage and arises out of the ownership, maintenance or use of your insured auto." <u>See</u> Ex. D (Form No. 1050 (11-94) at 3.

All accidents or losses should be reported even if an insured person is not at fault.

Id. (Form No. 1050 (11-94) at 1).

**4.    Dana's Notice to Progressive, and Progressive's Purported Disclaimers**

On February 28, 2006, Northland provided notice to Progressive on behalf of Dana's. See Ex. E. On March 9, 2006, Progressive issued a reservation of rights letter to PamJam. See Ex. F. The reservation of rights letter acknowledges that notice was provided on March 9, 2006, but states that "[y]our failure/delay in notifying us of this loss, appears to be a violation of the notice provision of your policy."

On March 19, 2006, Progressive issued a disclaimer addressed to "57 Plains Rd, Walden, NY 12586."[2] The disclaimer states that "[t]he reason coverage cannot be provided is this claim was not reported to Progressive in a reasonable manner as outlined by policy requirements." See Ex. G. The same day, Progressive issued a letter to Dana's that, other than the addressee section, is identical to the letter issued to PamJam. See Ex. H.

**5.    This Action**

On April 23, 2007, Progressive filed its lawsuit in New York Supreme Court, Orange County. See Ex. I. In its complaint, Progressive seeks a declaration that it is not obligated to defend or indemnify PamJam in connection with Beltempo. Dana's removed this action on May 23, 2007. Dana's served its answer on May 29, 2007. See Ex. J. Progressive now moves for summary judgment.

---

[2]    This is the address listed for PamJam in the Progressive policy, so presumably the letter was intended for PamJam, even though it fails to include PamJam in the addressee section.

## <u>ARGUMENT</u>

**1.    Progressive's Disclaimer Ignores PamJam's Reasonable Excuse for Allegedly Providing Late Notice**

Progressive's disclaimer against PamJam is based solely on late notice. However, Progressive's skeletal and conclusory disclaimer letter consists of only one even arguably substantive sentence:

> The reason coverage cannot be provided is this claim was not reported to Progressive in a reasonable manner as outlined by the policy requirements.

<u>See</u> Ex. G.

Assuming, *arguendo*, that Progressive did not receive timely notice, Progressive's disclaimer ignores the fact that PamJam had a reasonable justification for not providing Progressive with notice of the January 21, 2005 accident. At the time of the accident, Beltempo believed he was an employee of PamJam. <u>See</u> Ex. B at ¶ 37. PamJam also believed Beltempo was its employee. <u>See</u> Ex. A at 16. Dana's also understood Beltempo was employed by PamJam. <u>See</u> Ex. C at ¶ 14. Progressive, too, understood that Beltempo was an employee of PamJam. <u>See</u> Ex. I at ¶ 29.[3] Thus, at the time of the accident through the time of Progressive's disclaimer, the January 21, 2005 accident was believed by all relevant parties to have involved an on-the-job injury to a PamJam employee. It was therefore reasonable for PamJam to consider the accident as a workers' compensation matter *vis-à-vis* PamJam, rather than a matter of third-party liability. Specifically, it was reasonable for PamJam to believe that it could not be sued in connection with the accident, and it was reasonable for PamJam to not anticipate the

---

[3]    As discussed further below, whether Beltempo was for legal purposes actually employed by PamJam or a related company, DiMartino Farms, is unclear. Beltempo's workers' compensation benefits are being paid through a policy issued to DiMartino Farms. <u>See</u> Ex. K.

6

possibility of being impleaded in Beltempo's bodily injury lawsuit against Dana's and the other defendants.

In New York, late notice to a liability insurer will be excused if the insured has a reasonable excuse. The issue is generally one of fact for the jury. See North Country Ins. Co. v. Jandreau, 50 A.D.3d 1429, 856 N.Y.S.2d 294 (3d Dept. 2008). The New York courts have long recognized that a good-faith belief that an injury to an employee was a workers' compensation matter may constitute a reasonable excuse for late notice. See, e.g., Jandreau, 50 A.D.3d 1429 (3d Dept. 2008); Klersy Building Corp. v. Harleysville Worcester Ins. Co., 36 A.D.3d 1117, 828 N.Y.S.2d 661 (3d Dept. 2007); G.L.G. Contracting Corp. v. Aetna Cas. and Sur. Co., 215 A.D.2d 821, 626 N.Y.S.2d 307 (3d Dept. 1995); Cohoes Rod & Gun Club, Inc. v. Firemen's Ins. Co. of Newark, 134 A.D.3d 782, 521 N.Y.S.2d 836 (3d Dept. 1987); Sabre v. Rutland Plywood Corp., 93 A.D.2d 903, 461 N.Y.S.2d 596 (3d Dept. 1983). This is particularly the case in situations such as this, where the employer is a small operation unaccustomed to the nuances of third-party liability. See Jandreau; Klersy; G.L.G.; Cohoes.

