# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------X   Index No. 7209/2005
                                           Date Filed 10/11/05

DANIEL BELTEMPO and FRANCINE BELTEMPO,

                      Plaintiffs,

        -against-

DANA'S PRO TRUCKING, INC., TRAILMOBILE
CORPORATION, TRAILMOBILE PARTS &
SERVICE CORPORATION, THERMO KING
CORPORATION, INGERSOLL-RAND COMPANY
LIMITED, THERMO KING CORPORATION, a
unit of INGERSOLL-RAND COMPANY LIMITED,

                      Defendants.
---------------------------------------X

*[Handwritten: 4/11 Finish + file!]*

To the above named Defendants:

   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        October 4, 2005
                                    BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C.

                                    By: _____
                                            ROGER M. KUNKIS, ESQ.
                                    Attorneys for Plaintiffs
                                    225 West 34th Street
                                    New York, New York  10122
                                    (212) 564-3555

TO:  DANA'S PRO TRUCKING, INC.
     TRAILMOBILE CORPORATION
     TRAILMOBILE PARTS & SERVICE CORPORATION
     THERMO KING CORPORATION
     INGERSOLL-RAND COMPANY LIMITED
     THERMO KING CORPORATION, a unit of INGERSOLL-RAND COMPANY
       LIMITED,

000412

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---------------------------------------X

DANIEL BELTEMPO and FRANCINE BELTEMPO,

    Plaintiffs,

  -against-                      VERIFIED COMPLAINT

DANA'S PRO TRUCKING, INC., TRAILMOBILE
CORPORATION, TRAILMOBILE PARTS &
SERVICE CORPORATION, THERMO KING
CORPORATION, INGERSOLL-RAND COMPANY
LIMITED, THERMO KING CORPORATION, a
unit of INGERSOLL-RAND COMPANY LIMITED,

    Defendants.

---------------------------------------X

    Plaintiffs, complaining of the defendants by their attorneys BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C., respectfully show to this Court and allege:

    1. Upon information and belief, that at all the times hereinafter mentioned, defendant DANA'S PRO TRUCKING, INC. had a principal place of business located in the County of Orange, State of New York.

    2. Upon information and belief, that at all the times hereinafter mentioned, defendant DANA'S PRO TRUCKING, INC. was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    3. Upon information and belief, that at all the times hereinafter mentioned, defendant DANA'S PRO TRUCKING, INC. was a foreign corporation licensed to do business in the State of New York.

4. Upon information and belief, that at all the times hereinafter mentioned, defendant TRAILMOBILE CORPORATION was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. Upon information and belief, that at all the times hereinafter mentioned, defendant TRAILMOBILE CORPORATION was a foreign corporation licensed to do business in the State of New York.

6. Upon information and belief, that at all the times hereinafter mentioned, defendant TRAILMOBILE PARTS & SERVICE CORPORATION was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, that at all the times hereinafter mentioned, defendant TRAILMOBILE PARTS & SERVICE CORPORATION was a foreign corporation licensed to do business in the State of New York.

8. Upon information and belief, that at all the times hereinafter mentioned, defendant THERMO KING CORPORATION was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all the times hereinafter mentioned, defendant THERMO KING CORPORATION was a foreign corporation licensed to do business in the State of New York.

000414

10. Upon information and belief, that at all the times hereinafter mentioned, defendant INGERSOLL-RAND COMPANY LIMITED was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Upon information and belief, that at all the times hereinafter mentioned, defendant INGERSOLL-RAND COMPANY LIMITED was a foreign corporation licensed to do business in the State of New York.

12. Upon information and belief, that at all the times hereinafter mentioned, defendant THERMO KING CORPORATION, a unit of INGERSOLL-RAND COMPANY LIMITED, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Upon information and belief, that at all the times hereinafter mentioned, defendant THERMO KING CORPORATION, a unit of INGERSOLL-RAND COMPANY LIMITED, was a foreign corporation licensed to do business in the State of New York.

14. Upon information and belief, that at all the times hereinafter mentioned, defendant DANA'S PRO TRUCKING, INC. owned a Trailmobile trailer bearing Maine Registration No. 0857634 for the year 2005, and Vehicle Identification No. 1PT01DCH5S9016098.

