# Exhibit I

78 01079 /O.I.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------X

PROGRESSIVE NORTHERN
INSURANCE COMPANY,

              Plaintiff,

-against-

DANIEL BELTEMPO, FRANCINE BELTEMPO,
PAMJAM, INC., JILCO EQUIPMENT LEASING
COMPANY, INC., DANA'S PRO TRUCKING INC.,
TRAILMOBILE CORP., TRAILMOBILE PARTS
AND SERVICE CORP., THERMO KING CORP.,
INGERSOLL-RAND CO., LTD., and THERMO KING
CORP., A UNIT OF INGERSOLL-RAND COMPANY
LTD.,

              Defendants.
---------------------------------------------------------X

Index No.: 2007-3447
4-23-07

SUMMONS

DECLARATORY JUDGMENT
ACTION

Plaintiff designates Orange
County as the place of trial.

The basis of venue is
Defendant's principal place of
business and Defendant's
residence

Defendant, Dana's Pro
Trucking, Inc., maintains a
principal place of business in
Orange County; and Orange
County is the situs of the
underlying action

TO THE ABOVE NAMED DEFENDANTS:

      **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:    Yonkers, New York
            April 16, 2007

BY: MICHAEL A. ZARKOWER, ESQ.
BURATTI, KAPLAN MCCARTHY &
MCCARTHY
Attorneys for Plaintiff
PROGRESSIVE NORTHERN
INSURANCE COMPANY
One Executive Boulevard – Suite 280
Yonkers, New York 10701
(914) 378-3900
File No.: 21503-UM (MAZ)

**To the Defendants:**
DANIEL BELTEMPO
19 State Route 32
Modena, NY 12548

FRANCINE BELTEMPO
19 State Route 32
Modena, NY 12548

DANIEL BELTEMPO
52 Old Unionville Road
Wallkill, NY 12589

FRANCINE BELTEMPO
52 Old Unionville Road
Wallkill, NY 12589

BAUMAN, KUNKIS & OCASIO-DOUGLAS, P. C.
14 Penn Plaza, Suite 2208
New York, NY 10122
(212) 564-3555

PAMJAM, INC.
57 Plain Road
Walden, NY 12586

DONOHUE AND PARTNERS, P. C.
90 Broad Street, Suite 1502
New York, NY 10004
(212) 972-5252

JILCO EQUIPMENT LEASING CO., INC.
377 Half Acre Road
Cranbury, NJ 08512

BARRY, MCTIERNAN AND MOORE
55 Church Street
White Plains, NY 10601
(914) 946-1030

DANA'S PRO TRUCKING, INC.
c/o Stephen R. Russo
55 Old Turnpike Road, Suite 404
Nanuet, NY 10954

LAW OFFICE OF THOMAS K. MOORE
701 Westchester Avenue, Suite 101W
White Plains, NY 10604
(914) 286-8520

TRAILMOBILE CORP.
c/o The Prentice-Hall Corporation System, Inc.
15 Columbus Circle
New York, NY 10023

TRAILMOBILE PARTS AND SERVICE CORP.
c/o The Prentice-Hall Corporation System, Inc.
15 Columbus Circle
New York, NY 10023

TRAILMOBILE CORP.
The Pullman Company
182 Nassau Street
Princeton, NJ 08540

TRAILMOBILE PARTS AND SERVICE CORP.
The Pullman Company
182 Nassau Street
Princeton, NJ 08540

LAW OFFICE OF LORI D. FISHMAN
303 South Broadway, Suite 435
Tarrytown, NY 10591
(914) 524-5600

THERMO KING CORP.
441 County Route 56
Middletown, NY 10940

THERMO KING CORP.,
A UNIT OF INGERSOL-RAND COMPANY LTD.
441 County Route 56
Middletown, NY 10940

