# Exhibit J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROGRESSIVE NORTHERN INSURANCE
COMPANY,

      Plaintiff,

                **ANSWER**

v.                Civil Action No. 07cv4033 (CLB)

DANIEL BELTEMPO, FRANCINE BELTEMPO,
PAMJAM, INC., JILCO EQUIPMENT LEASING
COMPANY, INC., DANA'S PRO TRUCKING,
INC., TRAILMOBILE CORP., TRAILMOBILE
PARTS AND SERVICE CORP., THERMO KING
CORP., INGERSOLL-RAND CO., LTD. and
THERMO KING CORP., A UNIT OF INGERSOLL-
RAND COMPANY LTD.,

      Defendants.

   Defendant Dana's Pro Trucking, Inc. by its attorneys, Kenney Shelton Liptak Nowak LLP, for its answer to plaintiff Progressive Northern Insurance Company's Complaint for Declaratory Judgment, alleges upon information and belief:

   1.  Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1.

   2.  Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2.

   3.  Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 3.

   4.  Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5.

6. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9.

10. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 10.

11. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11.

12. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 12.

13. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 13.

14. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 14.

15. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 15.

16. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 16.

17. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 17.

18. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 18.

19. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20.

21. Refers to the policy alleged for its contents and deny any allegations inconsistent therewith, states that the allegations contained in paragraph 21 referring to the force and effect of the policy constitute legal conclusions to which no admission or denial is required, and otherwise denies information or knowledge sufficient to admit or deny the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27.

28. Refers to the third-party complaint for its contents and deny any allegations inconsistent therewith, and otherwise denies information or knowledge sufficient to admit or deny the allegations contained in paragraph 28.

29. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30.

31. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

## FIRST AFFIRMATIVE DEFENSE

49. Plaintiff's complaint fails to state a cognizable cause of action.

## FIRST COUNTERCLAIM

50. Dana's Pro Trucking, Inc. repeats and re-alleges paragraphs 1 through 49.

51. Progressive Northern Insurance ("Progressive") issued a truckers liability policy to PamJam, Inc. ("PamJam"), Policy No. 02121657 (the "Progressive Policy"), and has acknowledged that Dana's Pro Trucking, Inc. qualifies as an additional insured under the policy, but has nonetheless erroneously denied coverage to Dana's Pro Trucking, Inc. thereunder.

52. Dana's Pro Trucking, Inc. is an insured or an additional insured under the Progressive policy.

53. Dana's Pro Trucking, Inc. provided timely notice to Progressive of the occurrence, the underlying Beltempo lawsuit referenced in the complaint, and its claim for coverage under the Progressive policy.

54. Progressive's disclaimer of coverage and refusal to defend and indemnify Dana's Pro Trucking, Inc. in connection with the Beltempo suit constitutes a material breach of the Progressive policy and has damaged Dana's Pro Trucking, Inc.

55. Dana's Pro Trucking, Inc. is entitled as a matter of law to a defense under the Progressive policy issued to PamJam, Inc. and to indemnification for any verdict or judgment rendered against it in the underlying action.

56. Dana's Pro Trucking, Inc. is entitled to and demands an order declaring that Progressive owes it a complete defense and indemnification to the underlying action as an insured under the Progressive policy.

## SECOND COUNTERCLAIM

57. Dana's Pro Trucking, Inc. repeats and re-alleges paragraphs 1 through 56.

58. Dana's Pro Trucking, Inc. is entitled to a judgment against Progressive under the Progressive policy for those amounts incurred by it or its behalf for its defense and liability in connection with the Beltempo suit.

**WHEREFORE**, Dana's Pro Trucking, Inc. demands judgment: (1) dismissing the complaint against it in its entirety with prejudice; (2) granting the relief requested in the counterclaim and declaring that Progressive owes Dana's Pro Trucking, Inc. a complete defense and indemnification to the underlying action as an insured under the Progressive policy; and (3) ordering such other relief in favor of Dana's Pro Trucking, Inc. as the Court finds appropriate and just.

Dated:    May 29, 2007

KENNEY SHELTON LIPTAK NOWAK LLP

By: _____
Judith Treger Shelton, Esq.

*Attorneys for Defendant*
*Dana's Pro Trucking, Inc.*

14 Lafayette Square
510 Rand Building
Buffalo, New York 14203
Tel.: (716) 853-3801
Fax: (716) 835-0265

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROGRESSIVE NORTHERN INSURANCE
COMPANY,

        Plaintiff,

v.

DANIEL BELTEMPO, FRANCINE BELTEMPO,
PAMJAM, INC., JILCO EQUIPMENT LEASING
COMPANY, INC., DANA'S PRO TRUCKING,
INC., TRAILMOBILE CORP., TRAILMOBILE
PARTS AND SERVICE CORP., THERMO KING
CORP., INGERSOLL-RAND CO., LTD. and
THERMO KING CORP., A UNIT OF INGERSOLL-
RAND COMPANY LTD.,

        Defendants.

Civil Action No. 07cv4033 (CLB)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2007 I electronically filed the foregoing Answer with the Clerk of the District Court using the CM/ECF system. And, I hereby certify that I have mailed same by the United States Postal Service to the following:

        Michael Aaron Zarkower
        Buratti, Kaplan, McCarthy & McCarthy
        1 Executive Blvd, Suite 280
        Yonkers, NY 10701
        (914) 378-3900

        Bauman, Kunkis & Ocasio-Douglas, P.C.
        14 Penn Plaza, Suite 2208
        New York, NY 10122
        (212) 564-3555

PamJam, Inc.
57 Plain Road
Walden, New York 12586

Donohoe and Partners, P.C.
90 Broad Street, Suite 1502
New York, New York 10004

Jilco Equipment Leasing Co., Inc.
377 Half Acre Road
Cranbury, NJ 08512

Barry, McTiernan and Moore
55 Church Street
White Plains, NY 10601
(914) 946-1030

Law Office of Thomas K. Moore
701 Westchester Avenue, Suite 101W
White Plains, New York 10604
(914) 285-8520

Trailmobile Corp.
c/o The Prentice-Hall Corporation System, Inc.
15 Columbus Circle
New York, New York 10023

Trailmobile Parts and Service Corp.
c/o The Prentice-Hall Corporation System, Inc.
15 Columbus Circle
New York, New York 10023

Trailmobile Corp.
The Pullman Company
182 Nassau Street
Princeton, New Jersey 08540

Trailmobile Parts and Service Corp.
The Pullman Company
182 Nassau Street
Princeton, New Jersey 08540

Law Office of Lori D. Fishman
303 South Broadway, Suite 435
Tarrytown, New York 10591
(914) 524-5600

Thermo King Corp.
441 County Route 56
Middletown, New York 10940

Thermo King Corp.,
A Unit of Ingersol-Rand Company Ltd.
441 County Route 56
Middletown, New York 10940

Thermo King Corp.
Road 9 Box 75 (Route 6)
Middletown, New York 10940

Thermo King Corp.,
A Unit of Ingersol-Rand Company Ltd.
Road 9 Box 75 (Route 6)
Middletown, New York 10940

Ingersoll-Rand Company, Ltd.
98 Route 10
East Hanover, NJ 07936

Ingersoll-Rand Company, Ltd.
200 Chestnut Ridge Road
Woodcliff, NJ 07675

Porzio, Bromberg and Newman, P.C.
156 West 56th Street, Suite 803
New York, New York 10019-3800
(212) 265-6888

_____
Judith Treger Shelton, Esq.