

August 28, 2008

**BY ECF**

Hon. Cathy Seibel, U.S.D.J.
United States District Court for the
 Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:        Progressive Northern Ins. Co. v. Daniel Beltempo, *et al.*
                 (U.S. Dist. Ct. S.D.N.Y., Index No. 7:07-cv-04033-CS)

    Our File:    SPT 9544

Dear Judge Seibel:

    This firm is counsel to defendant Dana's Pro Trucking, Inc. ("Dana's"). Today, in accordance with the Court's scheduling order for dispositive motions, we filed our opposition to the motion for summary judgment by plaintiff Progressive Northern Insurance Company ("Progressive"). We address this separate letter to the Court seeking permission for the late filing of an important affidavit.

    As the Court will see when it reviews the parties' respective motion papers, Progressive is asking the Court to uphold a disclaimer of coverage against defendant PamJam, Inc. ("PamJam"). PamJam is the named insured under the policy at issue. However, PamJam is a defunct company with no apparent assets. PamJam's former owners have not retained counsel in this action or otherwise appeared. Progressive named Dana's (and others) as a defendant because Dana's has an interest in PamJam's entitlement to coverage. Specifically, Dana's has an underlying indemnification claim against PamJam that will be essentially worthless if PamJam is without insurance coverage. PamJam's failure to appear in this action leaves Progressive in the potentially advantageous position of not having its own named insured challenge the disclaimer at issue. This potential advantage is purely fortuitous, however, since if PamJam were a going concern with assets, there is little doubt its owners would have appeared in this action to challenge the disclaimer.

    Over the past several weeks, we have made numerous unsuccessful attempts to contact PamJam's former owner, James Slaughter. We have been trying to gain Mr. Slaughter's cooperation in this action – even if he remains unwilling to appear as a defendant. Finally, on August 26, Mr. Slaughter accepted our call. We take the position

KenneySheltonLiptakNowak LLP
attorneys

BUFFALO    CORNING    NEW YORK    ROCHESTER

14 Lafayette Square ■ Rand Building Suite 510 ■ Buffalo ■ New York 14203 ■ P 716 853 3801 ■ F 716 853 0265 ■ kslnlaw.com

Hon. Cathy Seibel, U.S.D.J.
August 28, 2008
Page 2

that our communications with Mr. Slaughter are subject to privilege under the common interest doctrine. However, we can represent to the Court as a matter of fact that Mr. Slaughter believed at the time of the underlying accident that it was a workers' compensation matter only that did not implicate his third-party liability insurance with Progressive. As we show in our papers, this would excuse PamJam's allegedly late notice, which is the only basis for denying coverage contained in Progressive's disclaimer.

Mr. Slaughter is currently away on vacation. However, he advised us that upon his return, he would speak with us again and consider providing an affidavit for our opposition to Progressive's motion for summary judgment. We ask the Court to allow us a period of 30 days to submit an affidavit from Mr. Slaughter. Of course, we expect the Court would not require Progressive to submit its reply until after the submission of the affidavit.

We believe that without an affidavit from Mr. Slaughter, the opposition papers we have submitted are more than sufficient to show that Progressive's motion should be denied, and that judgment should be entered in favor of Dana's. Nevertheless, Mr. Slaughter's expected affidavit is direct evidence that goes to the heart of the case against Progressive. Progressive will have the opportunity to rebut that evidence any way it can, but we submit that Progressive would benefit from an unfair windfall if Mr. Slaughter's affidavit is not accepted merely because his former company does not have the assets to actively defend this action.

We have placed a "SO ORDERED" line below should the Court wish to grant this request by endorsing this letter. We are also available at the Court's convenience should it have any questions or concerns, or requires any further information or documents. Thank you for the Court's consideration.

Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP

Timothy E. Delahunt, Partner
TEDelahunt@kslnlaw.com

TED:ag


**SO ORDERED**

_____
Hon. Cathy Seibel, U.S.D.J.