Here, Progressive's terse disclaimer provides no indication whatsoever that it even considered whether PamJam had a reasonable excuse for not reporting an employee accident to its liability insurer. Progressive's motion for summary judgment also fails to articulate a single reason why PamJam's allegedly late notice was unreasonable. But the explanation for PamJam's allegedly late notice should have been – and presumably was – obvious to Progressive in light of the fact the New York courts have for decades acknowledged the reasonableness of the very same explanation. The Court should not sanction a forfeiture of coverage under such circumstances, and should deny

Progressive's motion for summary judgment. At minimum, the issue of PamJam's reasonable excuse for late notice in this case presents an issue of fact.

**2.      Progressive's Disclaimer Against PamJam Is Not Sufficiently Specific**

As noted above, the substance of Progressive's March 19, 2006 disclaimer against PamJam consists of only one even arguably substantive sentence: "The reason coverage cannot be provided is this claim was not reported to Progressive in a reasonable manner as outlined by the policy requirements." See Ex. G.

The New York Court of Appeals has succinctly stated an insurer's obligation in issuing a written disclaimer:

> Although an insurer may disclaim coverage for a valid reason . . . the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated. Absent such specific notice, a claimant might have difficulty assessing whether the insurer will be able to disclaim successfully. This uncertainty could prejudice the claimant's ability to ultimately obtain recovery. In addition, the insured's responsibility to furnish notice of the specific ground on which the disclaimer is based is not unduly burdensome, the insurer being highly experienced and sophisticated in such matters.

General Accident Ins. Group v. Cirucci, 46 N.Y.2d 862, 414 N.Y.S.2d 512 (1979).

Here, Progressive has failed to issue a sufficiently specific disclaimer as a matter of law. Among other omissions, the purported disclaimer:

- does not set forth or refer to the facts of the accident or the claims at issue;

- does not set forth when Progressive first received notice;

- does not set forth how or from whom Progressive first received notice;

- does not set forth the length of time that Progressive believes notice was delayed;

8

- does not set forth the basis for Progressive's conclusion that the unspecified period of delay constituted late notice;

- does not identify or set forth any policy provisions that might relate to notice.

In fact, it is difficult to identify how the purported disclaimer could be any more lacking in facts or explanation. The concern noted by the Court of Appeals in Cirucci is borne out here – the disclaimer provides no basis for Progressive's late notice disclaimer, and therefore provides PamJam no genuine way to assess whether the disclaimer might be upheld if challenged. The disclaimer is therefore insufficiently specific as a matter of law, and the Court should declare that Progressive is precluded from raising late notice as a defense to coverage against PamJam. See, e.g., Paul M. Maintenance, Inc. v. Transcontinental Ins. Co., 300 A.D.2d 209, 755 N.Y.S.2d 3 (1st Dept. 2002); The Benjamin Shapiro Realty Co. v. Agricultural Ins. Co., 287 A.D.2d 389, 731 N.Y.S.2d 453 (1st Dept. 2001).

**3.    Progressive's Disclaimer Is Ineffective with Respect to Dana's**

Under the New York Insurance Law, a claimant against an insured has an independent right to place the latter's insurer on notice, regardless of whether the insured itself fails to place its insurer on notice. See Insurance Law § 3420(a)(3); Cirucci, 46 N.Y.2d 862, 414 N.Y.S.2d 512 (1979). Here, Dana's is a claimant against PamJam since Dana's is asserting indemnification and contribution claims against PamJam for Dana's liability, if any, to Beltempo. Dana's therefore was entitled to and did independently place Progressive on notice. See Ex. E. At that point, if Progressive believed Dana's failed to provide timely notice, it was obligated to issue a timely disclaimer expressly citing Dana's late notice. See Insurance Law § 3420(d); Cirucci.