15. Upon information and belief, that at all the times hereinafter mentioned, defendant DANA'S PRO TRUCKING, INC. maintained a Trailmobile trailer bearing Maine Registration No. 0857634 for the year 2005, and Vehicle Identification No. 1PT01DCH5S9016098.

29. Upon information and belief, that at all the times hereinafter mentioned, defendant INGERSOLL-RAND COMPANY LIMITED manufactured a certain Thermo King Unit SB-III SR+ 9 116.

30. Upon information and belief, that at all the times hereinafter mentioned, defendant INGERSOLL-RAND COMPANY LIMITED designed a certain Thermo King Unit SB-III SR+ 9 116.

31. Upon information and belief, that at all the times hereinafter mentioned, defendant INGERSOLL-RAND COMPANY LIMITED distributed a certain Thermo King Unit SB-III SR+ 9 116.

32. That at sometime prior to January 21, 2005, defendant INGERSOLL-RAND COMPANY LIMITED sold the aforesaid Thermo King Unit SB-III SR+ 9 116 to defendant DANA'S PRO TRUCKING, INC. and/or to defendant TRAILMOBILE CORPORATION and/or TRAILMOBILE PARTS & SERVICE CORPORATION.

33. Upon information and belief, that at all the times hereinafter mentioned, defendant THERMO KING CORPORATION, a unit of INGERSOLL-RAND COMPANY LIMITED, manufactured a certain Thermo King Unit SB-III SR+ 9 116.

34. Upon information and belief, that at all the times hereinafter mentioned, defendant THERMO KING CORPORATION, a unit of INGERSOLL-RAND COMPANY LIMITED, designed a certain Thermo King Unit SB-III SR+ 9 116.

35. Upon information and belief, that at all the times hereinafter mentioned, defendant THERMO KING CORPORATION, a unit of INGERSOLL-RAND COMPANY LIMITED, distributed a certain Thermo King Unit SB-III SR+ 9 116.

36. That at sometime prior to January 21, 2005, defendant THERMO KING CORPORATION, a unit of INGERSOLL-RAND COMPANY LIMITED, sold the aforesaid Thermo King Unit SB-III SR+ 9 11 defendant DANA'S PRO TRUCKING, INC. and/or to defendant TRAILMC CORPORATION and/or TRAILMOBILE PARTS & SERVICE CORPORATION.

37. That at all the times hereinafter mentic plaintiff DANIEL BELTEMPO was in course of his employment Pamüam, Inc.

38. That on the 21st day of January, 2005, at approximately 3:00 P.M., on Route 9, approximately one mile south of Chazy Orchards, Chazy, New York, plaintiff DANIEL BELTEMPO was on the steps of the aforesaid trailer in order to repair the refrigeration unit and was caused to fall hitting his head on the trailer and ground causing plaintiff to sustain the injuries hereinafter alleged all due to the negligence of the defendants, their agents, servants and/or employees, in the ownership, maintenance, control, sale, distribution, manufacture and desi.. the said aforesaid trailer, steps and Thermo King Unit SB III SR 9 116, and without any negligence on the part of the plaintif contributing thereto.

39. That defendants were negligent in the ownership maintenance, control, design, manufacture, sale and distribution the said trailer, steps and Thermo King Unit SB-III SR+ 9 116; that the said trailer, steps and Thermo King Unit SB-III SR+ 9 1 were knowingly, carelessly, improperly and dangerously engineere designed, manufactured, sold, and maintained; in that the sa trailer, steps and Thermo King Unit SB-III SR+ 9 116 when used f

-000417

their ordinary, intended and foreseeable purpose, constituted an inherently dangerous and unsafe instrumentality to every user thereof; in that defendants knew or should have known of the aforesaid defects and conditions, but nevertheless failed to remedy the same; in failing to properly and safely inspect the same; in failing to take adequate precautions to prevent the occurrence of the accident to plaintiff herein; in failing to give plaintiff proper ingress and egress to the trailer; in that the refrigeration system was broken, dangerous and defective; in that the trailer and refrigeration unit lacked the proper footing; in failing to give to the plaintiff a safe place to work; in failing to provide proper and safe equipment for plaintiff to do his work; in failing to exercise that degree of care and caution expected; in failing to provide a safe environment for the plaintiff to do his work; in failing to take proper means and precautions to avoid and guard against the happening of the accident; in failing to make adequate and proper safety checks and precautions prior to the accident; in failing to establish rules and regulations so as to prevent the happening of the accident; in failing to timely inspect the said trailer, steps and Thermo King Unit SB-III SR+ & 116 prior to the occurrence; and in otherwise being negligent.