THERMO KING CORP.
Road 9 Box 75 (Route 6)
Middletown, NY 10940

THERMO KING CORP.,
A UNIT OF INGERSOLL-RAND COMPANY, LTD.
Road 9 Box 75 (Route 6)
Middletown, NY 10940

INGERSOLL-RAND COMPANY, LTD.
98 Route 10
East Hanover, NJ 07936

INGERSOLL-RAND COMPANY, LTD.
200 Chestnut Ridge Road
Woodcliff, NJ 07675

PORZIO, BROMBERG AND NEWMAN, P. C.
156 West 56th Street, Suite 803
New York, NY 10019-3800
(212) 265-6888

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------------X
PROGRESSIVE NORTHERN INSURANCE
COMPANY,

                      Plaintiff,

    -against-

DANIEL BELTEMPO, FRANCINE BELTEMPO,
PAMJAM, INC., JILCO EQUIPMENT LEASING
COMPANY, INC., DANA'S PRO TRUCKING, INC.,
TRAILMOBILE CORP., TRAILMOBILE PARTS
AND SERVICE CORP., THERMO KING CORP.,
INGERSOL RAND CO., LTD., and THERMO KING
CORP., A UNIT OF INGERSOL RAND COMPANY
LTD.,

                    Defendants.
---------------------------------------------------------------X

Index No.:

VERIFIED COMPLAINT

Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, by its attorneys, BURATTI, KAPLAN MCCARTHY & MCCARTHY, for its Verified Complaint to obtain a judgment herein declaring the rights and legal relations of the parties to this action in the respects hereinafter set forth, alleges:

    1.    That at all times hereinafter mentioned, the Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, was and still is a domestic insurance corporation organized and existing under the laws of the State of New York and authorized to do general insurance business under the laws of the State of New York, maintaining its principal place of business in the City of Mayfield Village, State of Ohio.

    2.    That upon information and belief, at all times hereafter mentioned, the Defendant, DANIEL BELTEMPO, was and still is a resident of the State of New York.

    3.    That upon information and belief, at all times hereafter mentioned, the Defendant, FRANCINE BELTEMPO, was and still is a resident of the State of New York.

4. That upon information and belief, at all times hereafter mentioned, the Defendant, **PAMJAM, INC.**, was and still is a domestic corporation duly authorized to conduct business in the State of New York.

5. That upon information and belief, at all times hereafter mentioned, the Defendant, **PAMJAM, INC.**, was and still is a foreign corporation authorized to transact and/or conduct business in the State of New York.

6. That upon information and belief, at all times hereinafter mentioned, the Defendant, **JILCO EQUIPMENT LEASING COMPANY, INC.**, was and still is a domestic corporation duly authorized to conduct business in the State of New York.

7. That upon information and belief, at all times hereinafter mentioned, the Defendant, **JILCO EQUIPMENT LEASING COMPANY, INC.**, was and still is a foreign corporation authorized to transact and/or conduct business in the State of New York.

8. That upon information and belief, at all times hereinafter mentioned, the Defendant, **DANA'S PRO TRUCKING, INC.**, was and still is a domestic corporation duly authorized to conduct business in the State of New York.

9. That upon information and belief, at all times hereinafter mentioned, the Defendant, **DANA'S PRO TRUCKING, INC.**, was and still is a foreign corporation authorized to transact and/or conduct business in the State of New York.

10. That upon information and belief, at all times hereinafter mentioned, the Defendant, **TRAILMOBILE CORP.**, was and still is a domestic corporation duly authorized to conduct business in the State of New York.

11. That upon information and belief, at all times hereinafter mentioned, the

Defendant, **TRAILMOBILE CORP.**, was and still is a foreign corporation authorized to transact and/or conduct business in the State of New York.

12. That upon information and belief, at all times hereinafter mentioned, the Defendant, **TRAILMOBILE PARTS AND SERVICE CORP.**, was and still is a domestic corporation duly authorized to conduct business in the State of New York.