9

Progressive mailed a letter to Dana's advising of Progressive's disclaimer, but the letter utterly fails to address whether Dana's itself failed to provide timely notice in its capacity as a claimant. See Ex. H. Rather, the letter, which refers to PamJam as "Our Insured," states only that "[t]he reason coverage cannot be provided is this claim was not reported to Progressive in a reasonable manner as outlined by the policy requirements." The letter is the exact same disclaimer letter issued to PamJam (see Ex. G), with only the address changed. Since the disclaimer letter issued to PamJam failed to sufficiently address PamJam's alleged late notice, it is clear that a copy of the same letter mailed to Dana's fails to address the separate issue of Dana's allegedly late notice. Progressive is therefore precluded from raising Dana's allegedly late notice as a defense to coverage. See, e.g., Vacca v. State Farm Ins. Co., 15 A.D.3d 473, 790 N.Y.S.2d 177 (2d Dept. 2005); Hereford Ins. Co. v. Mohammod, 7 A.D.3d 490, 776 N.Y.S.2d 87 (2d Dept. 2004); Utica Mut. Ins. Co. v. Gath, 265 A.D.2d 805, 695 N.Y.S.2d 839 (4th Dept. 1999).

This Court recently addressed a similar scenario in MCI LLC v. Rutgers Cas. Ins. Co., 2007 WL 2325867 (S.D.N.Y. August 13, 2007). In MCI, as in this case, the insurer issued a late notice disclaimer directed to its insured, and issued a separate letter to the claimants advising of the disclaimer letter. Neither the disclaimer letter to the insured or the separate letter to the claimants specifically addressed the claimants' late notice. The Court rejected the insurer's argument that it nevertheless should have been apparent to the claimants that the disclaimer was also directed to their late notice. The Court held that the defense of late notice was therefore waived with respect to the claimants, and granted summary judgment in their favor.

10

The same result should obtain in this case.  Since Progressive's only coverage defense (late notice) cannot be raised against Dana's should Dana's obtain a judgment against PamJam, Progressive would be obligated to satisfy the judgment as a matter of law.  Dana's is entitled to a declaration to that effect.[4]

## 4.     Progressive Is Precluded from Raising Policy Exclusions

Finally, Progressive also claims that an "employee exclusion" applies as a basis to disclaim coverage.  See Progressive Memo. at 5-6.  First, Progressive fails to meet its burden in claiming the exclusion.  "To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision."  Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co., 91 N.Y.2d 169, 175, 667 N.Y.S.2d 982 (1997).  Here, although Beltempo alleges he was an employee of PamJam, and although PamJam believed this to be the case, whether Beltempo was PamJam's employee for legal purposes has not been established.  At least for purposes of workers' compensation, Beltempo is being considered the employee of a separate entity, DiMartino Farms.  See Ex. K.  As such, Progressive has failed to meet its heavy burden of proving the exclusion applies.  Furthermore, Progressive's assertion that Beltempo was a PamJam employee is based solely on allegations in the Beltempo complaint.  See Progressive Memo. at 5.  Progressive is not entitled to disclaim based

---

[4]     Because Progressive joined Dana's as a defendant in this declaratory judgment action, Dana's has standing to litigate the validity of the disclaimer notwithstanding the fact that it does not yet have a judgment against PamJam in the underlying action.  See Maroney v. New York Central Mut. Fire Ins. Co., 5 N.Y.3d 467, 805 N.Y.S.2d 533 (2005)

solely on Beltempo's allegations in light of information to the contrary.  See <u>Fitzpatrick</u> <u>v. Honda American Motor Co., Inc.</u>, 78 N.Y.2d 61, 571 N.Y.S.2d 672 (1991).

Second, even if Beltempo were a PamJam employee for purposes of the exclusion, Progressive's purported March 19, 2006 disclaimer letters fail to raise the exclusion.  As such, Progressive has long been precluded from raising the exclusion.  <u>See</u> Insurance Law § 3420(d).

<b><u>CONCLUSION</u></b>

For all of the foregoing reasons, Dana's asks the Court to deny Progressive's motion for summary judgment in its entirety, and to declare that Progressive is precluded from raising late notice as a coverage defense against either PamJam as its insured or Dana's as an underlying claimant.

Dated:  August 28, 2008            Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP


By:              /s/
      Judith Treger Shelton (JS-5912)
      Timothy E. Delahunt (TD-2791)

510 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel.:  (716) 853-3801
Fax:  (716) 853-0265
E-Mail:  tedelahunt@kslnlaw.com

*Attorneys for defendant Dana's Pro Trucking, Inc.*