40. That by reason of the foregoing, plaintiff DANIEL BELTEMPO was rendered sick, sore, lame and disabled; sustained serious and permanent injuries; expended substantial sums for medical care and attention; was incapacitated from attending to his usual duties and employment, sustained loss of enjoyment of life,

all to his damage in a sum which is just, fair and compensable and exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF DANIEL BELTEMPO

41. That defendants knew that the said trailer, steps, and Thermo King Unit SB-III SR+ 9 116 would be used for their ordinary, intended and foreseeable use and purpose without inspection by individuals, and by placing the same upon the market and offering the same and making the same available for use as aforesaid, they did expressly and impliedly warrant and represent to all intended and foreseeable users that the said trailer, steps, and Thermo King Unit SB-III SR+ 9 116 were safe and would prevent the accident herein and that the said trailer, steps, and Thermo King Unit SB-III SR+ 9 116 were merchantable and reasonably safe and fit for their ordinary, intended and foreseeable use and purpose.

42. That contrary to their expressed or implied warranties and representations as aforesaid, the said trailer, steps and Thermo King Unit SB-III SR+ 9 116 were unmerchantable, unfit and unsafe for their ordinary intended and foreseeable use and purposes and contained aforesaid latent, dangerous defects and conditions.

43. That the plaintiff was unaware of the said aforesaid dangerous defects and conditions and sustained his injuries while using the said trailer, steps and Thermo King Unit

49. That by reason of the foregoing, defendants are liable to plaintiff under the doctrine of strict products liability.

50. That by reason of the foregoing, plaintiff DANIEL BELTEMPO was rendered sick, sore, lame and disabled; sustained serious and permanent injuries; expended substantial sums for medical care and attention; was incapacitated from attending to his usual duties and employment, sustained loss of enjoyment of life, all to his damage in a sum which is just, fair and compensable and exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

AS AND FOR A FOURTH CAUSE OF ACTION ON
BEHALF OF PLAINTIFF FRANCINE BELTEMPO

51. That at all the times hereinafter mentioned, plaintiff FRANCINE BELTEMPO is the lawful wife of plaintiff DANIEL BELTEMPO.

52. That as a result of the foregoing, plaintiff FRANCINE BELTEMPO lost the services, society and consortium of plaintiff DANIEL BELTEMPO; was compelled to expend monies for medical care and attention and, upon information and belief, further sums will be incurred in the future.

53. That as a result of the foregoing, plaintiff FRANCINE BELTEMPO has been damaged in a sum which is just, fair and compensable and which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

54. That this action falls within one or more of the exceptions set forth in CPLR 1602.

WHEREFORE, plaintiffs demand judgment against the defendants on the first cause of action in a sum which is just, fair and compensable and which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction; on the second cause of action in a sum which is just, fair and compensable and which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction; on the third cause of action in a sum which is just, fair and compensable and which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction; on the fourth cause of action in a sum which is just, fair and compensable and which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction; together with the costs and disbursements of this action.

        BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C.

        By: _____
           ROGER M. KUNKIS, ESQ.
        Attorneys for Plaintiffs
        225 West 34th Street
        New York, New York 10122
        (212)564-3555

STATE OF NEW YORK        )
                         :  SS.:
COUNTY OF NEW YORK       )

ROGER M. KUNKIS, being duly sworn, deposes and says:

That deponent is an attorney and a partner in the law firm of BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C., attorneys for plaintiff; that he has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true; that the reason that this verification is made by your deponent instead of plaintiff is because plaintiff is not within the County of New York where your deponent's office is located.

Deponent further says that the grounds of his belief as to all matters in the said COMPLAINT are based upon deponent's general investigation of the facts herein.

                                              ROGER M. KUNKIS

Sworn to before me this
4th day of October, 2005

_____
Notary Public

John K. Coyle
Notary Public, State of N.Y.
NO 01CO5046090
Qualified In Queens County
Expires July 3 ____

000422