13. That upon information and belief, at all times hereinafter mentioned, the Defendant, **TRAILMOBILE PARTS AND SERVICE CORP.**, was and still is a foreign corporation authorized to transact and/or conduct business in the State of New York.

14. That upon information and belief, at all times hereinafter mentioned, the Defendant, **THERMO KING CORP.**, was and still is a domestic corporation duly authorized to conduct business in the State of New York.

15. That upon information and belief, at all times hereinafter mentioned, the Defendant, **THERMO KING CORP.**, was and still is a foreign corporation authorized to transact and/or conduct business in the State of New York.

16. That upon information and belief, at all times hereinafter mentioned, the Defendant, **INGERSOLL-RAND CO., LTD.**, was and still is a domestic corporation duly authorized to conduct business in the State of New York.

17. That upon information and belief, at all times hereinafter mentioned, the Defendant, **INGERSOLL-RAND CO., LTD.**, was and still is a foreign corporation authorized to transact and/or conduct business in the State of New York.

18. That upon information and belief, at all times hereinafter mentioned, the Defendant, **THERMO KING CORP., A UNIT OF INGERSOLL-RAND COMPANY, LTD.**, was and still is a domestic corporation duly authorized to conduct business in the State of

New York.

19. That upon information and belief, at all times hereinafter mentioned, the Defendant, **THERMO KING CORP., A UNIT OF INGERSOLL-RAND COMPANY, LTD.**, was and still is a foreign corporation authorized to transact and/or conduct business in the State of New York.

20. That Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, issued to Defendant, **PAMJAM, INC.**, a motor vehicle liability insurance policy number 02121657-1, effective May 4, 2004 through May 5, 2005, insuring Defendant, **PAMJAM, INC.**

21. That the policy of insurance issued by the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, provided that the Plaintiff would defend and indemnify the Defendant, **PAMJAM, INC.**, and the operators of insured vehicles against claims by third parties for "accidents" occasioned by the ownership, maintenance and use of said insured vehicles.

22. Upon information and belief and as set forth in the underlying pleadings, on January 21, 2005, the Plaintiff, **DANIEL BELTEMPO**, allegedly sustained injuries arising out of the ownership, maintenance, control, sale, distribution, manufacture and design of a trailer, steps and Thermo King unit SB-III SR+ 9116 Type Refrigeration Unit.

23. Upon information and belief, the aforementioned Thermo King unit SB-III SR+ 9116 Type Refrigeration Unit was not owned by the Defendant, **PAMJAM, INC.**

24. That the aforementioned Thermo King unit SB-III SR+ 9116 Type Refrigeration Unit was not an insured vehicle under the policy of insurance issued by the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY** - policy number 02121657-1.

25. Upon information and belief, the Plaintiffs, **DANIEL BELTEMPO** and **FRANCINE BELTEMPO**, commenced a bodily injury litigation in the Supreme Court of the State of New York, Orange County under index number 7209-2005, as against the Defendants, **DANA'S PRO TRUCKING INC., TRAILMOBILE CORP., TRAILMOBILE PARTS AND SERVICE CORP., THERMO KING CORP., INGERSOLL-RAND CO., LTD., THERMO KING CORP., A UNIT OF INGERSOLL-RAND COMPANY, LTD.**

26. Upon information and belief, the aforesaid bodily injury litigation in the Supreme Court of the State of New York, Orange County under index number 7209-2005 claimed liability and sought damages for personal injuries sustained in the alleged incident of January 21, 2005.

27. Upon information and belief, Defendant, **DANA'S PRO TRUCKING, INC.**, commenced a third-party proceeding against Defendants, **PAMJAM INC.**, and **JILCO EQUIPMENT LEASING COMPANY, INC.**, under third-party index number TP-7209-2005, in the Supreme Court of the State of New York, Orange County.

28. Upon information and belief, the third-party proceeding seeks contribution and indemnification from Defendant, **PAMJAM, INC.**, in accordance with the Workers' Compensation Reform Act of 1996.

29. Upon information and belief, Plaintiff, **DANIEL BELTEMPO**, was an employee of Defendant, **PAMJAM, INC.**

30. Upon information and belief, Defendant, **PAMJAM, INC.**, requested that the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, provide Defendant, **PAMJAM, INC.** with a defense and indemnification for the underlying third-party action.

31. Upon information and belief, the Defendants, **DANIEL BELTEMPO** and

FRANCINE BELTEMPO, amended the original pleading to include third-party defendant JILCO EQUIPMENT LEASING COMPANY, INC., as a direct defendant in the underlying third-party liability complaint.

32. That based upon the allegations contained within the underlying complaint, the Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, asserts that the policy of insurance under policy number 02121657-1, does not apply to the incident of January 21, 2005.

33. That based upon the allegations contained within the underlying third-party complaint, the Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, asserts that the policy of insurance under policy number 02121657-1, does not apply to the incident of January 21, 2005.

34. That based upon the allegations contained within the underlying amended complaint, the Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, asserts that the policy of insurance under policy number 02121657-1, does not apply to the incident of January 21, 2005.

35. That based upon the allegations contained within the underlying complaint, third-party complaint and/or amended complaint, the Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, asserts that the policy of insurance under policy number 02121657-1, does not apply to nor cover the incident of January 21, 2005.

36. That the alleged occurrence of January 21, 2005 was not a covered event to trigger insurance coverage pursuant to the policy of insurance issued by the Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY.

37. That since the aforementioned PROGRESSIVE NORTHERN INSURANCE

COMPANY policy of insurance does not provide a defense for the allegations contained within the underlying complaint, then the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, sets forth that it is not required to defend the Defendant, **PAMJAM, INC.**, in the underlying proceedings.

38. That since the policy of insurance does not provide a defense for the allegations contained within the underlying third-party complaint, then the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, sets forth that it is not required to defend the Defendant, **PAMJAM, INC.**, in the underlying proceedings.

39. That since the policy of insurance does not provide a defense for the allegations contained within the underlying amended complaint, then the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, sets forth that it is not required to defend the Defendant, **PAMJAM, INC.**, in the underlying proceedings.

40. That since the policy of insurance does not provide for the defense of the allegations contained within the underlying complaint, third-party complaint and/or amended complaint, then the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, sets forth that it is not required to defend the Defendant, **PAMJAM, INC.**, in the underlying proceedings.

41. That since the Defendant, **PAMJAM, INC.**, has sought a defense from the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, with respect to the occurrence of January 21, 2005, then the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, seeks a declaratory judgment to the effect that the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, is not required to provide a defense for this occurrence on behalf of the Defendant, **PAMJAM, INC.**

42. That since the aforementioned **PROGRESSIVE NORTHERN INSURANCE COMPANY** policy of insurance does not provide indemnification for the allegations contained within the underlying complaint, then the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, sets forth that it is not required to provide indemnification on behalf of the Defendant, **PAMJAM, INC.**, in the underlying proceedings.

43. That since the policy of insurance does not provide indemnification for the allegations contained within the underlying third-party complaint, then the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, sets forth that it is not required to provide indemnification on behalf of the Defendant, **PAMJAM, INC.**, in the underlying proceedings.

44. That since the policy of insurance does not provide indemnification for the allegations contained within the underlying amended complaint, then the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, sets forth that it is not required to provide indemnification on behalf of the Defendant, **PAMJAM, INC.**, in the underlying proceedings.

45. That since the policy of insurance does not provide indemnification for the allegations contained within the underlying complaint, third-party complaint and/or amended complaint, then the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, sets forth that it is not required to provide indemnification on behalf of the Defendant, **PAMJAM, INC.**, in the underlying proceedings.

46. That since the Defendant, **PAMJAM, INC.**, has sought indemnification from the Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, with respect to the occurrence of January 21, 2005, then the Plaintiff, **PROGRESSIVE NORTHERN**

INSURANCE COMPANY, seeks a declaratory judgment to the effect that the Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, is not required to provide indemnification for this occurrence on behalf of the Defendant, PAMJAM, INC.

47. That at all times hereinafter, the Plaintiff in this action is acquainted with all the terms and conditions of the aforesaid policy of insurance.

48. The Plaintiff has no adequate remedy of law.

WHEREFORE, Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, prays that the Court issues and grants a declaratory judgment herein, declaring the rights and other legal relations to the parties hereto and that the declaratory judgment shall specify that the allegations set forth within the underlying complaint, third-party complaint and amended complaint, under index numbers 7209-2005 and TP-1 7209/2005 of the Supreme Court, Orange County, are not applicable to the policy of insurance issued by the PROGRESSIVE NORTHERN INSURANCE COMPANY, to the Defendant, PAMJAM, INC., and therefore:

a. The Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, should not be obligated to defend the Defendant, PAMJAM, INC., in the subject loss, event or occurrence of January 21, 2005;

b. The Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, should not be obligated to indemnify the Defendant, PAMJAM, INC., for the subject loss, event or occurrence of January 21, 2005;

c. The Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, should not be obligated to pay any damages awarded against the Defendant, PAMJAM, INC., for the subject loss of January 21, 2005;

d. The Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, should be awarded costs and disbursements in this action; and

e. The Plaintiff, **PROGRESSIVE NORTHERN INSURANCE COMPANY**, seeks such other and further relief as deemed just, proper and equitable by the Court.

Dated:   Yonkers, New York
         April 13, 2007

BY: MICHAEL A. ZARKOWER, ESQ.
BURATTI, KAPLAN MCCARTHY &
MCCARTHY
Attorneys for Plaintiff
PROGRESSIVE NORTHERN
INSURANCE COMPANY
One Executive Boulevard – Suite 280
Yonkers, New York 10701
(914) 378-3900
File No.: 21503-UM (MAZ)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------X    Index No.:

PROGRESSIVE NORTHERN INSURANCE
COMPANY,

                            Plaintiff,                              VERIFICATION

-against-

DANIEL BELTEMPO, FRANCINE BELTEMPO,
PAMJAM, INC., JILCO EQUIPMENT LEASING
COMPANY, INC., DANA'S PRO TRUCKING, INC.,
TRAILMOBILE CORP., TRAILMOBILE PARTS
AND SERVICE CORP., THERMO KING CORP.,
INGERSOL RAND CO., LTD., and THERMO KING
CORP., A UNIT OF INGERSOL RAND COMPANY
LTD.,
                          Defendants.
----------------------------------------X

STATE OF OHIO      )
                      ) SS:
COUNTY OF Cuyahoga )

    I, GRETCHEN COOK, being duly sworn, deposes and says:

(1)    That the deponent is a Casualty Specialist – Level II with the Progressive Corporation and its subsidiaries including the following: Progressive Casualty Insurance Company, Progressive Northeastern Insurance Company, United Financial Casualty Company, Progressive Northern Insurance Company, Progressive Northwestern Insurance Company, Progressive Specialty Insurance Company, Progressive Michigan Insurance Company, National Continental Insurance Company;

(2)    That I am authorized by said Corporation to verify the within Summons and Verified Complaint;

(3)    That Plaintiff maintains an office at 625 Alpha Drive, Highland Heights, Ohio 44143;

(4)    That deponent has read the foregoing Summons and Verified Complaint and knows the contents thereof, that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters deponent believes it to be true.

(5)    The above mentioned is sworn to under the penalties of perjury.

                                                                 GRETCHEN COOK

Sworn to before me on this
16 day of April, 2007
DeAnne Morris
NOTARY PUBLIC, State of Ohio
My Commission Expires Dec. 18, 2010
Recorded in Cuyahoga County
No. 2005-RE-126740